DENISE M. MINGRONE (STATE BAR NO. 135224)
dmingrone@orrick.com
ROBERT L. URIARTE (STATE BAR NO. 258274)
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401

Attorneys for Plaintiff
SYNOPSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>               Plaintiff,<br><br>       v.<br><br>UBIQUITI NETWORKS, INC., UBIQUITI NETWORKS INTERNATIONAL LIMITED, CHING-HAN TSAI, and DOES 1-20, inclusive,<br><br>               Defendants. | Case No. _____<br><br>**COMPLAINT FOR<br>(1) VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT 17 U.S.C. §§ 1201, ET SEQ.; and (2) AIDING AND ABETTING VIOLATIONS OF DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. §§ 1201, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Synopsys, Inc. ("Synopsys") hereby brings this Complaint against Defendants Ubiquiti Networks, Inc. ("Ubiquiti"), Ubiquiti Networks International, Ltd. ("Ubiquiti International"), and Ching-Han Tsai ("Tsai") for circumventing technological measures that effectively control access to Synopsys' software, including at least its Debussy, Design Compiler, Formality, HSPICE, IC Compiler, Laker, Nlint, nWave, PrimeTime, Synplify Pro AV, Synplify Premier AV, TetraMAX, VCS, and Verdi applications, in violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, et seq. (the "DMCA"). Synopsys seeks injunctive relief, statutory and/or actual damages, attorneys' fees and costs, an accounting, and any such other relief as the Court may deem proper. Synopsys alleges the following based on personal knowledge, unless indicated as on information and belief.

**PARTIES**

1. Plaintiff Synopsys is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Mountain View, California.

2. Defendant Ubiquiti is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in San Jose, California.

3. Defendant Ubiquiti International is a subsidiary of Ubiquiti operating in Hong Kong.

4. Plaintiff is informed and believes that Defendant Tsai is an individual employed by Ubiquiti and is a resident of California.

5. Plaintiff does not presently know the true names and capacities of the defendants sued herein as Does 1 through 20, inclusive. Plaintiff will seek leave of court to amend this Complaint to allege said defendants' true names and capacities as soon as Plaintiff ascertains them.

**JURISDICTION AND VENUE**

6. This action arises under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Ubiquiti because its principal place of

1   business lies within the State of California, and because it has conducted and does conduct
2   business within the State of California and the Northern District of California.
3         8.     This Court has personal jurisdiction over Ubiquiti International because, on
4   information and belief, it is a subsidiary of Ubiquiti and has conducted and does conduct business
5   within the State of California and the Northern District of California.
6         9.     This Court has personal jurisdiction over Tsai because, on information and belief,
7   he conducts business within the State of California and the Northern District of California.
8         10.    Venue in this district is appropriate under 28 U.S.C. §§ 1391 and 1400 because, on
9   information and belief, all defendants reside or transact business in the State of California and the
10  Northern District of California, and because a substantial part of the events giving rise to the
11  dispute occurred within this district.

## FACTUAL ALLEGATIONS

13        11.    As modern electronic devices become more and more compact and powerful, they
14  use increasingly sophisticated computer processor chips. For example, computer chips found in
15  modern networking equipment can contain millions of transistors. When designing a computer
16  processing chip, the stakes are enormous. Chip designers need software that will ensure that their
17  complex designs will work flawlessly. Accordingly, chip designers require extremely robust and
18  powerful computer software to design and test those chips. Many of the world's biggest and most
19  important chip design companies turn to Synopsys for that software.
20        12.    Since it was founded in 1986, Synopsys has been a leading provider of Electronic
21  Design Automation ("EDA") solutions for the semiconductor industry. EDA generally refers to
22  using computers to design, verify, and simulate the performance of electronic circuits. For more
23  than 25 years, Synopsys' solutions have helped semiconductor manufacturers and electronics
24  companies design, test, and manufacture microchips and electronic systems for a wide range of
25  products. Headquartered in Mountain View, California, Synopsys is the fifteenth largest software
26  company in the world and currently employs over 10,000 employees worldwide. Synopsys has
27  developed a comprehensive, integrated portfolio of prototyping, IP, implementation, verification,
28  manufacturing, optical, field-programmable gate array, and software quality and security

solutions.

13. Plaintiff is informed and believes that Ubiquiti, which is based in Silicon Valley and has offices on three continents, develops networking technology.

14. Plaintiff is informed and believes that Ubiquiti International, which is based in Hong Kong, is a subsidiary of Ubiquiti and participates in Ubiquiti's activities relating to the development of networking technology.

15. Plaintiff is informed and believes that Tsai is employed as a Project Lead at Ubiquiti.

16. Synopsys' EDA software applications, including its Debussy, Design Compiler, Formality, HSPICE, IC Compiler, Laker, Nlint, nWave, PrimeTime, Synplify Pro AV, Synplify Premier AV, TetraMAX, VCS, and Verdi applications, are works subject to copyright protection under Title 17 of the United States Code.

17. Synopsys does not sell ownership rights or copyright or other intellectual property rights to its EDA software and associated services. Instead, Synopsys customers purchase licenses. These licenses grant Synopsys customers limited rights to install Synopsys' EDA software and to access and use specific Synopsys software programs subject to control by Synopsys' License Key system.

18. Synopsys' License Key system is a built-in security system that controls access to its licensed software by requiring a user to access a key code provided by Synopsys in order to execute the licensed software. This key code controls the quantity and term of the licensed software in accordance with the license terms.

19. Defendants have never obtained a valid license from Synopsys to access and use the EDA software that is at issue herein.

20. Beginning at a time unknown to Synopsys, Defendants have been using counterfeit keys obtained or created with tools obtained through hacker websites to circumvent the Synopsys License Key system and access and use Synopsys' EDA software, including at least its Debussy, Design Compiler, Formality, HSPICE, IC Compiler, Laker, Nlint, nWave, PrimeTime, Synplify Pro AV, Synplify Premier AV, TetraMAX, VCS, and Verdi applications, without a valid license.

1 Defendants knew or had reason to know that their access and use of Synopsys' software was
2 unauthorized and in violation of the DMCA and Synopsys' valuable copyrights. The fact that
3 Defendants were not being required to pay Synopsys a license fee for access and use of the
4 software alone should have put Defendants on notice that their access and use of Synopsys'
5 software was unauthorized.  Furthermore, Synopsys previously informed Ubiquiti of its
6 unauthorized use of Synopsys' software.

21. Upon information and belief, Defendants Ubiquiti and Ubiquiti International have used counterfeit keys to circumvent the Synopsys License Key access-control system at least 39,000 times by 15 usernames. Upon information and belief, Defendant Tsai has used a counterfeit key to circumvent the Synopsys License Key access-control system at least 66 times.

**FIRST CLAIM FOR RELIEF**

**(Against All Defendants for Violations of the**

**Digital Millennium Copyright Act, 17 U.S.C. § 1201)**

22. Synopsys hereby restates and re-alleges the allegations set forth in paragraphs 1 through 21 above and incorporates them by reference.

23. Section 1201(a)(1) provides, in pertinent part, that no person shall circumvent a technological measure that effectively controls access to a work protected under this title.

24. Synopsys' EDA software, including its Debussy, Design Compiler, Formality, HSPICE, IC Compiler, Laker, Nlint, nWave, PrimeTime, Synplify Pro AV, Synplify Premier AV, TetraMAX, VCS, and Verdi applications, is subject to protection under the copyright laws of the United States.

25. Access to Synopsys' EDA software, including its Debussy, Design Compiler, Formality, HSPICE, IC Compiler, Laker, Nlint, nWave, PrimeTime, Synplify Pro AV, Synplify Premier AV, TetraMAX, VCS, and Verdi applications, is controlled by technological measures: namely, the Synopsys License Key system.

26. Rather than paying a license to Synopsys for access and use of the EDA software, Defendants used counterfeit license keys that, on information and belief, Defendants knew to be counterfeit and in violation of Synopsys' valuable rights.

1    27.    By using counterfeit license keys, Defendants have circumvented the Synopsys

2  License Key access-control system, and have unlawfully gained access thereby to at least its

3  Debussy, Design Compiler, Formality, HSPICE, IC Compiler, Laker, Nlint, nWave, PrimeTime,

4  Synplify Pro AV, Synplify Premier AV, TetraMAX, VCS, and Verdi applications.

5    28.    The conduct described above has cost Synopsys an amount to be computed at trial,

6  but that amount is in the millions of dollars in lost revenue, and constitutes a violation of 17

7  U.S.C. § 1201.

8    29.    The conduct described above was willful and with knowledge of wrongdoing; an

9  award of statutory damages is necessary to dissuade Defendants and others from the use of

10 counterfeit license keys.

11   30.    Accordingly, pursuant to 17 U.S.C. § 1203, Synopsys is entitled to and hereby

12 demands statutory damages in the maximum amount of $2,500 for each of the violations of the

13 statute.

14   31.    Synopsys is further entitled to an award of attorneys' fees and costs as provided

15 under 17 U.S.C. § 1203.

16   32.    Defendants' conduct, unless enjoined and restrained by the Court, will cause

17 irreparable harm to Synopsys, which has no adequate remedy at law. Pursuant to 17 U.S.C. §

18 1203, Synopsys is entitled to a preliminary and permanent injunction prohibiting further

19 violations of § 1201.

**SECOND CLAIM FOR RELIEF**

**(Against Defendant Tsai for Aiding and Abetting Violations of the**

**Digital Millennium Copyright Act, 17 U.S.C. § 1201)**

23   33.    Synopsys hereby restates and realleges the allegations set forth in paragraphs 1

24 through 33 above and incorporates them by reference.

25   34.    Upon information and belief, Defendant Tsai was aware that none of the

26 Defendants obtained valid licenses from Synopsys to use the EDA software at issue herein. Upon

27 information and belief, Defendant Tsai encouraged and assisted Defendants Ubiquiti and Ubiquiti

28 International to commit violations of the Digital Millennium Copyright Act by inducing

1  Defendants Ubiquiti and Ubiquiti International to use a counterfeit license key to access and use
2  Synopsys' EDA software, and by providing their services as employees or independent
3  contractors to assist Defendants Ubiquiti and Ubiquiti International in doing so.

4      35.    As a direct and proximate result of Defendant Tsai's assistance in encouraging
5  Defendants Ubiquiti and Ubiquiti International to commit violations of the Digital Millennium
6  Copyright Act, Synopsys has been greatly damaged. There is no adequate remedy of law to
7  compensate for the great harm caused by this assistance. Defendant Tsai must be enjoined from
8  continuing to aid and abet Defendants Ubiquiti and Ubiquiti International in committing
9  violations of the Digital Millennium Copyright Act.

10      36.    By this conduct Defendant Tsai made unlawful gains and profits for himself and/or
11  for Defendants Ubiquiti and Ubiquiti International, depriving Synopsys of rights and
12  remunerations that would otherwise have come to Synopsys but for Defendants Tsai's conduct.
13  Defendant Tsai has thus caused Synopsys irreparable damages and will continue to cause
14  additional damages.

## PRAYER FOR RELIEF

16  WHEREFORE, Synopsys prays for judgment against Defendants as follows:

17      A.    Entry of judgment in favor of Synopsys against Defendants;

18      B.    An order awarding Synopsys statutory and/or actual damages for each instance on
19  which Defendants circumvented measures controlling access to Synopsys' software pursuant to
20  17 U.S.C. § 1203;

21      C.    Prejudgment and post-judgment interest;

22      D.    An order awarding Synopsys its costs and attorneys' fees pursuant to 17 U.S.C. §
23  1203;

24      E.    An order for an accounting of all gains, profits, cost savings and advantages
25  realized by Defendants from their acts;

26      F.    An order preliminarily and permanently enjoining Defendants, their officers,
27  agents, servants, employees, attorneys, and affiliated companies, its assigns and successors in
28  interest, and those persons in active concert or participation with them, from circumventing or

aiding and abetting others to circumvent Synopsys' License Key system or other technological measures that control access to Synopsys' works in violation of 17 U.S.C. § 1201; and

      G.    All such further and additional relief, in law or equity, to which Synopsys may be entitled or which the Court deems just and proper.

Dated: February 3, 2017

DENISE M. MINGRONE
ROBERT L. URIARTE
Orrick, Herrington & Sutcliffe LLP

By: */s/ Denise M. Mingrone*
    DENISE M. MINGRONE
    Attorneys for Plaintiff
    SYNOPSYS, INC.

**DEMAND FOR A JURY TRIAL**

Synopsys demands a jury trial for all issues so triable.

Dated:  February 3, 2017

DENISE M. MINGRONE
ROBERT L. URIARTE
Orrick, Herrington & Sutcliffe LLP


By: */s/ Denise M. Mingrone*
DENISE M. MINGRONE
Attorneys for Plaintiff
SYNOPSYS, INC.