1  JENNIFER LEE TAYLOR (SBN 161368)
   JTaylor@mofo.com
2  JOYCE LIOU (SBN 277720)
   JLiou@mofo.com
3  AMANDA D. PHILLIPS (SBN 305614)
   APhillips@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone:     (415) 268-7000
6  Facsimile:     (415) 268-7522

7  *Attorneys for Defendants*
   UBIQUITI NETWORKS, INC. AND
8  CHING-HAN TSAI

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>            Plaintiff,<br><br>   v.<br><br>UBIQUITI NETWORKS, INC., UBIQUITI NETWORKS INTERNATIONAL LIMITED, CHING-HAN TSAI, and DOES 1-20, inclusive<br><br>            Defendants. | Case No. 5:17-cv-00561<br><br>**DEFENDANTS UBIQUITI NETWORKS, INC.'S AND CHING-HAN TSAI'S ANSWER TO COMPLAINT AND UBIQUITI NETWORKS, INC.'S COUNTERCLAIMS**<br><br>**DEMAND FOR A JURY TRIAL** |
| UBIQUITI NETWORKS, INC.<br><br>            Counterclaimant,<br><br>   v.<br><br>SYNOPSYS, INC.,<br><br>            Counterdefendant. | |

Defendants Ubiquiti Networks, Inc. ("Ubiquiti") and Ching-Han Tsai ("Tsai") (collectively, "Ubiquiti US"), by and through their undersigned counsel, answer the Complaint by Synopsys, Inc. ("Plaintiff"). If an averment is not specifically admitted, it is hereby denied.

## PARTIES

1. Ubiquiti US lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

2. Ubiquiti US admits the allegations in paragraph 2.

3. Ubiquiti US admits the allegations in paragraph 3.

4. Ubiquiti US admits the allegations in paragraph 4.

5. Ubiquiti US lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies them.

## JURISDICTION AND VENUE

6. Ubiquiti US admits that the Complaint purports to assert claims arising under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 *et seq.*, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Ubiquiti US admits that this Court has personal jurisdiction over Ubiquiti.

8. Ubiquiti US admits that Ubiquiti Networks International Limited is a subsidiary of Ubiquiti. Ubiquiti US denies that Ubiquiti Networks International Limited has conducted or conducts business within the state of California and the Northern District of California.

9. Ubiquiti US admits that this Court has personal jurisdiction over Tsai.

10. With respect to Ubiquiti and Tsai, Ubiquiti US admits that venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL ALLEGATIONS

11. Ubiquiti US lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies them.

12. Ubiquiti US lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

13. Ubiquiti US admits that Ubiquiti is based in Silicon Valley and develops networking technology. Ubiquiti US denies the remaining allegations in paragraph 13.

14. Ubiquiti US admits that Ubiquiti Networks International Limited is based in Hong Kong and is a subsidiary of Ubiquiti. Except as expressly admitted, Ubiquiti US denies the allegations in paragraph 14.

15. Ubiquiti US admits the allegations in paragraph 15.

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent that a response is required, Ubiquiti US lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

17. Ubiquiti US lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

18. Ubiquiti US lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

19. Ubiquiti US denies the allegations in paragraph 19.

20. Ubiquiti US admits that a third party doing business as IT Compliance Association, purporting to act on Synopsys' behalf, previously contacted Ubiquiti regarding uses of Synopsys' software outside of a license evaluation period. The remaining allegations in paragraph 20 state a legal conclusion to which no response is required. To the extent that a response is required, Ubiquiti US lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

21. Paragraph 21 states a legal conclusion to which no response is required. To the extent that a response is required, Ubiquiti US lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

### FIRST CLAIM FOR RELIEF (All Defendants)
### Digital Millennium Copyright Act, 17 U.S.C. § 1201

22. Ubiquiti US incorporates by reference the responses to paragraphs 1 through 21 above as if fully set forth herein.

23. Paragraph 23 does not state a substantive allegation requiring a response.

24. Paragraph 24 states a legal conclusion to which no response is required. To the extent that a response is required, Ubiquiti US lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies them.

25. Ubiquiti US lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

26. Ubiquiti US denies the allegations in paragraph 26.

27. Paragraph 27 states a legal conclusion to which no response is required. To the extent that a response is required, Ubiquiti US lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

28. Ubiquiti US lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies them.

29. Ubiquiti US denies the allegations in paragraph 29.

30. Ubiquiti US denies the allegations in paragraph 30.

31. Ubiquiti US denies the allegations in paragraph 31.

32. Ubiquiti US denies the allegations in paragraph 32.

## SECOND CLAIM FOR RELIEF (Defendant Tsai)

## Digital Millennium Copyright Act, 17 U.S.C. § 1201

33. Defendant Tsai incorporates by reference the responses to paragraphs 1 through 32 above as if fully set forth herein.

34. Defendant Tsai denies the allegations in paragraph 34.

35. Defendant Tsai denies the allegations in paragraph 35.

36. Defendant Tsai denies the allegations in paragraph 36.

## PRAYER FOR RELIEF

Ubiquiti US denies that Plaintiff is entitled to any relief in this action.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches because Plaintiff inexcusably delayed asserting claims against Ubiquiti US despite entering into an evaluation agreement with Ubiquiti in November 2013, leading to the complained-of acts.

## Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff, through the evaluation license, obtained Ubiquiti's proprietary information without Ubiquiti's knowledge and dealt unjustly in the activity that it now complains of.

## Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver because Plaintiff's conduct subsequent to the evaluation agreement shows Plaintiff knowingly relinquished any right to seek timely relief for the alleged acts.

## Fourth Affirmative Defense

Plaintiff is barred from recovery of damages because Ubiquiti US was not aware and had no reason to believe that the alleged acts constituted violations of 17 U.S.C. § 1201.

## Fifth Affirmative Defense

Plaintiff is barred from recovery of damages because it failed to take reasonable steps to mitigate its actual damages or statutory damages per alleged act of circumvention.

## Sixth Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted under 17 U.S.C. § 1201.

# COUNTERCLAIMS

Ubiquiti, by its undersigned counsel, brings these counterclaims against Synopsys and alleges as follows:

## PARTIES

1. Counterclaimant Ubiquiti is a corporation organized under the laws of Delaware and having its principal place of business at 2580 Orchard Parkway, San Jose, California, 95131. Ubiquiti is a communications technology company that manufactures and offers for sale wireless data communication products for enterprise and wireless broadband providers.

2. On information and belief, Counterdefendant Synopsys is a corporation organized under the laws of Delaware and having its principal place of business at 690 East Middlefield Road, Mountain View, California, 94043.

3. On information and belief, Synopsys offers computer software in the field of electronic design automation, which assists in the designing of electronic systems such as integrated circuits and printed circuit boards.

## JURISDICTION AND VENUE

4. This action includes a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

5. Synopsys has, by commencing this action in this Court, consented to personal jurisdiction of and venue in this Court.

## GENERAL ALLEGATIONS

### Ubiquiti's Dealings with Synopsys

6. In 2013, Ubiquiti had need of electronic design automation software to assist in the design and testing of chips that it was beginning to develop, and began discussions with Synopsys regarding its software products.

7. On November 25, 2013, Ubiquiti and Synopsys entered into a Master Non-Disclosure Agreement ("the MNDA") to govern the parties' respective uses of confidential information relevant to their business relationship that might be disclosed to one another.

8. The MNDA expires five years from the first date of disclosure, which occurred in or around November 2013.

9. The MNDA prohibited disclosure, publication, or dissemination of confidential information "to anyone other than those of its employees and professional advisors [ ] who (i) have a need to know the Confidential Information for the Purpose and (ii) have executed a form of non-disclosure, employment or other agreement with Recipient which imposes a duty to maintain the confidentiality of Confidential Information consistent with this MDNA." Furthermore, the MNDA prohibited the parties from using confidential information "for its own or any third party's benefit without the prior written approval of an authorized representative of Discloser."

10. Pursuant to the MNDA, Confidential Information is defined to include "trade secrets, product development plans, marketing plans, business plans, research activities and results . . . and personnel," whenever that information is nonpublic and "by the nature of the circumstances surrounding the disclosure, ought in good faith to be understood by Recipient to be confidential."

11. Furthermore, Ubiquiti and Synopsys agreed that the proposed disclosures of confidential information by Ubiquiti would include but not be limited to Ubiquiti's company technical information, roadmaps, and other product and business information relevant to Ubiquiti's potential licensing relationship with Synopsys.

12. On November 26, 2013, and in furtherance of the parties' discussions and negotiations, Ubiquiti and Synopsys entered into an evaluation agreement ("the Evaluation Agreement"), whereby Synopsys granted Ubiquiti a limited evaluation license ("the Evaluation License") for use of certain of its software in order to evaluate the desirability of pursuing a license agreement therefor, and which again prohibited the disclosure of either party's proprietary or confidential information to third parties without consent.

13. After evaluating the features and capabilities of the Evaluation License software, Ubiquiti determined that another company's electronic design automation software was more

suitable to its needs, discontinued its business discussions with Synopsys, and entered into an agreement to procure electronic design automation software from another company.

### ITCA's and SmartFlow's Business Models

14. On information and belief, SmartFlow Compliance Solutions, Inc. ("SmartFlow") is a company operating in Beverly Hills, and offering "phone-home software" to software manufacturers and developers, in which its software is embedded in commercial software and, through an Internet connection, transmits information back to the manufacturer or developer about the software's use and/or its users.

15. On information and belief, ITCA Global Services B.V. ("ITCA") is a Netherlands company operating worldwide, and offering compliance monetization services in the field of software licenses.

16. On information and belief, SmartFlow and ITCA hold themselves out as sister organizations, and work in partnership in schemes to generate revenue for software companies by targeting supposed unlicensed uses of the customer's software.

17. On information and belief, when a software company hires SmartFlow and ITCA, SmartFlow's phone-home software is embedded at least into that company's evaluation software and subsequently used to collect data from computers, servers, and individuals who use that software. SmartFlow then shares that data and the identity of the suspected unlicensed users with ITCA and/or the software company, and ITCA uses various coercive techniques to pressure users to pay exorbitant fees or other compensation to the software company.

### Synopsys' Monitoring and Disclosure of Ubiquiti's Proprietary Information

18. On information and belief, Synopsys entered into a business relationship with SmartFlow and ITCA to use SmartFlow's phone-home software and ITCA's coercive tactics to generate revenue for Synopsys.

19. On information and belief, without notice to or authorization from Ubiquiti, working in partnership with SmartFlow and ITCA, Synopsys caused SmartFlow's phone-home software to be concealed in the software provided to Ubiquiti pursuant to the Evaluation License.

20. On information and belief, Synopsys used the phone-home software to obtain and transmit proprietary information belonging to Ubiquiti, including the IP (Internet protocol) address associated with users' computers, user names, and other workstation information of Ubiquiti employees, the particular programs and features accessed by each user, and other proprietary and sensitive information belonging to Ubiquiti.

21. In or around May 2016, ITCA contacted Ubiquiti and represented itself as an agent of Synopsys. In an attempt to convince Ubiquiti to pay exorbitant fees to Synopsys, ITCA disclosed a variety of proprietary information belonging to Ubiquiti, which it appeared to have obtained from the phone-home software concealed in Synopsys' software.

22. Ubiquiti never disclosed this confidential, proprietary information to ITCA or SmartFlow, nor did it provide consent to Synopsys to disclose any of its confidential, proprietary information to ITCA, SmartFlow, or any other third-party.

23. On July 14, 2016, in response to an inquiry from Ubiquiti to ITCA regarding ITCA's relationship with Syopsys, Ubiquiti was contacted by Norman Kelly, a director at Synopsys, who indicated that ITCA was Synopsys' partner for compliance investigations, remediation, and enforcement and requested that Ubiquiti's discussions proceed through ITCA.

24. On information and belief, Synopsys disclosed Ubiquiti's confidential, proprietary information to ITCA for the benefit of Synopsys, SmartFlow and/or ITCA in breach of the MNDA.

## CLAIMS FOR RELIEF

### COUNT 1 – Declaratory Judgment

25. Ubiquiti repeats and realleges each allegation set forth in paragraphs 1 through 24 above as if fully set forth herein.

26. Plaintiff alleges that Ubiquiti US has circumvented Plaintiff's License Key access-control system to access Plaintiff's software applications through the alleged use of "counterfeit" license keys.

27. There exists an actual and justiciable controversy as to whether the mere use or access of Plaintiff's software applications, without, separate from, or subsequent to the alleged use of "counterfeit" license keys, constitutes an act of circumvention under 17 U.S.C. § 1201.

28. Ubiquiti US seeks a declaration that the mere use or access of Plaintiff's software applications, without, separate from, or subsequent to the alleged use of "counterfeit" license keys, does not constitute an act of circumvention under 17 U.S.C. § 1201. A judicial declaration is necessary and appropriate to resolve Synopsys' and Ubiquiti US' respective claims or defenses.

**COUNT 2 – Breach of Contract**

29. Ubiquiti repeats and realleges each allegation set forth in paragraphs 1 through 28 above as if fully set forth herein.

30. On November 25 and 26, 2013, Synopsys and Ubiquiti entered into an MNDA governing the parties' disclosures of confidential, proprietary information relevant to the parties' business relationship.

31. Ubiquiti did all, or substantially all, of the significant things that the MNDA required that it do, namely, preserve Synopsys' confidential information under the terms agreed upon by the parties.

32. By transmitting, utilizing, and disclosing Ubiquiti's confidential and proprietary information obtained pursuant to the MNDA to unauthorized and non-affiliate recipients such as ITCA and SmartFlow, for a purpose beyond that contemplated under the MNDA and by Ubiquiti, Synopsys breached the terms of the MNDA.

33. Synopsys' breach proximately harmed Ubiquiti by depriving it of the confidentiality and economic value of its proprietary information including, on information and belief, information related to products that Ubiquiti is developing. The extent of Synopsys' unauthorized monitoring and disclosure of Ubiquiti's proprietary information is still unknown. Further, how ITCA and SmartFlow, who were not bound by the MNDA, used and further disclosed Ubiquiti's proprietary information is currently unknown.

## PRAYER FOR RELIEF

WHEREFORE, Ubiquiti prays for relief as follows:

1. That judgment be entered in favor of Ubiquiti and against Synopsys on these Counterclaims;

2. For entry of an order and judgment requiring that Synopsys and its officers, agents, servants, employees, owners, and representatives, and all other persons, firms, or corporations in active concert of participation with them, be enjoined during the pendency of this action and permanently thereafter from disclosing, exploiting, or utilizing Ubiquiti's confidential, proprietary information disclosed to Synopsys pursuant to the MNDA without Ubiquiti's consent;

3. That the Court order Synopsys to file with the Court and serve on Ubiquiti within thirty (30) days after the service on Synopsys of such injunction a report in writing, under oath, setting forth in detail the manner and form in which Synopsys has complied with the injunction;

4. That the Court order Synopsys to pay Ubiquiti punitive damages in a sum to be determined at trial;

5. For compensatory, incidental, and special damages to be proven at trial;

6. For prejudgment interest;

7. For an Order awarding Ubiquiti its attorneys' fees and costs; and

8. For an Order awarding Ubiquiti such other and further relief as the Court deems just and proper.

Ubiquiti demands a jury trial for all issues so triable.

Dated: March 7, 2017

JENNIFER LEE TAYLOR
JOYCE LIOU
AMANDA D. PHILLIPS
MORRISON & FOERSTER LLP

By: */s/ Jennifer Lee Taylor*
     JENNIFER LEE TAYLOR

Attorneys for Defendants
UBIQUITI NETWORKS, INC. AND
CHING-HAN TSAI