JENNIFER LEE TAYLOR (SBN 161368)
JTaylor@mofo.com
JOYCE LIOU (SBN 277720)
JLiou@mofo.com
AMANDA D. PHILLIPS (SBN 305614)
APhillips@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:   (415) 268-7000
Facsimile:    (415) 268-7522

*Attorneys for Specially-Appearing Defendant*
UBIQUITI NETWORKS INTERNATIONAL LIMITED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>                Plaintiff,<br><br>   v.<br><br>UBIQUITI NETWORKS, INC., UBIQUITI NETWORKS INTERNATIONAL LIMITED, CHING-HAN TSAI, and DOES 1-20, inclusive<br><br>                Defendants. | Case No. 5:17-cv-00561-WHO<br><br>**DEFENDANT UBIQUITI NETWORKS INTERNATIONAL LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)**<br><br>Date: April 26, 2017<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 17th Floor<br>Judge: Honorable William H. Orrick |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 26, 2017 at 2:00 p.m., or as soon as the matter may be heard by the Honorable William H. Orrick in Courtroom 2 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Specially-Appearing Defendant Ubiquiti Networks International Limited will and hereby does move this Court for an order pursuant to Federal Rule of Civil Procedure 12(b)(2) dismissing Plaintiff's Complaint against Ubiquiti Networks International Limited for lack of personal jurisdiction.

This motion will be based on this Notice, the accompanying Memorandum of Points and Authorities concurrently filed herewith, the Declaration of Grace Chen concurrently filed herewith, the pleadings and papers on file with the Court, and such other argument as may be presented at the hearing.

**STATEMENT OF RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and Civil Local Rule 7-2, Defendant Ubiquiti Networks International Limited respectfully requests an order finding that this Court lacks personal jurisdiction over Ubiquiti Networks International Limited and dismissing Plaintiff's Complaint against Defendant Ubiquiti Networks International Limited with prejudice.

Dated:  March 16, 2017                         JENNIFER LEE TAYLOR
                                               JOYCE LIOU
                                               AMANDA D. PHILLIPS
                                               MORRISON & FOERSTER LLP


                                               By:    */s/ Jennifer Lee Taylor*
                                                      JENNIFER LEE TAYLOR

                                                      *Attorneys for Specially-Appearing*
                                                      *Defendant*
                                                      UBIQUITI NETWORKS
                                                      INTERNATIONAL LIMITED

CASE NO. 5:17-CV-00561-WHO
UBIQUITI NETWORKS INTERNATIONAL LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
sf-3747162

1

## INTRODUCTION

On February 3, 2017, Plaintiff Synopsys Inc. ("Plaintiff") filed this action ("the Complaint") against defendants Ubiquiti Networks, Inc., Ching-Han Tsai, and Ubiquiti Networks International Limited ("UNIL"). Plaintiff's Complaint alleges a claim under the Digital Copyright Millennium Act, 17 U.S.C. § 1201, *et seq*., against all named defendants. (Complaint ¶¶ 22-32.) Plaintiff's Complaint also alleges that UNIL operates in Hong Kong as a subsidiary of Ubiquiti, and that this Court has personal jurisdiction over UNIL because it is believed to a subsidiary of Ubiquiti and to conduct or have conducted business within the state or district. (*Id*. ¶¶ 3, 8.) Not only are these allegations insufficient on their face to permit this Court to exercise personal jurisdiction over UNIL, it is also not true that UNIL conducts or has conducted business within this state or district. Rather, it is a Hong Kong entity that conducts business *outside of* the United States. Because Plaintiff's cursory efforts to bring UNIL into this suit fail the requisite standards, the Court should grant UNIL's motion with prejudice.

## LEGAL STANDARD

Under Rule 12(b)(2), a defendant may move for dismissal based on lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). This Court's power to exercise personal jurisdiction over a nonresident defendant has two independent restrictions: the applicable state personal jurisdiction rule and constitutional principles of due process. *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990). Because California's statutory limitation is co-extensive with the outer limits of federal due process, *see id.* at 1361, the federal and state jurisdictional inquiries become a single analysis in this matter. *See Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993).

Once a defendant brings a challenge to the court's jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *see also Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (a plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction"). When a defendant brings a 12(b)(2) motion based on the pleading and parties' briefing, as UNIL does here, the court must inquire whether the plaintiff has made a prima facie showing of jurisdictional facts, which cannot simply rest on the bare allegations of the

2

Case No. 5:17-cv-00561-WHO
Ubiquiti Networks International Limited's Motion to Dismiss For Lack of Personal Jurisdiction
sf-3747162

complaint. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citations omitted).

## ARGUMENT

To carry its burden on personal jurisdiction, Plaintiff must allege facts sufficient to establish either (a) that UNIL is "essentially at home" in California, which is required for general jurisdiction; or (b) meaningful suit-related contacts between UNIL and the forum state, which are needed to satisfy the test for specific personal jurisdiction. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068-69 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 915 (2016). Because Plaintiff has not and cannot allege either, UNIL should be dismissed from this action.

### A. The Complaint Lacks Allegations of Constant and Pervasive Contacts with California to Support General Personal Jurisdiction over UNIL

General jurisdiction, if it applies, permits a court to assert jurisdiction over a foreign corporation to hear "any and all claims against it, wherever in the world the claims may arise." *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014). Because general jurisdiction gives rise to a broad assertion of judicial authority, a plaintiff asserting general jurisdiction must meet an "exacting standard" to show that such jurisdiction is justified. *Ranza*, 793 F.3d at 1069.

Accordingly, the Court may subject UNIL to its general jurisdiction only if its contacts with the forum state are "so constant and pervasive as to render it essentially at home" within the state. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (citing *Daimler AG*, 134 S. Ct. at 751). Indeed, "exceptional" circumstances are needed to justify general jurisdiction over a corporation for which the forum state is not its formal place of incorporation or principal place of business. *Id.* at 1070 (citing *Daimler AG*, 134 S. Ct. at 761 n.19).

Plaintiff has not shown such exceptional circumstances here, where UNIL is a Hong Kong company (*see* Complaint ¶ 3) that conducts business in Asia and has business operations in Taiwan (*see* Declaration of Grace Chen in Support of Ubiquiti Networks International Limited's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) ("Chen Decl.") ¶ 3), because Plaintiff's only allegations regarding jurisdiction over UNIL is the single cursory statement that UNIL "is a subsidiary of Ubiquiti and has conducted and does conduct business

3

CASE NO. 5:17-CV-00561-WHO
UBIQUITI NETWORKS INTERNATIONAL LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
sf-3747162

within the State of California and the Northern District of California." (*See* Complaint ¶ 8.)

This is woefully inadequate to meet the exceptional circumstances standard. First, the bare allegation that UNIL is a subsidiary of Ubiquiti fails to establish personal jurisdiction over UNIL. It is well established that the existence of a parent-subsidiary relationship where the parent company is a resident of the forum state does not, by itself, establish personal jurisdiction. *See Ranza*, 793 F.3d at 1065; *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985); *Hudnall v. Payne*, No. 13-cv-04728-WHO, 2014 WL 524079 at *9 (N.D. Cal. Feb. 6, 2014) (declining to exercise personal jurisdiction on the basis of a parent-subsidiary relationship alone). Second, the allegation that UNIL "has conducted" and "does conduct business" in the state, comes nowhere near the standard for "constant and pervasive contacts" that render a defendant "essentially at home" in California. Simply doing business in a state is not sufficient. *See Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 964 (N.D. Cal. 2015) (finding that to exercise general jurisdiction in every state in which a corporation does substantial business would be "unacceptably grasping") (quoting *Daimler*, 134 S. Ct. at 761).

Thus, Plaintiff has not alleged the continuous and pervasive contacts required for general jurisdiction. And more importantly, it cannot. As explained in the Declaration of Grace Chen submitted concurrently herewith, UNIL is a company incorporated under the laws of Hong Kong, has its registered address in Hong Kong, and has business operations that are located in Taiwan. (Chen Decl. ¶¶ 2, 3.) UNIL has not conducted and does not conduct business within the state of California or within the Northern District of California. (*Id*. ¶ 4.)

Accordingly, UNIL lacks continuous and pervasive contacts with California to support this Court's exercise of general jurisdiction over UNIL.

### B.  The Complaint Lacks Allegations of Suit-Related Conduct Directed at the State to Support Specific Personal Jurisdiction over UNIL

Because California's long-arm statute allows personal jurisdiction to the extent allowable under federal due process requirements, the Court need only conduct its jurisdictional analysis pursuant to federal due process requirements. *See* Cal. Code Civ. Proc. § 410.10 (jurisdiction is appropriate "on any basis not inconsistent with the Constitution of this state or of the United

4

CASE NO. 5:17-CV-00561-WHO
UBIQUITI NETWORKS INTERNATIONAL LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
sf-3747162

States"); *Schwarzenegger*, 374 F.3d at 800–01.  The Ninth Circuit uses a three-prong test to determine when specific jurisdiction over a non-resident defendant is appropriate.  *Id.* at 802.  Namely, the plaintiff must establish that (1) the non-resident defendant purposefully directed its activities or consummated some transaction with the forum or a resident thereof, or performed some act whereby it purposefully availed itself of the privilege of conducting activities in the forum; (2) the claim is one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, making jurisdiction over the defendant reasonable.  *Id.*  Only after the plaintiff satisfies the first two prongs of this test does the burden shift to the defendant to show that the exercise of jurisdiction would be unreasonable.  *Id.*

### 1. Plaintiff Has Not Alleged Minimum Contacts with the Forum State

The due process requirements in asserting personal jurisdiction over a defendant are met "only so long as there exist 'minimum contacts' between the [non-resident] defendant and the forum state."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).  Accordingly, for a non-resident's activities to be sufficiently related to the forum state to establish personal jurisdiction, that non-resident must engage in activity that is purposefully directed at the forum state.  *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 112 (1987).  Put differently, the defendant's activities within the jurisdiction must render it foreseeable to the defendant that it should reasonably anticipate being haled into the forum court.  *World-Wide Volkswagen*, 444 U.S. at 297.

For cases sounding in tort, the Ninth Circuit typically uses a three-prong "purposeful direction" test to determine whether the defendant has minimum contacts with the forum state.  *Schwarzenegger*, 374 F.3d at 802.  Under this test, the plaintiff must show that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Id.* at 803.  The Ninth Circuit has explained that this test does not stand for "the broad proposition that a foreign act with foreseeable effects in the forum state will always give rise to specific jurisdiction."  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (quoting *Bancroft & Masters, Inc. v. Augusta*

5

CASE NO. 5:17-CV-00561-WHO
UBIQUITI NETWORKS INTERNATIONAL LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
sf-3747162

*Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)). Instead, "something more" is required, namely, that the defendant "express[ly] aim[ed]" its conduct at the forum state. *Id.*

The Complaint is entirely deficient under this test. Plaintiff accuses UNIL of obtaining or creating counterfeit keys for Plaintiff's software and using such keys to circumvent Plaintiff's license key system to access its software without a valid license. (Complaint ¶ 20.) The Complaint fails to allege where UNIL obtained or created the alleged counterfeit keys, where the acts of circumvention took place, and the location or nature of Plaintiff's harm. The Complaint also fails to allege how any of these elements—the accused acts or the purported harm—bear any relation to the forum state. And most fundamentally, the Complaint fails to allege how harm in California was *foreseeable to UNIL*. Without any plausible allegations of this nature, it is impossible for UNIL or the Court to conclude that UNIL committed an intentional act, which was aimed at the State of California, and which caused harm in the State of California that was foreseen by UNIL. Importantly, even if a defendant's actions caused foreseeable harm to a *resident* of the forum state, i.e., to a specific plaintiff, that is an insufficient basis for jurisdiction. Instead, "the relationship must arise out of contacts that the 'defendant himself' creates with *the forum State*." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (emphasis added).

Plaintiff has not alleged the "something more" necessary under the purposeful direction test as it has alleged nothing at all.

### 2.  Plaintiff Has Not Alleged Suit-Related Conduct to Support Specific Personal Jurisdiction

Even if Plaintiff had sufficiently alleged that UNIL engaged in activities sufficient to meet the "minimum contacts" requirement for specific personal jurisdiction, it would also have to show that Plaintiff's lawsuit arose out of those "minimum contacts." It has not. Under Ninth Circuit law, the plaintiff must show that the claims against the defendant would not have arisen "but for" the defendant's forum related activities. *Harrison v. Butler*, 131 F.3d 146 (9th Cir. 1997) (citing *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995)). Because Plaintiff has not alleged *any* contacts by UNIL with the forum state, Plaintiff cannot show that Plaintiff's claim would not have arisen "but for" such contacts.

6

CASE NO. 5:17-CV-00561-WHO
UBIQUITI NETWORKS INTERNATIONAL LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
sf-3747162

In sum, Plaintiff has alleged no facts to support either of the first two prongs of the three-prong Ninth Circuit test for specific jurisdiction: minimum contacts and a direct connection between those minimum contacts and the forum.  Accordingly, it has not alleged sufficient facts to support a finding of specific jurisdiction and its claim again UNIL should be dismissed.[1]

**CONCLUSION**

For the foregoing reasons, this Court does not have personal jurisdiction over UNIL and should dismiss Plaintiff's Complaint against UNIL pursuant to Federal Rule of Civil Procedure Rule 12(b)(2).  Because the deficiencies cannot be cured, the dismissal should be with prejudice.

Dated:  March 16, 2017
JENNIFER LEE TAYLOR
JOYCE LIOU
AMANDA D. PHILLIPS
MORRISON & FOERSTER LLP

By:   */s/ Jennifer Lee Taylor*
JENNIFER LEE TAYLOR

Attorneys for Specially-Appearing Defendant
UBIQUITI NETWORKS INTERNATIONAL LIMITED

---

[1] Because Plaintiff has made no attempt to allege facts supporting a claim of specific jurisdiction, UNIL elects not to address at this time the final element of the three-prong test to determine when specific jurisdiction over a non-resident defendant is appropriate—reasonableness.  *See Schwarzenegger*, 374 F.3d at 802.  Nevertheless, there can be little question that when there has been *no* activity allegedly directed at the forum state, an exercise of jurisdiction would not be reasonable.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (even when minimum contacts have been met, they should be "considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice'") (internal quotation omitted).

7

CASE NO. 5:17-CV-00561-WHO
UBIQUITI NETWORKS INTERNATIONAL LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
sf-3747162