DENISE M. MINGRONE
(STATE BAR NO. 135224)
dmingrone@orrick.com
ROBERT L. URIARTE
(STATE BAR NO. 258274)
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:  +1 650 614 7400
Facsimile:  +1 650 614 7401

Attorneys for Plaintiff and Counterdefendant,
SYNOPSYS, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>UBIQUITI NETWORKS, INC., et al.<br><br>        Defendants. | Case No. 3:17-cv-00561-WHO<br><br>**SYNOPSYS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO UBIQUITI NETWORK, INC.'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. William H. Orrick |
| UBIQUITI NETWORKS, INC.<br><br>        Counterclaimant,<br><br>v.<br><br>SYNOPSYS, INC.,<br><br>        Counterdefendant. | |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

SYNOPSYS, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO UBIQUITI NETWORKS, INC.'S
COUNTERCLAIMS
3:17-CV-00561-WHO

Synopsys, Inc. hereby responds to Ubiquiti Networks, Inc.'s ("Ubiquiti") counterclaim as follows:

## PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

## JURISDICTION AND VENUE

4. Admitted that Ubiquiti's counterclaims include a purported declaratory judgment claim under 28 U.S.C. §§ 2201 and 2202 and that the Court has subject matter jurisdiction.  All other allegations and assertions of this paragraph are denied.

5. Admitted.

## GENERAL ALLEGATIONS

### Ubiquiti's Dealings with Synopsys

6. Admitted.

7. Admitted that on November 25, 2013, Synopsys executed a Master Non-Disclosure Agreement ("the MNDA").  All other allegations and assertions of this paragraph are denied.

8. Admitted that the MNDA Synopsys executed on November 25, 2013, contains a clause stating that it expires five years from the first date of disclosure.  All other allegations and assertions of this paragraph are denied.

9. Admitted that the MNDA Synopsys executed on November 25, 2013, contains a clause that provides in part: "Recipient [of confidential information] shall . . . not disclose, publish, or disseminate Confidential Information to anyone other than those of its employees and professional advisors [ ] who (i) have a need to know the Confidential Information for the Purpose and (ii) have executed a form of non-disclosure, employment or other agreement with Recipient which imposes a duty to maintain the confidentiality of Confidential Information

1  consistent with this MNDA," and the MNDA prohibits a recipient from the use of confidential
2  information and "for its own or any third party's benefit without the prior written approval of an
3  authorized representative of Discloser."  All other allegations and assertions of this paragraph are
4  denied.

5       10.    Admitted that the MNDA Synopsys executed on November 25, 2013, contains a
6  clause that provides in part: "trade secrets, product development plans, marketing plans, business
7  plans, research activities and results . . . and personnel" is "Confidential Information" whenever
8  that information is nonpublic and "by the nature of the circumstances surrounding the disclosure,
9  ought in good faith to be understood by Recipient to be confidential."  All other allegations and
10 assertions of this paragraph are denied.

11      11.    Admitted that Exhibit A of MNDA Synopsys executed on November 25, 2013,
12 contained a provision that the Ubiquiti information "to be disclosed (if any)[ ] includes technical
13 information, roadmap, and other product and business information."

14      12.    Admitted that on November 26, 2013, Synopsys executed an Evaluation
15 Agreement.  All other allegations and assertions of this paragraph are denied.

16      13.    Synopsys lacks sufficient information to admit the allegations of this paragraph
17 and therefore denies this paragraph in its entirety.  Certain of the statements in this paragraph are
18 demonstrably false.

### ITCA's and SmartFlow's Business Models

20      14.    Admitted that SmartFlow Compliance Solutions, Inc. ("SmartFlow") is a company
21 offering "phone-home software" to software manufacturers in which its software is embedded in
22 commercial software and, through an Internet connection, transmits information back to the
23 manufacturer about the software's use.  All other allegations and assertions of this paragraph are
24 denied.

25      15.    Admitted, on information and belief, that ITCA is a company organized under the
26 laws of the Netherlands that provides software compliance resolution services.  Synopsys lacks

sufficient information to admit additional factual allegations of this paragraph, and therefore denies them.

16. This paragraph states a legal conclusion to which no response is required. To the extent this paragraph states factual allegations, Synopsys lacks sufficient knowledge to form a belief as to the truth of those factual allegations contained in this paragraph, and therefore denies the same.

17. Admitted that SmartFlow's software transmits data related to use of software to the owners of software. The remaining allegations in paragraph 17 are legal conclusions to which no response is required. To the extent this paragraph states factual allegations, Synopsys lacks sufficient knowledge to form a belief as to the truth of those factual allegations contained in this paragraph, and therefore denies the same.

**Synopsys' Monitoring and Disclosure of Ubiquiti's Proprietary Information**

18. Admitted that Synopsys contracted with SmartFlow to use its phone-home software and that Synopsys contracted with ITCA in connection with license compliance efforts. All other allegations and assertions of this paragraph are denied.

19. Admitted that Synopsys uses SmartFlow software in connection with monitoring license compliance. All other allegations and assertions of this paragraph are denied.

20. Admitted that SmartFlow's software transmitted to Synopsys data related to infringing use of Synopsys software including IP addresses, user names, other workstation information, and the programs accessed by each user without authorization. The remaining allegations in this paragraph are legal conclusion for which no response is required.

21. Admitted that in May 2016, ITCA contacted Ubiquiti on behalf of Synopsys in an attempt to remedy Ubiquiti's malfeasance. All other allegations and assertions of this paragraph are denied.

22. Denied that Ubiquiti never provided consent to Synopsys. Synopsys lacks sufficient information to admit or deny allegations in this paragraph regarding what Ubiquiti

disclosed to ITCA or SmartFlow. The remaining allegations in paragraph 22 state a legal conclusion for which no response is required.

23. Admitted that on July 14, 2016, Norman Kelly requested that Ubiquiti's discussions proceed through ITCA. The remaining allegations in paragraph 23 state a legal conclusion to which no response is required.

24. This paragraph states legal conclusions. Thus, no response is necessary.

### CLAIMS FOR RELIEF

#### COUNT 1 – Declaratory Judgment

25. Synopsys repeats its responses to paragraphs 1 through 24 of the counterclaim as if fully set forth herein.

26. Admitted.

27. Denied.

28. This paragraph states a legal conclusion. Thus, no response is necessary.

#### COUNT 2 – Breach of Contract

29. Synopsys repeats its responses to paragraphs 1 through 28 of the counterclaim as if fully set forth herein.

30. Denied.

31. Denied.

32. This paragraph states a legal conclusion. Thus, no response is necessary. To the extent there are any additional factual allegations or assertions of this paragraph, those allegations are denied.

33. Synopsys lacks sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and thus denies them. This paragraph also states a legal conclusion for which no response is necessary.

### AFFIRMATIVE DEFENSES

As further answer and as affirmative defenses, but without assuming any burden that it would not otherwise have or admitting that it bears the burden of proof with respect to any of the following, Synopsys asserts the following defenses and alleges as follows. Synopsys reserves all

rights to allege additional affirmative defenses that become known through the course of discovery.

### First Affirmative Defense

Ubiquiti's counterclaims fail to state a claim on which relief can be granted.

### Second Affirmative Defense

Ubiquiti's counterclaims are barred because of its own acts of fraud.

### Third Affirmative Defense

Ubiquiti's counterclaims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

Ubiquiti's counterclaims are barred by the doctrine of waiver.

### Fifth Affirmative Defense

Ubiquiti's counterclaims are barred under the doctrine of laches.

### Sixth Affirmative Defense

By virtue of its own conduct, Ubiquiti's counterclaims are estopped.

### Seventh Affirmative Defense

Ubiquiti has failed to mitigate or attempt to mitigate its damages, if any.

### Eighth Affirmative Defense

Ubiquiti has been unjustly enriched and is therefore estopped from seeking recovery.

### Ninth Affirmative Defense

Ubiquiti has failed to plead any loss, damage, or injury that is compensable by monetary damages.

### Tenth Affirmative Defense

Ubiquiti's counterclaims are barred because of mutual and/or unilateral mistake of the parties in entering into the contract alleged in the counterclaims.

### Eleventh Affirmative Defense

Ubiquiti's counterclaims are barred because of Ubiquiti's misrepresentations when negotiating and entering into the contract alleged in the counterclaims.

### Twelfth Affirmative Defense

1    Ubiquiti's counterclaims are barred because Synopsys did not validly assent to the
2    formation of the contract alleged in the counterclaims.

### Thirteenth Affirmative Defense

4    Ubiquiti's counterclaims are barred because the contract alleged in the counterclaims is
5    voidable.

### Fourteenth Affirmative Defense

7    Ubiquiti's counterclaims are barred by application of the doctrine of novation.

### Fifteenth Affirmative Defense

9    Synopsys alleges that it may have other separate and additional defenses of which it is not presently aware and hereby reserves the right to raise such defenses by amendment of this Answer, including to conform to proof at trial.  Synopsys therefore reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other and additional defenses, at law or in equity, that are now or may become available or appear during, or as a result of, discovery proceedings in this action.

Dated: March 28, 2017

DENISE M. MINGRONE
ROBERT L. URIARTE
ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  */s/Denise M. Mingrone*
     DENISE M. MINGRONE

Attorneys for Plaintiff
SYNOPSYS, INC.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:766666148.6

- 6 -

SYNOPSYS, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO UBIQUITI NETWORKS, INC.'S
COUNTERCLAIMS
3:17-CV-00561-WHO