1   JENNIFER LEE TAYLOR (SBN 161368)
    JTaylor@mofo.com
2   STACEY M. SPRENKEL (SBN 241689)
    SSprenkel@mofo.com
3   JOYCE LIOU (SBN 277720)
    JLiou@mofo.com
4   AMANDA D. PHILLIPS (SBN 305614)
    APhillips@mofo.com
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482
    Telephone:     (415) 268-7000
7   Facsimile:      (415) 268-7522

8   *Attorneys for Counterclaimant*
    UBIQUITI NETWORKS, INC.

9

10              **IN THE UNITED STATES DISTRICT COURT FOR THE**
                   **NORTHERN DISTRICT OF CALIFORNIA**
11                      **SAN FRANCISCO DIVISION**

12

13  SYNOPSYS, INC.,                           Case No. 5:17-cv-00561-WHO

14                  Plaintiff,                 **COUNTERCLAIMANT**
                                               **UBIQUITI NETWORKS, INC.'S**
15          v.                                 **NOTICE OF MOTION AND**
                                               **MOTION TO STRIKE**
16  UBIQUITI NETWORKS, INC., UBIQUITI          **SYNOPSYS, INC.'S FIFTEEN**
    NETWORKS INTERNATIONAL LIMITED,            **AFFIRMATIVE DEFENSES**
17  CHING-HAN TSAI, and DOES 1-20,
    inclusive                                  Date: May 17, 2017
18                                             Time: 2:00 p.m.
                    Defendants.                Place: Courtroom 2, 17th Floor
19                                             Judge: Honorable William H. Orrick

20  ─────────────────────────────────

21  UBIQUITI NETWORKS, INC.,

22                  Counterclaimant,

23          v.

24  SYNOPSYS, INC.,

25                  Counterdefendant.

26

27

28

1

## NOTICE OF MOTION AND MOTION

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3          PLEASE TAKE NOTICE that on May 17, 2017 at 2:00 p.m., or as soon as the matter may

4  be heard by the Honorable William H. Orrick in Courtroom 2 of the United States District Court

5  for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102,

6  Counterclaimant Ubiquiti Networks, Inc. ("Ubiquiti") will and hereby does move this Court

7  pursuant to Federal Rule of Civil Procedure 12(f) for an order striking all fifteen of

8  Counterdefendant Synopsys, Inc.'s ("Counterdefendant" or "Synopsys") affirmative defenses.

9  This motion is based on this Notice of Motion and Motion; the Memorandum of Points and

10  Authorities set forth below; the Reply Brief to be filed; all pleadings and papers on file in this

11  action; and such other written or oral argument as may be presented before this Motion is taken

12  under submission by the Court.

13

## STATEMENT OF RELIEF REQUESTED

14          Pursuant to Federal Rule of Civil Procedure 12(f) and Civil Local Rule 7-2,

15  Counterclaimant Ubiquiti Networks, Inc. respectfully requests an order striking all fifteen of

16  Counterdefendant's affirmative defenses.

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

On March 7, 2016, Ubiquiti filed counterclaims against Synopsys, alleging just two causes of action: (1) declaratory judgment that the "use or access of Plaintiff's software applications, without, separate from, or subsequent to the alleged use of 'counterfeit' license keys, does not constitute an act of circumvention under 17 U.S.C. § 1201" (ECF. No. 19 at 9-10), and (2) Breach of Contract for a Master Non-Disclosure Agreement entered into by Ubiquiti and Synopsys. (*Id.* at 10.) On March 28, 2017, Synopsys filed its Answer, alleging fifteen different affirmative defenses to Ubiquiti's two claims. (Synopsys, Inc.'s Answer and Affirmative Defenses to Ubiquiti Network, Inc.'s Counterclaims ("Answer") at 5-6, ECF No. 28.) Each of the affirmative defenses is insufficient as a matter of law because it is: (a) immaterial in that it does not constitute an appropriate affirmative defense to the claims at issue; and/or (b) insufficiently-pled because it merely states legal conclusions and lacks sufficient factual basis to constitute the asserted defense or to provide adequate notice to Ubiquiti under Federal Rule of Civil Procedure 8 and 9(b). Synopsys' spaghetti-at-the wall approach, asserting over a dozen defenses, each without a shred of factual support and some completely irrelevant to this proceeding, is a waste of the Court's resources and leaves Ubiquiti without notice as to the nature of Synopsys' purported defenses. If the affirmative defenses are not stricken, the parties will be forced to expend significant time and resources taking discovery on these spurious defenses, and the Court's docket will inevitably be burdened with a summary judgment motion relating to the defenses. For the foregoing reasons and those discussed more fully below, Ubiquiti respectfully asks that the Court strike each of the Affirmative Defenses discussed below.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense…" Fed. R. Civ. P. 12(f). A defense may be insufficient as a matter of substance or as a matter of pleading. *See Sec. People, Inc. v. Classic Woodworking, LLC*, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). Where the asserted defense fails to meet the applicable legal standards, that determination should be made upon a motion to strike "in order to avoid the needless expenditures of time and money in litigating the defense." *Hart v. Baca*, 204

F.R.D. 456, 457 (C.D. Cal. 2001). "[W]here [a] motion [to strike] may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *Id.* (citing *State of Cal. ex rel. State Lands Comm'n v. U.S.*, 512 F. Supp. 36, 38 (N.D. Cal. 1981)).

Since 2007, pleadings have been governed by the pleading standard set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and later *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Threadbare recitals of the elements of [each] cause of action, supported by mere conclusory statements" cannot sustain a pleading. *Iqbal*, 556 U.S. at 678. Rather, pleadings must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A pleading does not suffice "if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678-79. This standard applies in all civil cases. *Id.* at 664.

As this Court and courts in this District have held, the *Twombly/Iqbal* pleading standard applies to affirmative defenses. *See BlackBerry Ltd. v. Typo Prods. LLC*, 2014 WL 1867009, at *4-5 (N.D. Cal. May 8, 2014); *see also Trans Bay Cable LLC v. M/V Ocean Life*, 2015 WL 7075618, at *4 (N.D. Cal. Nov. 13, 2015) (holding that affirmative defenses are subject to the same pleading standards that govern complaints as set forth…in [*Twombly*]); *Perez v. Wells Fargo & Co.*, 2015 WL 5567746, at *3 (N.D. Cal. Sept. 21, 2015) (same). In *BlackBerry Ltd.,* this Court quoted Judge Patel's remarks that applying the *Twombly/Iqbal* standard would "serve[ ] a valid purpose" and "weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *BlackBerry*, 2014 WL 1867009, at *4-5 (quoting *Barnes v. AT & T Pension Ben. PlanNonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010)).[1] Accordingly,

---

[1] More recently, in *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, this Court noted that there is some uncertainty as to whether the *Twombly/Iqbal* standard no longer applies to affirmative defenses after the Ninth Circuit's decision in *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016 (9th Cir. 2015). 2016 WL 6393503, at *11 (N.D. Cal. Oct. 28, 2016). In *Kohler*, the Ninth Circuit affirmed a district court's finding that an affirmative defense was adequately pled, and observed that "fair notice" was given to the plaintiff. However, as Judge Illston in *Murphy v. Trader Joes*, noted, "*Kohler* did not directly address the pleading standard for affirmative defenses; the court touched on the issue only in passing." 2017 WL 235193, at *2 (N.D. Cal Jan. 19, 2017); *see also Perez*, 2015 WL 5567746, at *3. Accordingly, there is no justification for not continuing to apply the *Twombly/Iqbal* pleading standard to affirmative defenses. Regardless, Counterdefendant's defenses would fail even under a "fair notice" standard.

1   an affirmative defense must include enough supporting information to be plausible. *Madison v.*

2   *Goldsmith & Hull*, 2013 WL 5769979, at *1 (N.D. Cal. Oct. 24, 2013).  It is not enough to merely

3   assert boilerplate defenses.  *Perez*, 2015 WL 5567746, at *3.

4                                  **ARGUMENT**

5     **I.**     **AFFIRMATIVE DEFENSE NOS. 1, 9, AND 15 ARE IMMATERIAL, DO NOT**

6           **CONSTITUTE AFFIRMATIVE DEFENSES TO THE CLAIMS AT ISSUE, AND SHOULD BE STRICKEN AS SURPLUSAGE**

7         "[A] proper affirmative defense presumes that a claim has been stated and avers that, even

8   so, additional circumstances bar or mitigate the claim . . . ."  *Equal Emp't Opportunity Comm'n v.*

9   *Interstate Hotels, LLC*, 2005 WL 885604, at *2 (N.D. Cal. Apr. 14, 2005).  Affirmative Defense

10   No. 1, alleging that "Ubiquiti's counterclaims fail to state a claim on which relief can be granted,"

11   does not constitute a proper affirmative defense to the claims at issue, and accordingly should be

12   stricken. (Answer at 5.) This so-called "counterfeit 'defense'" is "not really an affirmative

13   defense at all," and amounts to surplusage.  *Equal Emp't*, 2005 WL 885604, at *2.  Similarly,

14   Affirmative Defense No. 9, for failure "to plead any loss, damage, or injury that is compensable

15   by monetary damages" is not an affirmative defense because it does not constitute *additional*

16   *matter* that would defeat Ubiquiti's claims.  (Answer at 6.); *See* Black's Law Dictionary 482

17   (10th ed. 2014) (defining "affirmative defense" as "defendant's assertion of facts and arguments

18   that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the

19   complaint are true"); *see also Equal Emp't*, 2005 WL 885604, at *2 ("[t]he role of an affirmative

20   defense under Rule 8(b) and (c) is to set forth additional matters beyond the four corners of the

21   complaint constituting an 'avoidance' to a well-pled claim").  If Counterdefendant believes that

22   Ubiquiti has failed to plead elements of its claims, the appropriate procedural vehicle would have

23   been a motion dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Id.*

24         Moreover, Counterdefendant's Affirmative Defense No. 15, which purports to reserve its

25   right to raise additional affirmative defenses is, quite simply, "not an affirmative defense."

26   *Ansari v. Elec. Document Processing, Inc.*, 2012 WL 3945482, at *5 (N.D. Cal. Sept. 10, 2012);

27   *see also Bonshahi v. FedEx Corp.*, 2012 WL 3638608, at *5 (N.D. Cal. Aug. 22, 2012) (granting

28   motion to strike purported defense reserving "the right to assert additional affirmative defenses"

without leave to amend).

## II.   AFFIRMATIVE DEFENSE NOS. 2-8, AND 10-14 LACK SUFFICIENT FACTUAL BASES TO CONSTITUTE AFFIRMATIVE DEFENSES AND ACCORDINGLY ALSO SHOULD BE STRICKEN

Affirmative defenses must be pled in accordance with Federal Rule of Civil Procedure 8(b), and are insufficiently pled if they fail to give "plaintiff fair notice of the defense." *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). In *Bell Atlantic Corp.*, the Supreme Court clarified that the Rule 8 pleading standard requires allegations of fact sufficient to show that the pleader is entitled to relief. 550 U.S. 544, 557 (2007); *see also Iqbal*, 556 U.S. at 678 (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). This "plausibility standard" applies equally to the pleading of affirmative defenses. *See, e.g., CTF Dev., Inc. v. Penta Hosp., LLC*, 2009 WL 3517617, at *8 (N.D. Cal. Oct. 26, 2009) (striking certain merely conclusory defenses) ("Under the *Iqbal* standard, the burden is on *defendant* to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended") (emphasis in original). Furthermore, when applicable, the heightened pleading standard imposed by Federal Rule of Civil Procedure 9(b) also applies to purported affirmative defenses. *See, e.g. Intel Corp. v. Hyundai Elecs. Am., Inc.*, 692 F. Supp. 1113, 1116 (N.D. Cal. 1987) (striking fraud-based affirmative defense for failure to plead with specificity).

Even a cursory review of Affirmative Defense Nos. 2 (fraud), 3 (unclean hands), 4 (waiver), 5 (laches), 6 (estoppel), 7 (failure to mitigate damages), 8 (unjust enrichment), 10 (mistake), 11 (misrepresentations), 12 (lack of assent), 13 (contract is voidable), and 14 (novation) confirms that each is comprised solely of legal conclusions and is devoid of any supporting factual allegations that could put Ubiquiti on notice of the nature and bases of these purported defenses. (*See* Answer at 5-6.) In fact, they do not even allege the elements of the respective "defenses."

For example, Affirmative Defense No. 4 alleges "Ubiquiti's counterclaims are barred by the doctrine of waiver" and Affirmative Defense No. 6 alleges "[b]y virtue of its own conduct,

Ubiquiti's counterclaims are estopped." (*Id.* at 5). "Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." *U.S. v. Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988). An equitable estoppel defense requires that a defendant show three elements: "(1) The actor, who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence. (2) The other relies upon that communication. (3) And the other would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct." *See A.C. Auckerman Co. v. R. L. Chaides Constr. Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992). Because Counterdefendant does not allege any of these elements even in conclusory fashion, let alone provide any of the supporting factual allegations required by Federal Rule of Civil Procedure 8 and *Iqbal*, these defenses should be stricken. *See Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 576 (N.D. Cal. 2016) (striking affirmative defenses of waiver and estoppel that "provide[ ] no factual or legal explanation of the claims").

The rest of Counterdefendant's affirmative defenses suffer from the same fundamental defects as Affirmative Defense Nos. 4 and 6—none of them even pleads the elements of the purported defenses, let alone any supporting facts, thereby impermissibly foisting upon Ubiquiti and this Court the task of trying to divine the true nature and bases of the defenses.[2] (*See* Answer at 5-6.) *See also Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (striking defenses that did no more than name the defenses without listing their elements or supporting facts); *Bonshahi v. Fedex Corp.*, 2012 WL 3638608, at *3-4 (N.D. Cal. Aug. 22, 2012) (striking purported defenses of failure to mitigate damages and novation as insufficiently pled).

For example, Affirmative Defense No. 5, alleging that Ubiquiti's claims are barred by laches, bears no relation to the facts of this case, and utterly fails to provide Ubiquiti with notice

---

[2] As stated above, Ubiquiti believes that Affirmative Defense Nos. 1, 9, and 15 are immaterial in that they are not defenses to the claims at issue. To the extent that the Court disagrees and determines that any of these Affirmative Defenses could constitute a proper defense to the claims at issue, such defenses should nevertheless be stricken because each is also pled in an impermissibly bare-bones and conclusory fashion devoid of any supporting factual allegations. *Qarbon.com, Inc.*, 315 F. Supp. 2d at 1049-50 (striking defenses that did no more than name the defenses without listing their elements or supporting facts).

1    or factual support for this supposed defense.  *See Mission Trading Co. v. Lewis*, 2016 WL

2    4791773, at *2 (N.D. Cal. Sept. 13, 2016) (striking affirmative defense when the court could not

3    "decipher the connection between Defendant's allegations" and the affirmative defense).  Indeed,

4    the defense of laches requires that a party demonstrate "(1) there was inexcusable delay in the

5    assertion of a known right and (2) the party asserting laches has been prejudiced."  *Acasio, v.*

6    *Officer Patrick Lucy*, 2017 WL 1316537, at *16 (N.D. Cal. Apr. 10, 2017) (citation omitted).

7    Counterdefendant's allegation that "Ubiquiti's counterclaims are barred under the doctrine of

8    laches" simply will not do.  *See McKinney-Drobnis v. Massage Envy Franchising*, LLC, 2017

9    WL 1246933, at *7 (N.D. Cal. Apr. 5, 2017) (granting motion to strike defense for laches where

10   defendant has provided "no facts of any kind" to support the purported defense).

11        Counterdefendant's Affirmative Defense No. 7 merely alleges that "Ubiquiti has failed to

12   mitigate or attempt to mitigate its damages, if any."  (Answer at 5.)  Yet such an allegation must

13   "plausibly show that a claimant could have mitigated his damages with certain 'reasonable efforts

14   after the wrong was committed.'"  *First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, 2016 WL

15   3017552, at *3 (N.D. Cal. May 26, 2016) (finding conclusory allegation of failure to mitigate

16   damages insufficiently pled).

17        Affirmative Defense No. 8 claims that "Ubiquiti has been unjustly enriched and is

18   therefore estopped from seeking recovery."  (Answer at 5.)  Yet unjust enrichment is "a general

19   principle, underlying various legal doctrines and remedies," not a cause of action or a remedy.

20   *Sherwin-Williams Co. v. Courtesy Oldsmobile- Cadillac, Inc.*, 2016 WL 615335, at *8 (E.D. Cal.

21   Feb. 16, 2016).  If Counterdefendant believes that it is entitled to a defense based upon a benefit

22   unjustly conferred upon Plaintiff at Counterdefendant's expense, then it must articulate that

23   defense, and to the extent that its Affirmative Defense No. 8 is aimed at Ubiquiti's second

24   counterclaim, it must explain how unjust enrichment is pertinent to a claim based on a written

25   contract.  *See Wilson v. Stratosphere Corp.*, 371 F. App'x 810, 811 (9th Cir. 2010) ("unjust

26   enrichment is not available when there is an express, written contract . . . .") (citation omitted);

27   *see also Courtesy Oldsmobile- Cadillac, Inc.*, 2016 WL 615335, at *8 (granting motion to strike

28   defense for unjust enrichment); *McKinney-Drobnis*, 2017 WL 1246933, at *7 (striking unjust

enrichment defense where defendant "included no facts of any kind to support" its purported defense).

Affirmative Defense No. 12 is equally bare in its allegations, claiming that "Ubiquiti's counterclaims are barred because Synopsys did not validly assent to the formation of the contract alleged in the counterclaims."  (Answer at 6).  Yet Counterdefendant gives no factual support for such a claim.  *See Stafford v. Conn. Gen. Life Ins. Co.*, 1996 WL 197677, at *2 (N.D. Ill. Apr. 22, 1996) (granting motion to strike defense of lack of mutual assent because it amounted to a "merely conclusory allegation").  And Affirmative Defense No. 13, alleging that "Ubiquiti's counterclaims are barred because the contract alleged in the counterclaims is voidable" (Answer at 6) fails in equal measure.   A voidable contract "is one which may be rendered null at the option of one of the parties."  *Sayta v. Martin*, 2017 WL 491161, at *4 (N.D. Cal. Feb. 7, 2017) (quoting *Guthman v. Moss*, 150 Cal. App. 3d 501, 509-10 (1984)).  Yet Counterdefendant has not articulated a basis for any supposed avoidance.  *See* Restatement (Second) of Contracts § 7 (1981) (listing typical instances of voidable contracts).  Without any such factual detail, Ubiquiti has no notice as to the nature of Counterdefendant's supposed defense, and the Court should strike that defense.  *See Smithville 169 v. Citizens Bank & Trust Co.*, 2012 WL 13677, at *3 (W.D. Mo. Jan. 4, 2012) (granting motion to strike affirmative defense asserting that the defendant's actions "have made the agreements void or voidable" as a "textbook example[]" of a label and a conclusion).

Finally, affirmative defenses that are "predicated on conduct that involves fraud or mistake" must meet the standards of Federal Rule of Civil Procedure 9(b).  *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 WL 1746848, at *5 (N.D. Cal. May 16, 2012); *see also Raychem Corp. v. PSI Telecomms., Inc.*, 1995 WL 108193, at *2 (N.D. Cal. Mar. 6, 1995) ("Fed.R.Civ.P. 9(b) requires affirmative defenses which contain averments of fraud . . . to be 'stated with particularity.'") (citation omitted).  Despite the heightened pleading standard required under Federal Rule of Civil Procedure 9(b), Affirmative Defense Nos. 2 (fraud), 3 (unclean hands), 10 (mistake), and 11 (misrepresentation), each of which appears to sound in fraud or mistake, contain no supporting factual allegations, nor do they even allege the plain elements of the

1    defenses alleged.  *See Powertech Tech., Inc.*, 2012 WL 1746848, at *5 (finding that defenses,

2    such as unclean hands, which are based on conduct involving fraud or mistake, must satisfy Rule

3    9(b)).  Indeed, Counterdefendant's barebones allegation of "mutual and/or unilateral mistake of

4    the parties in entering into the contract" (Answer at 5) appears to bear no relation to the facts of

5    this proceeding, and fails to withstand the *Twombly/Iqbal* standard, much less the heightened

6    standard of Rule 9(b).  *See Savage v. Citibank N.A.*, 2015 WL 4880858, at *2 (N.D. Cal. Aug. 14,

7    2015) (striking affirmative defense asserting mistake for failing to allege the "the who, what,

8    when, where, and how" of the mistake) (internal quotations omitted); *see also Sherwin-Williams*

9    *Co*, 2016 WL 615335, at *7 (striking affirmative defense asserting material misrepresentations

10   for failing to allege "the who, what, where, when, and how of the fraud").

11                                        **CONCLUSION**

12            For the foregoing reasons, Ubiquiti respectfully requests that this Court enter an order

13   striking each of the Affirmative Defenses.

14

15   Dated:  April 11, 2017                    JENNIFER LEE TAYLOR
                                               STACEY M. SPRENKEL
16                                             JOYCE LIOU
                                               AMANDA D. PHILLIPS
17                                             MORRISON & FOERSTER LLP

18                                             By:    */s/ Jennifer Lee Taylor*
                                                      JENNIFER LEE TAYLOR
19

20                                             Attorneys for Counterclaimant
                                               UBIQUITI NETWORKS, INC.

21

22

23

24

25

26

27

28