1  JENNIFER LEE TAYLOR (SBN 161368)
   JTaylor@mofo.com
2  STACEY M. SPRENKEL (SBN 241689)
   SSprenkel@mofo.com
3  JOYCE LIOU (SBN 277720)
   JLiou@mofo.com
4  AMANDA D. PHILLIPS (SBN 305614)
   APhillips@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:   (415) 268-7000
7  Facsimile:    (415) 268-7522

8  *Attorneys for Specially-Appearing Defendant*
   UBIQUITI NETWORKS INTERNATIONAL LIMITED

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>                       Plaintiff,<br><br>      v.<br><br>UBIQUITI NETWORKS, INC., UBIQUITI NETWORKS INTERNATIONAL LIMITED, CHING-HAN TSAI, and DOES 1-20, inclusive<br><br>                       Defendants. | Case No. 5:17-cv-00561-WHO<br><br>**DEFENDANT UBIQUITI NETWORKS INTERNATIONAL LIMITED (UNIL)'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2) OR ALTERNATIVELY FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6)**<br><br>Date: May 17, 2017<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 17th Floor<br>Judge: Honorable William H. Orrick |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................................ 1

STATEMENT OF RELIEF REQUESTED ......................................................................................... 1

INTRODUCTION ............................................................................................................................... 2

BACKGROUND ................................................................................................................................. 3

LEGAL STANDARD .......................................................................................................................... 4

        A.      Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction ....................... 4

        B.      Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim ............................... 4

ARGUMENT ....................................................................................................................................... 5

I.     UNIL SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ......... 5

        A.      UNIL Is Not Subject to General Jurisdiction in California..................................... 5

        B.      UNIL Is Not Subject to Specific Jurisdiction in California .................................... 7

II.    THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ................................................................................................................. 10

CONCLUSION ................................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
  551 F.2d 784 (9th Cir. 1977) ................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................................................4

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ..............................................................................................................7

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993) ................................................................................................7

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) ................................................................................................6, 7, 10

*Doe v. Unocal*,
  248 F.3d 915 (9th Cir. 2001) ..............................................................................................10

*EEOC v. Arabian Am. Oil Co. (Aramco)*,
  499 U.S. 244 (1991) ............................................................................................................11

*Foley v. Marquez*,
  2003 WL 22288160 (N.D. Cal. Oct. 1, 2003) ....................................................................10

*Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.*,
  2015 WL 475535 (N.D. Cal. Aug. 11, 2015) .....................................................................10

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ..........................................................................................7, 8

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015) .................................................................................5, 6, 10

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ............................................................................................4, 5

*Subafilms, Ltd. v. Mgm-Pathe Commc'ns Co.*,
  24 F.3d 1088 (9th Cir. 1994) ..............................................................................................11

*Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) .............................................................................................5

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014) ......................................................................................................8, 9

*Williams v. Yamaha Motor Co.*,
  2017 WL 110195 (9th Cir. Mar. 24, 2017) .......................................................................... 10

**Statutes**

17 U.S.C. § 1201 ............................................................................................................................ 11

Cal. Civ. Proc. Code § 410.10 ......................................................................................................... 5

**Other Authorities**

Federal Rule of Civil Procedure 9(b) .............................................................................................. 4

Federal Rule of Civil Procedure 12(b)(2) ............................................................................. 1, 4, 11

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 1, 4, 11

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 17, 2017 at 2:00 p.m., or as soon as the matter may be heard by the Honorable William H. Orrick in Courtroom 2 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Specially-Appearing Defendant Ubiquiti Networks International Limited ("UNIL") will and hereby does move this Court for an order dismissing Plaintiff's Complaint against UNIL pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, or alternatively, pursuant to Rule 12(b)(6) for failure to state a claim.

This motion will be based on this Notice, the accompanying Memorandum of Points and Authorities concurrently filed herewith, the Declaration of Ching-Han Tsai in Support of UNIL's Motion to Dismiss for Lack of Personal Jurisdiction filed concurrently herewith, the pleadings and papers on file with the Court, and such other argument as may be presented at the hearing.

## STATEMENT OF RELIEF REQUESTED

1. Pursuant to Federal Rule of Civil Procedure 12(b)(2), UNIL respectfully requests an order dismissing Plaintiff's Amended Complaint against UNIL with prejudice for lack of personal jurisdiction.

2. Pursuant to Federal Rule of Civil Procedure 12(b)(6), UNIL respectfully requests an order dismissing Plaintiff's Amended Complaint against UNIL with prejudice for failure to state a claim.

**INTRODUCTION**

Plaintiff Synopsys Inc. ("Synopsys") cannot meet its burden to show that the Court has general or specific personal jurisdiction over Defendant Ubiquiti Networks International Limited ("UNIL") in the Northern District of California, as required to force UNIL to answer charges in a forum halfway around the world from its home country and the alleged suit-related conduct.

General jurisdiction — which allows a court to hear "any and all claims" against a person wherever in the world they may arise — is lacking here. General jurisdiction is reserved only for those persons who are "essentially at home" in the forum. Synopsys cannot meet that "exacting standard." UNIL is a Hong Kong corporation, with offices in Taiwan. UNIL does not conduct any business in California or the Northern District of California, let alone maintain such "constant and pervasive" contacts so as to render it "essentially at home" in California.

Similarly, specific jurisdiction — which allows a court to hear claims arising out of the defendant's suit-related conduct in the forum state — is also lacking here. Specific jurisdiction over tort claims, such as those asserted by Synopsys, requires that (1) a defendant purposefully direct its actions at the forum state, (2) the claims arise out of or relate to those activities, and (3) the exercise of jurisdiction comports with fair play and substantial justice. Synopsys alleges that UNIL engaged in only a handful of isolated suit-related activities directed at California, none of which is sufficient to sustain the exercise of specific jurisdiction in this case.

Although Synopsys voluntarily amended its complaint to add more allegations to support jurisdiction over UNIL, the allegations remain deficient. The Court should grant UNIL's motion to dismiss for lack of personal jurisdiction with prejudice. Synopsys should not be given a third opportunity to allege sufficient facts to support jurisdiction over UNIL.

Alternatively, UNIL requests that the Court dismiss with prejudice Synopsys' Amended Complaint against UNIL for failure to state a claim based on all the arguments raised in Ubiquiti Networks, Inc. ("Ubiquiti")'s Rule 12(b)(6) motion, filed concurrently herewith. The Court should also dismiss Synopsys' anti-circumvention claims against UNIL for the additional reason that Synopsys fails to allege that UNIL performed any relevant acts within the United States, as required to state a claim under the Digital Millennium Copyright Act ("DMCA").

## BACKGROUND

Synopsys filed this lawsuit on February 3, 2017, against Ubiquiti, Ching-Han Tsai ("Mr. Tsai"), and UNIL (collectively, "Defendants"). (ECF No. 1.) UNIL moved to dismiss the original complaint for lack of personal jurisdiction on March 16, 2017 (ECF No. 25), arguing that the Court lacked personal jurisdiction over UNIL because UNIL did not conduct business in California (ECF No. 25-1 ¶ 4), and did not engage in any alleged suit-related activities in California (ECF No. 25 at 5-6). UNIL also argued that its subsidiary relationship with California-based Ubiquiti was insufficient to support jurisdiction. (*Id.* at 4.)

Synopsys did not oppose UNIL's motion, but instead filed an Amended Complaint on March 28, 2017. (ECF No. 27 ("Am. Compl.").) The Amended Complaint admitted that UNIL "is an entity incorporated under the laws of Hong Kong" and maintains "a principal office" in Taiwan. (*Id.* ¶ 6.) It appears[1] that Synopsys asserted tort claims against UNIL for alleged violation of (1) the Digital Copyright Millennium Act, (2) a federal anti-counterfeiting statute, (3) fraud, (4) civil RICO, and (5) negligent misrepresentation. (*Id.* ¶¶ 67-143.)

Synopsys, however, failed to allege that UNIL engaged in any acts of anti-circumvention within California — or even within the United States. The Amended Complaint identified only a handful of isolated acts that UNIL employees allegedly carried out in the forum state, including (1) being passively copied on emails sent between a Ubiquiti employee (Mr. Tsai) and a Synopsys employee (*id.* ¶ 49), (2) attending a meeting with Synopsys employees that occurred entirely in Taiwan (*id.* ¶ 50), (3) allegedly downloading files from a Synopsys server located in California and thereby assenting to personal jurisdiction in the Northern District of California (*id.* ¶¶ 17, 53), and (4) emailing Synopsys customer support personnel on a single occasion after the alleged fraud had occurred (*id.* ¶ 55).

UNIL controverts these jurisdictional allegations in its supporting declaration, showing

---

[1] As Defendants Ubiquiti and Mr. Tsai explain on page 4 of their motion to dismiss under Rule 12(b)(6), Synopsys' definition of "Piracy Enterprise" in the Amended Complaint requires the conclusion that only the RICO claim was asserted against Ubiquiti and UNIL. Although it is clear that not all claims have been asserted against UNIL, for purposes of this motion only, UNIL assumes that all claims have been asserted against UNIL as well.

that UNIL employees interacted exclusively with *Synopsys employees located in Taiwan* at the time of contact. (*See* Declaration of Ching-Han Tsai in Support of UNIL's Motion to Dismiss for Lack of Personal Jurisdiction or Alternatively for Failure to State a Claim ("Tsai Decl.") ¶¶ 1-2, 6-9, filed herewith.) UNIL further disputes knowingly using Synopsys' servers located in California and disputes that it affirmatively assented to Synopsys' terms of use (which Synopsys alleges contain a California forum selection clause). (*See id*. ¶¶ 4, 11.)

## LEGAL STANDARD

### A.   Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

Synopsys, as the party seeking to invoke the jurisdiction of the federal court, has the burden of "demonstrating that [personal] jurisdiction is appropriate." *See Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004). Because a declaration in support of UNIL's Rule 12(b)(2) motion controverts Synopsys' factual allegations in the Amended Complaint supporting personal jurisdiction, Synopsys cannot "simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

### B.   Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

A complaint must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff either fails to state a cognizable legal theory or has not alleged sufficient facts to support a cognizable legal theory. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must allege facts which, if taken as true, raise more than a speculative right to relief. *Id.*

Claims grounded in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires allegations "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b) requires Synopsys to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or

4

misleading about [the conduct], and why it is false.'" *Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citation omitted).

## ARGUMENT

### I. UNIL SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

As explained below, UNIL should be dismissed for lack of personal jurisdiction because Synopsys cannot meet its burden of showing either (A) general or (B) specific jurisdiction.[2] Without such a showing, UNIL cannot be hauled into court in a forum halfway around the world from its place of incorporation, principal place of business, and the alleged relevant suit-related conduct.

#### A. UNIL Is Not Subject to General Jurisdiction in California

Synopsys cannot show that UNIL is subject to general jurisdiction in this district. A plaintiff seeking to invoke general jurisdiction must meet an "exacting standard . . . because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801. The plaintiff must show that the defendant maintains such "constant and pervasive" contacts with the forum state so as to render it "essentially at home" in the forum state. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014)).

Synopsys cannot show that UNIL is "essentially at home" in California. Synopsys admits that UNIL is a Hong Kong corporation with its principal place of business in Taiwan. (Am. Compl. ¶ 3.) These facts alone show that UNIL is not "at home" in California. *See Ranza*, 793 F.3d at 1069. The defendant's place of incorporation and principal place of business are the "paradigmatic locations" where general jurisdiction exists. *Id.* "Only in an 'exceptional case'

---

[2] "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger*, 374 F.3d at 800. California's long-arm jurisdictional statute permits the exercise of jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Consequently, the jurisdictional analysis under California state law and federal due process "are the same." *Schwarzenegger*, 374 F.3d at 800.

will general jurisdiction be available anywhere else." *Id.* (citation omitted).  This is not such a case. *See Daimler*, 134 S. Ct. at 755-56, 761 (Philippines company that had temporarily relocated all its operations to Ohio during World War II was "textbook" example of exceptional case.).

Synopsys' attempt to invoke general jurisdiction by alleging that UNIL (1) "has an intimate and ongoing business relationship" with Ubiquiti, its California parent, (2) designs products for importation and sale in California, and (3) filed a single lawsuit as a plaintiff in the Northern District of California (Am. Compl. ¶ 19) falls far short of proving that UNIL is "essentially at home" in California.

Synopsys' first allegation that UNIL "has an intimate and ongoing business relationship" with its California parent (*id.*) does not establish general jurisdiction because "[t]he existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." *Ranza*, 793 F.3d at 1070.  Synopsys would instead need to show that Ubiquiti and UNIL are "alter ego[s]." *Id*.  Such a showing would require proof that (1) Ubiquiti exercises such "pervasive control" over UNIL as to "dictate[] every facet of [UNIL's] business — from broad policy decisions to routine matters of day-to-day operation" *and* (2) Ubiquiti and UNIL failed to "observe[] all of the corporate formalities necessary to maintain corporate separateness." *Id*. at 1073 (citation omitted).  Synopsys does not and cannot allege that Ubiquiti dictates every facet of UNIL's business, or that Ubiquiti and UNIL failed to observe all corporate formalities maintaining their separate existence.  Accordingly, Synopsys does not and cannot allege that Ubiquiti and UNIL are "alter egos."

Synopsys' second and third allegations that UNIL "designs products for importation to and sale within the State of California" and has "fil[ed] a lawsuit as a plaintiff in at least one case in the Northern District of California" (Am. Compl. ¶ 19) likewise do not establish general jurisdiction.  In *Daimler*, the Supreme Court rejected the argument that a court may exercise general jurisdiction over a foreign corporation "in every State in which [the foreign corporation] engages in a substantial, continuous, and systematic course of business," finding that such a holding would be "unacceptably grasping."  134 S. Ct. at 760-61.  The Supreme Court even

assumed in that case that the foreign corporation operated "multiple California-based facilities" and was the "largest supplier of luxury vehicles to the California market." *Id*. at 752. Those contacts, insufficient to support general jurisdiction in California in *Daimler*, far exceed UNIL's alleged contacts here. *Id*. *See also Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993) (rejecting argument that a party's unrelated litigation in the forum state is relevant to a general jurisdiction analysis).

### B. UNIL Is Not Subject to Specific Jurisdiction in California

Synopsys likewise cannot show that UNIL is subject to specific jurisdiction in this district for Synopsys' asserted tort claims. *See Picot v. Weston*, 780 F.3d 1206, 1215 n.3 (9th Cir. 2015) ("Personal jurisdiction must exist for each claim asserted against a defendant.") (citation omitted). For tort claims, specific jurisdiction requires that (1) the defendant "purposefully direct[s] his activities" toward the forum state, (2) the claim "arises out of or relates to the defendant's forum-related activities," and (3) the exercise of jurisdiction "comport[s] with fair play and substantial justice, i.e., it [is] reasonable." *Id*. at 1211. Synopsys bears the burden on the first two elements. *Id*. Only if Synopsys meets its burden will the burden shift to UNIL on the third element to "set forth a 'compelling case' why the exercise of jurisdiction would not be reasonable." *Id*. (citation omitted).

Synopsys cannot meet its burden on either the first or second elements of this test.[3] To establish that UNIL "purposefully directed [its] activities at the forum," Synopsys must show that UNIL "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Picot*, 780 F.3d at 1214 (citation omitted). In applying this test, the Ninth Circuit requires that courts "look[] to the defendant's contacts *with the forum State itself*, not the defendant's contacts with persons who

---

[3] Because Synopsys fails to meet its burden on the first two elements, UNIL reserves its right to address at a later time the "fair play and substantial justice" element of this test. Nevertheless, there can be little question that when there has been *no* meaningful activity directed at the forum state, the exercise of jurisdiction would be unreasonable. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (even when minimum contacts have been met, they should be "considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice'") (citation omitted).

1  reside there." *Id.* (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014)) (emphasis added).  In

2  other words, "mere injury to a forum resident is not a sufficient connection to the forum." *Id.*

3  (quoting *Walden*, 134 S. Ct. at 1125).  "Rather, 'an injury is jurisdictionally relevant only insofar

4  as it shows that the defendant has formed a contact with the forum State.'" *Id.*  Moreover, "the

5  defendant's suit-related conduct must create a substantial connection with the forum State."

6  *Walden*, 134 S. Ct. at 1121.

7        Synopsys' allegations fail to establish that UNIL's suit-related conduct created a

8  "substantial connection" with California.  The gravamen of Synopsys' allegations is that *a*

9  *Ubiquiti employee*, Mr. Tsai, fraudulently induced Synopsys into providing Defendants with

10  evaluation versions of Synopsys' software programs (Am. Compl. ¶¶ 34-53), and that Defendants

11  used unauthorized license keys to circumvent those programs' encryption technology (*id.* ¶¶ 42,

12  54, 57-66).  Synopsys fails to allege that UNIL engaged in acts of circumvention *in California* (or

13  even within the United States).  As explained below, the handful of isolated acts that allegedly

14  connect UNIL employees — as opposed to Mr. Tsai — with suit-related conduct in California is

15  not sufficient to sustain the exercise of specific jurisdiction over UNIL on each asserted claim.

16        First, Synopsys alleges that UNIL employees were copied on emails allegedly sent by Mr.

17  Tsai to Synopsys in March 2014 ("the March emails").  (*Id.* ¶ 49.)  Synopsys further alleges that

18  it relied on Mr. Tsai's statements in the March emails — not any statements made by UNIL —

19  when providing Defendants with temporary license keys to Synopsys software programs.  (*Id.*

20  ¶ 52.)  Synopsys' allegations about the March emails fail to identify any "intentional act" that

21  UNIL employees purposefully directed to California.  (*See also* Tsai Decl. ¶¶ 6-8.)  Rather,

22  Synopsys alleges exactly the kind of "random, fortuitous, or attenuated" contacts — *i.e.*, being

23  copied on Mr. Tsai's emails — that are insufficient to support specific jurisdiction.  *See Walden*,

24  134 S. Ct. at 1123 ("Due process requires that a defendant be hauled into court in a forum State

25  based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated'

26  contacts he makes by interacting with other persons affiliated with the State.").

27        Second, Synopsys alleges that Mr. Tsai traveled to Taiwan to coordinate a meeting

28  between UNIL and Synopsys employees in April 2014 ("the April meetings"), and that "Tsai and

8

others" allegedly made certain fraudulent statements at those meetings. (Am. Compl. ¶ 50.) Synopsys does not identify any statements allegedly made by UNIL employees, and again alleges that it relied solely on Mr. Tsai's statements at the April meetings — not any statements made by UNIL — when providing Defendants with temporary license keys. (*Id*. ¶ 52.) Moreover, the April meetings took place entirely in Taiwan with employees who worked for a separate legal entity — Synopsys Taiwan Co., Ltd. ("Synopsys Taiwan") — located in Taiwan. (Tsai Decl. ¶ 9.) No part of the April meetings that involved UNIL took place in California, whether through a telephone call, videoconference, or otherwise. (*Id*.) Therefore, whatever allegedly fraudulent statements that UNIL may have made *in Taiwan* at the April meetings — and Synopsys fails to identify any — cannot establish that UNIL purposefully directed its activities *to California*. *See Walden*, 134 S. Ct. at 1122 ("[O]ur 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.").

Third, Synopsys alleges that UNIL employees downloaded software files from Synopsys' servers in the Northern District of California and allegedly assented to Synopsys' terms of use (which Synopsys alleges contain a California forum selection clause). (Am. Compl. ¶¶ 17, 53.) But, as explained in the Tsai Declaration, Mr. Tsai downloaded software for evaluation from Synopsys' servers and he does not recall at any time that Synopsys' website prompted him to agree to Synopsys' terms of use. (Tsai Decl. ¶¶ 4, 11.) Synopsys' conclusory allegations do not establish that any UNIL employee knew Synopsys even had servers in California, let alone accessed them and affirmatively assented to a California forum selection clause when doing so. Therefore, this alleged conduct cannot support the exercise of specific jurisdiction.

Fourth, Synopsys alleges that a UNIL employee emailed Synopsys customer support personnel on a single occasion on May 19, 2014 ("the May email"), and that a Synopsys California employee responded. (Am. Compl. ¶ 55.) But Synopsys fails to disclose that the Synopsys California employee in question *was located in Taiwan at the time*. (Tsai Decl. ¶ 12.) He and another Synopsys Taiwan employee walked over to UNIL's Taiwan office on May 19, 2014 to assist that employee with his technical issue. This contact *in Taiwan* does not establish that UNIL made contact "with the forum State itself." *See Walden*, 134 S. Ct. at 1122.

1  Finally, Synopsys' remaining allegations turn on imputing Ubiquiti's alleged suit-related
2  activities in California to UNIL under vague assertions of an agency or conspiracy relationship.
3  (*See, e.g.*, Am. Compl. ¶¶ 29, 35-48.)  But Ninth Circuit law does not recognize imputation of
4  contacts under a broad agency theory for purposes of specific jurisdiction.  As the Ninth Circuit
5  acknowledged, the Supreme Court "voided [the Ninth Circuit's] agency approach for imputing
6  contacts for the purpose of general jurisdiction," and the Court's criticism of that approach
7  "applies with equal force regardless of whether the standard is used to establish general or
8  specific jurisdiction."  *Williams v. Yamaha Motor Co.*, 2017 WL 110195, at *6 (9th Cir. Mar. 24,
9  2017); *see also Daimler*, 134 S. Ct. at 759-60 & n.15 (criticizing two Ninth Circuit agency tests
10 based on "importance" and "the right to . . . control" as giving rise to overbroad jurisdictional
11 reach).[4]  Nor do Synopsys' conspiracy allegations allow for such imputation.  *Foley v. Marquez*,
12 2003 WL 22288160, at *4 (N.D. Cal. Oct. 1, 2003) ("California does not recognize conspiracy as
13 a basis for acquiring jurisdiction over a party.").  To prevail on an imputation theory, Synopsys
14 would need to show that UNIL and Ubiquiti are "alter ego[s]."  *Ranza*, 793 F.3d at 1070.  For the
15 reasons stated above, Synopsys cannot meet that stringent test.

## II.     THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

In the alternative, the Court should dismiss with prejudice Synopsys' Amended Complaint against UNIL for failure to state a claim upon which relief may be granted based on all the same grounds that Ubiquiti raises in its Rule 12(b)(6) motion, filed concurrently herewith.  Without waiving its jurisdictional challenge, UNIL joins in that motion in its entirety and adopts all of Ubiquiti's arguments for dismissal as stated in that motion.

---

[4] Even assuming that "some standard of agency continues to be 'relevant to the existence of *specific* jurisdiction,'" *Williams*, 2017 WL 110195, at *6 (quoting *Daimler*, 134 S. Ct. at 759 n.13)), Synopsys fails to allege facts showing that UNIL exercises such pervasive control over Ubiquiti's or Mr. Tsai's activities to allow imputation of their alleged in-state contacts to UNIL. (*See* Am. Compl. ¶¶ 18-19.)  *See also Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.*, 2015 WL 475535, at *5 (N.D. Cal. Aug. 11, 2015) ("Even assuming that the *Unocal* agency test remains viable in the specific jurisdiction context, the *Unocal* decision makes clear that 'the question to ask is not whether the American [agents] can formally accept orders for their [principal], but rather whether, in the truest sense, the [agents'] presence substitutes for the presence of the [principal].'") (quoting *Doe v. Unocal*, 248 F.3d 915, 926 (9th Cir. 2001).

There is one additional argument to be made under Rule 12(b)(6) that applies with special force to UNIL: Synopsys fails to allege facts showing that UNIL used any counterfeit license keys or infringed any copyrights *within the United States* that would give rise to liability under the DMCA or civil RICO. "[I]t is a long-standing principle of American law 'that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States.'" *EEOC v. Arabian Am. Oil Co. (Aramco)*, 499 U.S. 244, 248 (1991) (citation omitted). Because courts must "assume that Congress legislates against the backdrop of the presumption against extraterritoriality," unless "there is 'the affirmative intention of the Congress clearly expressed'" Congressional enactments must be presumed to be "'primarily concerned with domestic conditions.'" *Id.* (citation omitted).

Because the DMCA does not clearly express Congress' intent to reach wholly extraterritorial activities, Synopsys' failure to allege that UNIL performed any anti-circumvention acts within the United States is fatal to its claims against UNIL. *See* 17 U.S.C. § 1201. The same holds true for any claim of copyright infringement by UNIL as a predicate act for Synopsys' civil RICO claim. *See Subafilms, Ltd. v. Mgm-Pathe Commc'ns Co.*, 24 F.3d 1088, 1098 (9th Cir. 1994) ("[T]he United States copyright laws do not reach acts of infringement that take place entirely abroad.") (en banc).

## CONCLUSION

Because Synopsys cannot show that the Court may exercise general or specific jurisdiction over UNIL with respect to each of its claims, the Court should dismiss UNIL for lack of personal jurisdiction with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2). The Court should also dismiss Synopsys' Amended Complaint against UNIL with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for all the reasons stated in Ubiquiti's Rule 12(b)(6) motion, and for the additional reason that Synopsys fails to allege that UNIL performed any anti-circumvention or copyright infringement acts within the United States.

| | | |
|---|---|---|
| 1 | Dated: April 11, 2017 | JENNIFER LEE TAYLOR |
| 2 | | JOYCE LIOU |
| | | AMANDA D. PHILLIPS |
| 3 | | MORRISON & FOERSTER LLP |
| 4 | | By: */s/ Jennifer Lee Taylor* |
| | | JENNIFER LEE TAYLOR |
| 5 | | |
| 6 | | *Attorneys for Specially-Appearing Defendant* |
| 7 | | UBIQUITI NETWORKS INTERNATIONAL LIMITED |