```
JENNIFER LEE TAYLOR (SBN 161368)
JTaylor@mofo.com
STACEY M. SPRENKEL (SBN 241689)
SSprenkel@mofo.com
JOYCE LIOU (SBN 277720)
JLiou@mofo.com
AMANDA D. PHILLIPS (SBN 305614)
APhillips@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:    (415) 268-7000
Facsimile:     (415) 268-7522
```

*Attorneys for Specially-Appearing Defendant*
UBIQUITI NETWORKS INTERNATIONAL LIMITED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UBIQUITI NETWORKS, INC., UBIQUITI NETWORKS INTERNATIONAL LIMITED, CHING-HAN TSAI, and DOES 1-20, inclusive<br><br>　　　　　　Defendants. | Case No. 5:17-cv-00561-WHO<br><br>**DECLARATION OF CHING-HAN TSAI IN SUPPORT OF DEFENDANT UBIQUITI NETWORKS INTERNATIONAL LIMITED (UNIL)'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2) OR ALTERNATIVELY FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6)**<br><br>Date: May 17, 2017<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 17th Floor<br>Judge: Honorable William H. Orrick |

I, CHING-HAN TSAI, declare as follows:

1. My name is Ching-Han Tsai and I am employed by Ubiquiti Networks, Inc., ("Ubiquiti"), a Delaware corporation with its corporate headquarters in San Jose, California. I am not and have never been an employee of Ubiquiti Networks International Limited ("UNIL"), but I am familiar with many of the facts alleged in the Amended Complaint. I submit this declaration in support of UNIL's Motion To Dismiss For Lack Of Personal Jurisdiction Pursuant to Rule 12(b)(2) Or Alternatively For Failure To State A Claim Pursuant to Rule 12(b)(6). I have personal knowledge of the facts contained in this declaration.

2. In September and October 2013, I negotiated an agreement on behalf of my employer, Ubiquiti, to evaluate certain electronic design automation ("EDA") software offered by Synopsys, Inc. in California ("Synopsys"), namely its VCS simulation software. While Ubiquiti is not in the semiconductor business, we have a small team that is designing a chip that might be used in a future Ubiquiti product. We were evaluating the Synopsys software as well as alternative EDA software from another company for use in that chip design process.

3. I signed the Evaluation License Agreement on behalf of Ubiquiti.

4. After providing the host ID for my personal laptop, I received a link from Synopsys that I was to use to download the files that we intended to evaluate. Because a technical issue prevented me from using the files on my personal laptop, I provided Synopsys with another host ID instead. I was also sent a license key, which is just a text file. So far as I recall, the links that I received did not require me to assent to any terms of use or anything in addition to the evaluation license that I had already signed.

5. Because Ubiquiti decided to purchase an alternative software program from another EDA software company, I told Synopsys in early January 2014 that we would consider using other Synopsys software programs for later phases of the project.

6. In early March 2014, I reached out to my contact at Synopsys, Bill Bergman, for evaluation of additional EDA tools from Synopsys, specifically DC Ultra software for synthesis and Formality tools. Mr. Bergman referred me to Tony Huang from Synopsys Taiwan Co., Ltd. ("Synopsys Taiwan") in Taiwan because the evaluation was to take place in Taiwan.

7. In paragraph 49 of Synopsys's Amended Complaint, Synopsys alleges that my email communications with Synopsys during the first and second week of March 2014 "included" various UNIL employees. As I mentioned above, when I reached out to Mr. Bergman about the evaluation of the DC Ultra software and the Formality tools I was told to communicate with Synopsys Taiwan employees because the evaluation was to take place in Taiwan. I have recently reviewed emails in my possession that were exchanged with Mr. Bergman (the only Synopsys California employee with whom I recall communicating during this timeframe). Based on that review, I can confirm that no UNIL employee that I am aware of communicated directly by email with Mr. Bergman or any other Synopsys employees located in California during this timeframe. Instead, they were merely copied on my emails with Mr. Bergman.

8. I am aware that UNIL employees communicated with Synopsys Taiwan employees *located in Taiwan* in this timeframe relating to UNIL's evaluation of EDA tools in Taiwan. Specifically, in late March 2014, I understand that a UNIL employee sent a Host ID to Mr. Huang of Synopsys Taiwan for the DC Ultra software evaluation. But to the best of my knowledge, UNIL employees did not communicate directly with any Synopsys employees *located in California* in this timeframe.

9. In paragraph 50 of Synopsys's Amended Complaint, Synopsys alleges that I traveled to Taiwan during the first and second weeks of April 2014 to help coordinate a meeting between UNIL and Synopsys, and that such a meeting took place on April 8, 2014. I personally attended an April 8, 2014 meeting with Synopsys Taiwan and confirm that UNIL employees were also in attendance. That meeting took place entirely in Taiwan. The Synopsys Taiwan employees who attended that meeting, Mr. Huang and Victor Chen, were both located in Taiwan and, to the best of my knowledge, worked out of Synopsys Taiwan's offices. No Synopsys California employees joined the April 8, 2014 meeting remotely from California, as for example by telephone or videoconference.

10. On May 2 and May 7, Mr. Huang and Mr. Chen from Synopsys Taiwan visited me and the chip design team at UNIL's office in Taiwan for further discussion of the software.

11. In paragraph 17 of Synopsys's Amended Complaint, Synopsys alleges that UNIL expressly assented to personal jurisdiction in the Northern District of California based on UNIL's alleged use of Synopsys's file download websites. As I mentioned above, I personally downloaded the VCS software from Synopsys's file download website. I do not recall any point in time when I used Synopsys's file download websites that I received a prompt or other request asking me to agree to Synopsys's terms of use.

12. In paragraph 55 of Synopsys's Amended Complaint, Synopsys alleges that a UNIL employee contacted Synopsys's customer support via email on May 19, 2014. On May 19, 2014, a UNIL employee exchanged emails with a Synopsys Taiwan employee, Peter Tseng, and a Synopsys California employee, Richard Su — *both of whom were located in Taiwan at that time* — about a technical issue with a Synopsys software program. I was copied on that email chain. Additional Synopsys Taiwan employees were also copied on that email chain. According to the email, Mr. Tseng and Mr. Su walked over to UNIL's Taiwan office on May 19, 2014, to assist the UNIL employee with that issue. To my knowledge, no UNIL employee knowingly interacted with any Synopsys customer support personnel located in California on or around May 19, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of April, 2017, in Taipei, Taiwan.

By: _____
CHING-HAN TSAI