DENISE M. MINGRONE (STATE BAR NO. 135224)
dmingrone@orrick.com
ROBERT L. URIARTE (STATE BAR NO. 258274)
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:    +1 650 614 7401

Attorneys for Plaintiff and Counterdefendant,
SYNOPSYS, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UBIQUITI NETWORKS, INC., et al. <br><br> Defendants. | Case No. 3:17-cv-00561-WHO <br><br> **SYNOPSYS, INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO UBIQUITI NETWORKS, INC.'S COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Judge: Hon. William H. Orrick |
| UBIQUITI NETWORKS, INC. <br><br> Counterclaimant, <br><br> v. <br><br> SYNOPSYS, INC., <br><br> Counterdefendant. | |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

SYNOPSYS' AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UBIQUITI
NETWORKS, INC.'S COUNTERCLAIMS
3:17-CV-00561-WHO

Synopsys, Inc. hereby provides this Amended Answer to Ubiquiti Networks, Inc.'s ("Ubiquiti") counterclaims as follows:

## PARTIES

1. Admitted.
2. Admitted.
3. Admitted.

## JURISDICTION AND VENUE

4. Admitted that Ubiquiti's counterclaims include a purported declaratory judgment claim under 28 U.S.C. §§ 2201 and 2202 and that the Court has subject matter jurisdiction. All other allegations and assertions of this paragraph are denied.

5. Admitted.

## GENERAL ALLEGATIONS
### Ubiquiti's Dealings with Synopsys

6. Admitted.

7. Admitted that on November 25, 2013, Synopsys executed a Master Non-Disclosure Agreement ("the MNDA"). All other allegations and assertions of this paragraph are denied.

8. Admitted that the MNDA Synopsys executed on November 25, 2013, contains a clause stating that it expires five years from the first date of disclosure. All other allegations and assertions of this paragraph are denied.

9. Admitted that the MNDA Synopsys executed on November 25, 2013, contains a clause that provides in part: "Recipient [of confidential information] shall . . . not disclose, publish, or disseminate Confidential Information to anyone other than those of its employees and professional advisors [ ] who (i) have a need to know the Confidential Information for the Purpose and (ii) have executed a form of non-disclosure, employment or other agreement with Recipient which imposes a duty to maintain the confidentiality of Confidential Information consistent with this MNDA," and the MNDA prohibits a recipient from the use of confidential

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

-1-

SYNOPSYS' AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UBIQUITI
NETWORKS, INC.'S COUNTERCLAIMS
3:17-CV-00561-WHO

1  information and "for its own or any third party's benefit without the prior written approval of an
2  authorized representative of Discloser."  All other allegations and assertions of this paragraph are
3  denied.

4         10.      Admitted that the MNDA Synopsys executed on November 25, 2013, contains a
5  clause that provides in part: "trade secrets, product development plans, marketing plans, business
6  plans, research activities and results . . . and personnel" is "Confidential Information" whenever
7  that information is nonpublic and "by the nature of the circumstances surrounding the disclosure,
8  ought in good faith to be understood by Recipient to be confidential."  All other allegations and
9  assertions of this paragraph are denied.

10         11.      Admitted that Exhibit A of MNDA Synopsys executed on November 25, 2013,
11  contained a provision that the Ubiquiti information "to be disclosed (if any)[ ] includes technical
12  information, roadmap, and other product and business information."

13         12.      Admitted that on November 26, 2013, Synopsys executed an Evaluation
14  Agreement.  All other allegations and assertions of this paragraph are denied.

15         13.      Synopsys lacks sufficient information to admit the allegations of this paragraph
16  and therefore denies this paragraph in its entirety.  Certain of the statements in this paragraph are
17  demonstrably false.

18  **ITCA's and SmartFlow's Business Models**

19         14.      Admitted that SmartFlow Compliance Solutions, Inc. ("SmartFlow") is a company
20  offering "phone-home software" to software manufacturers in which its software is embedded in
21  commercial software and, through an Internet connection, transmits information back to the
22  manufacturer about the software's use.  All other allegations and assertions of this paragraph are
23  denied.

24         15.      Admitted, on information and belief, that ITCA is a company organized under the
25  laws of the Netherlands that provides software compliance resolution services.  Synopsys lacks
26  sufficient information to admit additional factual allegations of this paragraph, and therefore
27  denies them.

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

SYNOPSYS' AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UBIQUITI
NETWORKS, INC.'S COUNTERCLAIMS
3:17-CV-00561-WHO

16. This paragraph states a legal conclusion to which no response is required. To the extent this paragraph states factual allegations, Synopsys lacks sufficient knowledge to form a belief as to the truth of those factual allegations contained in this paragraph, and therefore denies the same.

17. Admitted that SmartFlow's software transmits data related to use of software to the owners of software. The remaining allegations in paragraph 17 are legal conclusions to which no response is required. To the extent this paragraph states factual allegations, Synopsys lacks sufficient knowledge to form a belief as to the truth of those factual allegations contained in this paragraph, and therefore denies the same.

**Synopsys' Monitoring and Disclosure of Ubiquiti's "Proprietary" Information**

18. Admitted that Synopsys contracted with SmartFlow to use its phone-home software and that Synopsys contracted with ITCA in connection with license compliance efforts. All other allegations and assertions of this paragraph are denied.

19. Admitted that Synopsys uses SmartFlow software in connection with monitoring license compliance. All other allegations and assertions of this paragraph are denied.

20. Admitted that SmartFlow's software transmitted to Synopsys data related to infringing use of Synopsys software including IP addresses, user names, other workstation information, and the programs accessed by each user without authorization. The remaining allegations in this paragraph are legal conclusion for which no response is required.

21. Admitted that in May 2016, ITCA contacted Ubiquiti on behalf of Synopsys in an attempt to remedy Ubiquiti's malfeasance. All other allegations and assertions of this paragraph are denied.

22. Denied that Ubiquiti never provided consent to Synopsys. Synopsys lacks sufficient information to admit or deny allegations in this paragraph regarding what Ubiquiti disclosed to ITCA or SmartFlow. The remaining allegations in paragraph 22 state a legal conclusion for which no response is required.

23. Admitted that on July 14, 2016, Norman Kelly requested that Ubiquiti's discussions proceed through ITCA. The remaining allegations in paragraph 23 state a legal conclusion to which no response is required.

24. This paragraph states legal conclusions. Thus, no response is necessary.

## CLAIMS FOR RELIEF

### COUNT 1 – Declaratory Judgment

25. Synopsys repeats its responses to paragraphs 1 through 24 of the counterclaims as if fully set forth herein.

26. Admitted.

27. Denied.

28. This paragraph states a legal conclusion. Thus, no response is necessary.

### COUNT 2 – Breach of Contract

29. Synopsys repeats its responses to paragraphs 1 through 28 of the counterclaims as if fully set forth herein.

30. Denied.

31. Denied.

32. This paragraph states a legal conclusion. Thus, no response is necessary. To the extent there are any additional factual allegations or assertions of this paragraph, those allegations are denied.

33. Synopsys lacks sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and thus denies them. This paragraph also states a legal conclusion for which no response is necessary.

## AFFIRMATIVE DEFENSES

As further answer and as affirmative defenses, but without assuming any burden that it would not otherwise have or admitting that it bears the burden of proof with respect to any of the following, Synopsys asserts the following defenses and alleges as follows. Synopsys reserves all rights to allege additional affirmative defenses that become known through the course of

discovery. Synopsys incorporates by reference the factual allegations of its Amended Complaint filed March 28, 2017. Dkt. 28.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense (Fraud)**

Synopsys incorporates by reference the factual allegations of its Amended Complaint, including without limitation paragraphs 1 through 66. Ubiquiti's counterclaims are barred because of its own acts of fraud. Defendant Tsai, a Ubiquiti employee acting on behalf of and with the knowledge and consent of Ubiquiti, knowingly made false representations of material fact to Synopsys during the time period between October 2013 and May 2014 in order to induce Synopsys to grant Ubiquiti access to Synopsys' file download and customer support websites, and to grant Ubiquiti an evaluation license for Synopsys software. Specifically:

i) Tsai falsely represented that Ubiquiti was interested in evaluating, negotiating, and licensing Synopsys' software in good faith;

ii) Tsai falsely represented that Ubiquiti intended to evaluate VCS in San Jose, California;

iii) Tsai falsely represented that he needed assistance with setting up Synopsys' software and temporary license keys for legitimate use in San Jose;

iv) Tsai omitted that Ubiquiti and Ubiquiti Networks International Limited ("UNIL") would make and use unauthorized copies of Synopsys' software and documentation;

v) Tsai omitted that he would provide his login credentials and/or Synopsys materials accessed through such credentials to unauthorized persons including UNIL employees in Taiwan;

vi) Tsai omitted that Ubiquiti and UNIL would use circumvention technology, counterfeit license keys, and illicit license keys to access Synopsys' software without authorization.

i) Tsai falsely represented that UNIL was interested in evaluating, negotiating, and licensing Synopsys' software in good faith;

ii) Tsai falsely represented that time was of the essence as UNIL was close to signing a deal with a Synopsys competitor;

iii) Tsai or another UNIL employee falsely represented to Synopsys customer support on May 19, 2014 that if Synopsys could develop a work around solution for a problem UNIL was having with Synopsys' tools, the work around could convince UNIL to license Synopsys' tools rather than a competitor's tools;

iv) Tsai omitted that UNIL would make and use unauthorized copies of Synopsys' software and documentation;

v) Tsai omitted that UNIL had already been using and would continue to use circumvention technology, counterfeit license keys, and illicit license keys to access Synopsys' software without authorization.

As to each of the above representations and omissions, Tsai and Ubiquiti intended for Synopsys to rely on the false representations and omissions.

Synopsys reasonably relied on Tsai's and Ubiquiti's false representations and omissions. Synopsys had no reason to know of Tsai's and Ubiquiti's intentions.

Synopsys relied on Tsai's and Ubiquiti's false representations in granting Defendants access to Synopsys' file download and customer support websites, executing an evaluation license for Ubiquiti, and issuing temporary evaluation license keys to Ubiquiti and UNIL.

Tsai and Ubiquiti agreed to act in concert in order to gain access to Synopsys' websites, software, documentation, and services using material misrepresentations and omissions communicated to Synopsys and to use circumvention technology and counterfeit and illicit license keys to access Synopsys' works.

Synopsys' reliance on Tsai's and Ubiquiti's representations caused Synopsys harm in an amount to be proven at trial.

The conduct described above was willful and done with knowledge of its wrongdoing.

**Second Affirmative Defense (Unclean Hands)**

Synopsys incorporates the factual allegations set forth above and the factual allegations of its Amended Complaint, including without limitation paragraphs 1 through 66.  Ubiquiti's

counterclaims are barred by the doctrine of unclean hands. Ubiquiti engaged in unjust bad faith conduct that is directly related to the subject matter of the litigation and Ubiquiti's counterclaim by deceiving Synopsys to gain access to its software and by carrying out a scheme to pirate Synopsys' software using counterfeit license keys and unauthorized copies of Synopsys' software. Ubiquiti's bad faith conduct was egregious and caused serious harm to Synopsys.

**Third Affirmative Defense (Waiver)**

Ubiquiti's counterclaims are barred by the doctrine of waiver. Ubiquiti waived the rights, if any, underlying its counterclaims because Ubiquiti voluntarily and intentionally abandoned or relinquished such rights by expressly consenting to the complained of conduct in agreeing to Synopsys' websites' terms of use, which gave Ubiquiti notice of the complained of conduct (including that Synopsys would monitor login activity and access to its software) and required Ubiquiti to assent to such conduct. Ubiquiti also implicitly consented to Synopsys' conduct in the course of communications with ITCA by confirming and sharing additional information with ITCA about Ubiquiti's activities, employees, and purported proprietary information in or about the summer of 2016.

**Fourth Affirmative Defense (Laches)**

Ubiquiti's counterclaims are barred by the doctrine of laches. Ubiquiti has known for years or at least many months of the complained of conduct (including that Synopsys would monitor login activity and access to its software) and failed to pursue any claim or raise any objection based on such conduct. Ubiquiti agreed to Synopsys' websites' terms of service in late 2013 and has known since that time of the complained of conduct. At the latest, Ubiquiti learned of Synopsys' conduct in May 2016 when it received Synopsys' cease and desist communications, yet Ubiquiti took no action. Synopsys will suffer evidentiary and economic prejudice as a result of Ubiquiti's unreasonable delay.

**Fifth Affirmative Defense (Estoppel)**

Synopsys incorporates the factual allegations set forth above and the factual allegations of its Amended Complaint, including without limitation paragraphs 1 through 66. Ubiquiti's counterclaims are estopped by virtue of its own misconduct, which includes deceiving Synopsys

to gain access to its software and using counterfeit license keys to pirate Synopsys software. Ubiquiti knew all material facts about its conduct with respect to its scheme to pirate Synopsys' software and intended for Synopsys to rely on Ubiquiti's conduct and representations. Synopsys was ignorant to the true facts and relied on Ubiquiti's conduct and representations, causing Synopsys prejudice. In addition, Ubiquiti affirmatively represented its assent to the complained of conduct. It would be unjust to award Ubiquiti relief under the circumstances.

### Sixth Affirmative Defense (Failure to Mitigate Damages)

Synopsys incorporates the factual allegations set forth above and the factual allegations of its Amended Complaint, including without limitation paragraphs 1 through 66. Ubiquiti has failed to mitigate or attempt to mitigate its damages, if any. Ubiquiti has known for years or at least many months of the complained of conduct (including that Synopsys would monitor login activity and access to its software), yet Ubiquiti undertook no effort to remedy the alleged unauthorized disclosure of its proprietary information.

### Seventh Affirmative Defense (Unjust Enrichment)

Synopsys incorporates the factual allegations set forth above and the factual allegations of its Amended Complaint, including without limitation paragraphs 1 through 66. Ubiquiti has been unjustly enriched by its piracy of Synopsys' software and is therefore estopped from seeking any recovery. Ubiquiti pirated Synopsys' software to avoid paying millions of dollars-worth of license fees to Synopsys. It would be unjust for Ubiquiti to retain the benefits of that piracy or to obtain any relief on it counterclaims.

### Eighth Affirmative Defense (Novation)

Ubiquiti's breach counterclaim is barred by the doctrine of novation. Subsequent to executing the contract underlying its counterclaim, on November 26, 2013, Ubiquiti consented in writing to a superseding Synopsys evaluation license agreement that expressly stated that it extinguished the obligations underlying Ubiquiti's counterclaim and replaced them with new obligations under the evaluation license agreement.

### Ninth Affirmative Defense (Mistake)

Synopsys incorporates the factual allegations set forth above and the factual allegations of

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

SYNOPSYS' AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UBIQUITI
NETWORKS, INC.'S COUNTERCLAIMS
3:17-CV-00561-WHO

its Amended Complaint, including without limitation paragraphs 1 through 66. Ubiquiti's breach counterclaim is barred by the doctrine of mistake. Synopsys was mistaken about Ubiquiti's true intent in entering into the underlying agreement because Synopsys believed Ubiquiti was acting in good faith and intended to license Synopsys software. Ubiquiti knew of Synopsys' mistake because it affirmatively acted to give Synopsys the mistaken impression that Ubiquiti intended to license Synopsys software and comply with all license terms. Synopsys' mistaken understanding was caused by no fault of Synopsys. Synopsys would not have entered into the agreement but for its mistake.

Dated: April 18, 2017

DENISE M. MINGRONE
ROBERT L. URIARTE
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Denise M. Mingrone*
DENISE M. MINGRONE

Attorneys for Plaintiff
SYNOPSYS, INC.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 9 -

SYNOPSYS' AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UBIQUITI
NETWORKS, INC.'S COUNTERCLAIMS
3:17-CV-00561-WHO

**DEMAND FOR JURY TRIAL**

Synopsys hereby demands a jury trial on all issues presented by Ubiquiti's counterclaims that are so triable as of right.

Dated: April 18, 2017

DENISE M. MINGRONE
ROBERT L. URIARTE
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Denise M. Mingrone*
    DENISE M. MINGRONE

Attorneys for Plaintiff
SYNOPSYS, INC.