JENNIFER LEE TAYLOR (SBN 161368)
JTaylor@mofo.com
STACEY M. SPRENKEL (SBN 241689)
SSprenkel@mofo.com
JOYCE LIOU (SBN 277720)
JLiou@mofo.com
AMANDA D. PHILLIPS (SBN 305614)
APhillips@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:   (415) 268-7000
Facsimile:    (415) 268-7522

*Attorneys for Defendants and Counterclaimant*
UBIQUITI NETWORKS, INC., and
CHING-HAN TSAI

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>UBIQUITI NETWORKS, INC., UBIQUITI NETWORKS INTERNATIONAL LIMITED, CHING-HAN TSAI, and DOES 1-20, inclusive<br><br>            Defendants.<br><br>UBIQUITI NETWORKS, INC.,<br><br>            Counterclaimant,<br><br>     v.<br><br>SYNOPSYS, INC.,<br><br>            Counterdefendant. | Case No. 5:17-cv-00561-WHO<br><br>**DEFENDANTS UBIQUITI NETWORKS, INC. AND CHING-HAN TSAI'S MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT UNDER LOCAL RULE 7-11** |

In accordance with Northern District of California Civil Local Rule 7-11, Ubiquiti Networks, Inc. and Ching-Han Tsai (collectively, "Defendants")[1] move the Court for leave to file a brief of up to twenty (20) pages for their Reply in Support of Motion to Dismiss the Second, Third, Fourth, Fifth, Sixth, and Seventh Claims in Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6).

Although Defendants have made every attempt to present their Reply in fifteen (15) pages or less, they have been unable to do so. Defendants moved to dismiss six of Plaintiff's seven claims. Many of these claims involve highly technical and multi-part statutes. For example, Plaintiff's Sixth Claim, a RICO Claim under 18 U.S.C. § 1962(c), requires discussions of the elements of Defendants' supposed racketeering enterprise, as well as four different predicate acts alleged by Plaintiff. Plaintiff has submitted a 25-page Opposition addressing Defendants' arguments in great detail, and Defendants are unable to respond to the various points made therein within the permitted page limit. For the foregoing reasons, Defendants request leave to exceed the 15-page limit for reply briefs.

Defendants contacted Plaintiff this morning to request that Plaintiff stipulate to a 20-page reply brief. Plaintiff refused Defendants' request, stating that "we see no reason why additional pages would be needed to reply." It then offered, "in the spirit of compromise," to consider a stipulation that included the following statement: "Synopsys does not believe additional pages are needed in reply but respectfully requests that if the Court disagrees and allow [sic] Ubiquiti 5 extra pages on reply, that Synopsys be given the opportunity to submit a 5 page surreply." (*See* Declaration of Jennifer Lee Taylor in Support of Defendants' Administrative Motion to Exceed Page Limit, ¶ 2, filed herewith.)

There is no justification for such a request. Local Rule 7-3(d) allows "no additional memoranda, papers or letters" without prior Court approval, with the exception of an Objection to

---

[1] Defendant Ubiquiti Networks International Limited ("UNIL"), which filed a Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) (ECF. No. 35), joined in Defendants' Motion to Dismiss the Second, Third, Fourth, Fifth, Sixth, and Seventh Claims of Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6). (*Id.*) UNIL hereby joins in this administrative motion.

Reply Evidence, which is appropriate only if "new evidence has been submitted in the reply." *See also Jordan v. Terhune*, 2009 WL 276764, at *3 (E.D. Cal. Feb. 5, 2009), report and recommendation adopted, 2009 WL 3042411 (E.D. Cal. Sept. 21, 2009) ("When a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence."). If Plaintiff feels that it has cause to file additional papers after it has received Defendants' Reply, it can file a motion for leave to file a surreply at that time. *See Hill v. England*, 2005 WL 3031136, at *1 (E.D.Cal.2005) (finding that "a sur-reply is not authorized by . . . the Federal Rules of Civil Procedure" and a court's "discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists") (internal quotations omitted).

Because Plaintiff would not stipulate to allow Defendants to file a reply brief with five additional pages, and in light of the imminent deadline for Defendants' reply brief, Defendants make this request as an administrative motion under Local Rule 7-11. Defendants request that this motion be granted so that Defendants can address the myriad issues raised in Plaintiff's Opposition.

Dated: April 28, 2017

JENNIFER LEE TAYLOR
STACEY M. SPRENKEL
JOYCE LIOU
AMANDA D. PHILLIPS
MORRISON & FOERSTER LLP

By: */s/ Jennifer Lee Taylor*
JENNIFER LEE TAYLOR

Attorneys for Defendants and Counterclaimant
UBIQUITI NETWORKS, INC. and CHING-HAN TSAI