JENNIFER LEE TAYLOR (SBN 161368)
JTaylor@mofo.com
STACEY M. SPRENKEL (SBN 241689)
SSprenkel@mofo.com
JOYCE LIOU (SBN 277720)
JLiou@mofo.com
AMANDA D. PHILLIPS (SBN 305614)
APhillips@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:   (415) 268-7000
Facsimile:    (415) 268-7522

*Attorneys for Specially-Appearing Defendant*
UBIQUITI NETWORKS INTERNATIONAL LIMITED

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UBIQUITI NETWORKS, INC., UBIQUITI NETWORKS INTERNATIONAL LIMITED, CHING-HAN TSAI, and DOES 1-20, inclusive<br><br>Defendants. | Case No. 5:17-cv-00561-WHO<br><br>**DEFENDANT UBIQUITI NETWORKS INTERNATIONAL LIMITED (UNIL)'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2) OR ALTERNATIVELY FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6)**<br><br>Date: May 17, 2017<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 17th Floor<br>Judge: Honorable William H. Orrick |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT .............................................................................................................................. 1

I.    UNIL SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ......... 1

    A.    Synopsys Fails to Meet Its Burden to Show That UNIL Is Subject to Specific Jurisdiction in California ................................................................... 1

        1.    Synopsys Fails to Show That UNIL Affirmatively Assented to Personal Jurisdiction in this District ....................................................... 2

        2.    Synopsys' Challenges to Mr. Tsai's Declaration Should Be Overruled. .................................................................................................. 3

        3.    Synopsys Fails to Show that Any of UNIL's Alleged Suit-Related Activities Satisfies the Ninth Circuit's "Purposeful Direction" Test .......... 4

            a.    Synopsys' Fraud Claims ................................................................. 4

            b.    Synopsys' DMCA and 18 U.S.C. § 2318 Claims .......................... 5

            c.    Synopsys' Remaining Claims ......................................................... 8

    B.    Exercising Specific Jurisdiction Over UNIL Would Be Unreasonable .................. 8

II.    SYNOPSYS' AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ............................................................................... 9

III.    THERE IS NO NEED FOR JURISDICTIONAL DISCOVERY ...................................... 9

IV.    UNIL'S RESPONSES TO SYNOPSYS' EVIDENTIARY OBJECTIONS ..................... 10

CONCLUSION ........................................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
    551 F.2d 784 (9th Cir. 1977)...........................................................................................1

*Autodesk, Inc. v. Kobayashi + Zedda Architects, Ltd.*,
    191 F. Supp. 3d 1007, 1018 (N.D. Cal. 2016) ................................................................7

*Craigslist, Inc. v. Naturemarket, Inc.*,
    694 F. Supp. 2d 1039 (N.D. Cal. 2010) ..........................................................................7

*Doe v. Xytex Corp.*,
    2016 WL 3902577 (N.D. Cal. July 19, 2016) .................................................................2

*Gen. Motors L.L.C. v. Autel. US Inc.*,
    2016 WL 1223357 (E.D. Mich. Mar. 29, 2016) ..........................................................2, 7

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
    647 F.3d 1218 (9th Cir. 2011).........................................................................................7

*Microsoft Corp. v. Mountain W. Computers, Inc.*,
    2015 WL 4479490 (W.D. Wash. July 22, 2015) .........................................................6, 7

*Nguyen v. Barnes & Noble Inc.*,
    763 F.3d 1171 (9th Cir. 2014).........................................................................................2

*Orbital Publ'g Grp., Inc. v. Wells*,
    2015 WL 13237232 (D. Or. Dec. 21, 2015) ...................................................................4

*Panavision Int'l, L.P. v. Toeppen*,
    141 F.3d 1316 (9th Cir. 1998).........................................................................................7

*Peterson v. Kennedy*,
    771 F.2d 1244 (9th Cir. 1985).........................................................................................6

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015).....................................................................................4, 9

*Specht v. Netscape Commc'ns Corp.*,
    306 F.3d 17 (2d Cir. 2002) ..............................................................................................2

*Tinder v. Pinkerton Sec.*,
    305 F.3d 728 (7th Cir. 2002) ..........................................................................................4

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) ........................................................................................5, 7, 12

**Statutes**

17 U.S.C. §1201 ..........................................................................................................................9

18 U.S.C. § 2318 ..................................................................................................................5, 6, 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) ............................................................................................................13

Fed. R. Civ. P. 12(b)(6) .......................................................................................................9, 13

Fed. R. Evid. 801(d) ................................................................................................................12

Fed. R. Evid. 803(3) ................................................................................................................12

**INTRODUCTION**

Synopsys does not dispute that the Court lacks general jurisdiction over UNIL, or that the Court cannot impute Ubiquiti's or Mr. Tsai's acts to UNIL for purposes of jurisdiction. Synopsys' claims against UNIL, therefore, rise and fall on its allegations that UNIL committed sufficient suit-related acts within California to create a "substantial connection" with California. Because UNIL specifically controverted Synopsys' jurisdictional allegations in its motion, Synopsys was required to come forward with affidavits or other competent evidence supporting its jurisdictional claims. It did not. Far from demonstrating that specific jurisdiction exists here, Synopsys' opposition only underscores that UNIL's alleged jurisdictionally relevant contacts all took place outside California. The Court should therefore dismiss Synopsys' claims against UNIL with prejudice for lack of personal jurisdiction.

In addition, because Synopsys' opposition fails to point to any allegations that UNIL committed acts of circumvention in the United States or imported anti-circumvention technology into the United States, the Court should dismiss Synopsys' DMCA claims against UNIL for the alternative reason that those claims fail to state a claim upon which relief may be granted.

**ARGUMENT**

**I.   UNIL SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION**

    **A.   Synopsys Fails to Meet Its Burden to Show That UNIL Is Subject to Specific Jurisdiction in California[1]**

Synopsys' reliance on the bare assertions in its complaint is insufficient to establish specific jurisdiction where UNIL has specifically controverted allegations in its complaint. *See Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) (where a defendant controverts the allegations in a complaint supporting personal jurisdiction, the plaintiff cannot "simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction").

---

[1] Synopsys made no argument that the Court may exercise general jurisdiction over UNIL, thereby conceding that the Court cannot exercise general jurisdiction over UNIL.

**1.   Synopsys Fails to Show That UNIL Affirmatively Assented to Personal Jurisdiction in this District**

UNIL's motion and supporting Tsai Declaration showed that Synopsys' file download website in late 2013 did not provide notice of and require assent to its alleged terms of use (which Synopsys alleges contain a forum selection clause consenting to the Court's jurisdiction). (*See* ECF. No. 35 ("Mot.") at 9:13-21; ECF No. 35-1 ("Tsai Decl.") ¶¶ 2-4, 11.) That evidence precludes a finding that UNIL consented to personal jurisdiction in California because the Court may infer from that evidence that Synopsys had not implemented adequate notice and assent procedures in April or May 2014 either, when UNIL allegedly downloaded software from that same file download website. (ECF No. 27 ("Am. Compl.") ¶ 53.) *See, e.g.*, *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) ("While new commerce on the Internet has exposed courts to many new situations, it has not fundamentally changed the principles of contract. . . . '[M]utual manifestation of assent, whether by written or spoken word or by conduct, is the touchstone of contract.") (citations omitted); *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 35 (2d Cir. 2002) ("Reasonably conspicuous notice of the existence of contract terms and unambiguous manifestation of assent to those terms by consumers are essential if electronic bargaining is to have integrity and credibility.").[2]

Instead of coming forward with evidence to controvert UNIL's evidence that UNIL never agreed to the forum selection clause, Synopsys attempts to shift to UNIL the "heavy burden" of establishing the unenforceability of the alleged forum selection clause. (*See* ECF No. 39 ("Opp.") at 6:6-8.) This puts the cart before the horse. Synopsys must show that UNIL assented to its alleged forum selection clause *before* Synopsys may rely on any presumption of validity. *See, e.g.*, *Doe v. Xytex Corp.*, 2016 WL 3902577, at *4 (N.D. Cal. July 19, 2016) ("[T]he presumption of validity is not a substitute for proof of the resisting party's objective manifestation of assent to the larger contract. If it were, a party would establish the existence of a binding contract simply

---

[2] *Gen. Motors L.L.C. v. Autel. US Inc.*, 2016 WL 1223357, at *4 (E.D. Mich. Mar. 29, 2016), a case cited by Synopsys, is illustrative of the affirmative assent required. In that case, the plaintiff required users to indicate each and every time they logged into plaintiff's software that they agreed to the plaintiff's terms of use (which contained a forum selection clause).

by showing that the contract contained a presumptively valid forum selection clause — an obviously absurd result.").

Nowhere does Synopsys even argue, let alone establish with competent evidence, that its websites contained any notice and assent procedures in December 2013 and spring 2014 that would support even an inference that UNIL assented to an alleged forum selection clause in its terms of use. (Opp. at 6-7 & n.3.) To the contrary, Synopsys describes the assent procedure that was allegedly in place months later, as of November 24, 2014,[3] and then cites an allegation from the complaint that there were downloads "in April and May of 2014." (*Id.* at 6 n.3.) Synopsys clearly hopes to suggest that the assent procedure was in place in April and May of 2014, but an allegation that there were downloads months earlier is not the same as an allegation that an assent procedure was actually in place at that time. Synopsys has peculiar knowledge of how its file download website operated in 2013 and 2014, and is in the best position to describe what — if any — notice and assent procedures Synopsys implemented on its websites. Yet Synopsys offered no affidavit or other competent evidence to support these critical predicate facts. Synopsys' silence on this point is deafening.

### 2.     Synopsys' Challenges to Mr. Tsai's Declaration Should Be Overruled.

Unable to make the required factual showing that UNIL consented to personal jurisdiction, Synopsys makes two challenges to the weight of Mr. Tsai's declaration, neither one of which changes the outcome.

Synopsys' first argument that Mr. Tsai, as a Ubiquiti employee, cannot "authoritatively declare" that no UNIL employee assented to Synopsys' terms of use (Opp. at 7:9-18) ignores the facts. Mr. Tsai personally used Synopsys' file download websites in December 2013 and saw firsthand that Synopsys did not require its users to assent to its terms of use. (Tsai Decl. ¶¶ 2-4, 11.) What was true for Mr. Tsai would have been true for everyone who used Synopsys' file download websites in that time period, including UNIL. Synopsys produced no facts to dispute that conclusion.

---

[3] These alleged facts are not in the complaint and should be given no weight in any event.

1    Synopsys' second argument that Mr. Tsai did not raise a factual dispute in light of *Tinder*
2    *v. Pinkerton Sec.*, 305 F.3d 728, 735-736 (7th Cir. 2002), because he stated he "did not recall"
3    receiving any prompts to assent to Synopsys' terms of use (Opp. at 7:19-27), is likewise
4    unavailing. In *Tinder*, an employee challenged notice of a change in her employment agreement
5    requiring arbitration. In response, the employer submitted two affidavits showing that it had
6    distributed a written brochure about the new arbitration term with her paycheck, and that the
7    employee had received it. The employer had also alleged that it provided notice of the new term
8    through an employee magazine and a poster displayed at her worksite. The court held that the
9    employee's declaration that she did not recall *"seeing or reviewing"* the brochure failed to raise a
10   genuine dispute relating to notice because she did not dispute that she *received* the brochure or
11   that she saw *the magazine and poster.*

12   The facts here are not comparable. UNIL disputed that it received notice of Synopsys'
13   websites' terms of use and affirmatively assented to those terms. And Synopsys failed to submit
14   *any* competent evidence showing that it maintained adequate notice and assent procedures on its
15   websites at the time UNIL allegedly accessed them. This case is therefore closer to *Orbital*
16   *Publ'g Grp., Inc. v. Wells*, 2015 WL 13237232, at *5 (D. Or. Dec. 21, 2015), in which the court
17   held that it lacked personal jurisdiction when the defendant testified, "to the best of [her]
18   knowledge," that she did not make contact with the forum state, and the plaintiff did not submit
19   any contrary affidavits but rested on the disputed allegations in its complaint.

20   **3.   Synopsys Fails to Show that Any of UNIL's Alleged Suit-Related
         Activities Satisfies the Ninth Circuit's "Purposeful Direction" Test**
21

22   As set forth below, Synopsys fails to show that UNIL engaged in sufficient suit-related
23   conduct in California for the Court to exercise specific jurisdiction over any of Synopsys' claims.
24   *See Picot v. Weston*, 780 F.3d 1206, 1215 n.3 (9th Cir. 2015) ("Personal jurisdiction must exist
25   for each claim asserted against a defendant.") (citation omitted).

26              **a.   Synopsys' Fraud Claims**
27   UNIL's motion showed that UNIL did not direct any allegedly fraudulent communications
28   to California. (Mot. at 9:22-28.) Synopsys did not submit any affidavits or other evidence

1  contesting that showing. (Opp. at 8:25-9:3.) Although Synopsys' opposition reasserts its bare
2  allegation that UNIL contacted a "U.S.-based" Synopsys employee for customer support (Opp. at
3  9:2-3), Synopsys fails to address UNIL's affidavit showing that UNIL interacted only with that
4  employee (Mr. Richard Su) while he was physically present in Taiwan. (Tsai Decl. ¶ 12.) That
5  act cannot give rise to specific jurisdiction because it occurred entirely in Taiwan. *See Walden v.*
6  *Fiore*, 134 S. Ct. 1115, 1122 (2014) ("[O]ur 'minimum contacts' analysis looks to the defendant's
7  contacts with the forum State itself, not the defendant's contacts with persons who reside there.").
8        In addition, Synopsys fails to argue — and therefore concedes — that this alleged act does
9  not have a causal relationship to its fraud claims. (*See* Opp. at 11:9-15.) Because Synopsys fails
10 to show that UNIL directed any alleged fraud-related statements to California, the Court should
11 dismiss with prejudice all fraud claims against UNIL for lack of personal jurisdiction.

         **b.**     **Synopsys' DMCA and 18 U.S.C. § 2318 Claims**

13       Synopsys' opposition identifies only four "intentional acts" that Synopsys alleges
14 occurred in California, all of which Synopsys argues "arose out of or relate to" its DMCA and
15 35 U.S.C. § 2318 anti-circumvention and counterfeit license key claims:

16/17           (1) that UNIL downloaded and used software stored on Synopsys' California servers (FAC at ¶¶ 18, 48, 53, 54, 56);

18/19           (2) that UNIL transmitted counterfeit and illicit license keys and unauthorized copies of Synopsys' software to California-based Ubiquiti (*id.* at ¶¶ 28, 33, 42, 46, 49, 51, 56, 58, 63);

20           (3) that UNIL is associated with virtual machines that used counterfeit license keys within California (*id.* at ¶ 62); and

21/22           (4) that UNIL employees contacted Synopsys' U.S.-based customer support personnel to obtain assistance in using the pirated software. (*Id.* at ¶ 55.)

23 (Opp. at 8:25-9:3; *see also id.* at 11:9-13.) The fourth alleged act is not jurisdictionally relevant
24 for the reasons stated above — it occurred entirely in Taiwan. (*See supra* Section I.B.3.a; *see*
25 *also* Mot. at 9:22-28.) *See also Walden*, 134 S. Ct. at 1125 ("Regardless of where a plaintiff lives
26 or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has
27 formed a contact with the forum State.").
28       The remaining three alleged acts do not create the required "substantial connection" with

California to support jurisdiction over Synopsys' DMCA and § 2318 claims.  *See id.* at 1121.

*First*, with respect to UNIL's alleged download and use of software from Synopsys' file download website, Synopsys fails to allege that UNIL affirmatively assented to a California forum selection clause as a result of allegedly using that website.  (*See supra* Section I.B.1.)  Without such consent, UNIL's alleged *use* of a California website cannot constitute the kind of purposeful activity that will give rise to specific jurisdiction in California.  *See, e.g.*, *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) ("'[U]se of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state.'") (citations omitted).

As for the alleged downloads, Synopsys' argument that "the Court may plausibly infer that UNIL knew — or at a minimum, recklessly disregarded the possibility — that it reached out to California-based servers" (Opp. at 10:3-5) overlooks the business reality that companies, like Synopsys, do not always maintain data centers or servers at the same location as their principal place of business, but often contract with third parties for server resources that may exist anywhere in the world.  (*See* Reply Decl. of Ching-Han Tsai in Supp. of Def UNIL's Mot. to Dismiss for Lack of Personal Jurisdiction ("Tsai Reply Decl.") ¶ 5, filed herewith.)  In fact, Synopsys admits that one of the servers for its "customer support and file download websites" is actually located *in Ireland*, not California.  (ECF No. 30 ¶ 44.)

Further, Synopsys' argument that UNIL's alleged file downloads were the "but for" cause of Synopsys' DMCA and § 2318 claims (Opp. at 11:8-22) stretches the causal link too far.  Synopsys' citation to *Microsoft Corp. v. Mountain W. Computers, Inc.,* 2015 WL 4479490 (W.D. Wash. July 22, 2015), provides an appropriate comparison.  In that case, the defendant allegedly entered an unauthorized license key on the plaintiff's computer server in the forum state in order to unlock a security feature on the plaintiff's software (which it had purchased from a third-party vendor in the forum state).  *Id.* at *5-8.  In other words, the alleged act of circumvention both occurred in the forum state and gave rise directly to the defendant's anti-circumvention copyright claims.  Here, by contrast, Synopsys does not allege that UNIL circumvented any Synopsys security measure when it downloaded Synopsys' software.  To the contrary, Synopsys admits that

1  UNIL had Synopsys' permission to download Synopsys' software from its website. (Am. Compl.
2  ¶¶ 52-53.) Nor does Synopsys allege that UNIL used any unauthorized license keys *in California*
3  that would support its DMCA and § 2318 claims. In other words, Synopsys' downloading
4  allegations do not have the kind of direct causal relationship to its DMCA and § 2318 claims that
5  would support specific jurisdiction.[4]

6  ***Second***, with respect to UNIL's alleged "transmission" of unauthorized license keys and
7  unauthorized copies of Synopsys' software to Ubiquiti employees located in California, those
8  events never occurred. As explained in the Ching-Han Tsai and Sheng-Feng Wang declarations
9  submitted with this reply brief, Mr. Tsai and Mr. Wang are the only two Ubiquiti employees in
10 California who worked on semiconductor design activities with UNIL's team in Taiwan. Neither
11 Mr. Tsai nor Mr. Wang received any transmission from any UNIL employee containing
12 unauthorized license keys or unauthorized copies of Synopsys' software. (*See* Tsai Reply Decl.
13 ¶¶ 2-3; Reply Decl. of Sheng-Feng Wang in Supp. of Def. UNIL's Motion to Dismiss for Lack of
14 Personal Jurisdiction ("Wang Reply Decl.") ¶¶ 2-3.)

15 ***Finally***, with respect to UNIL's alleged "association" with virtual machines that allegedly
16 used counterfeit license keys within California, Synopsys' opposition fails to identify what *acts*, if
17 any, UNIL took in California that would support specific jurisdiction on this basis. Synopsys'

---

[4] Synopsys' citation to *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998), for the proposition that "[i]t is not required that a defendant be physically present or have physical contacts with the forum, so long as his efforts are 'purposefully directed' toward forum residents" is no longer good law in view of the Supreme Court's intervening decision in *Walden*, 134 S. Ct. at 1122, that the "'minimum contacts' analysis looks to the defendant's contacts *with the forum State itself*, not the defendant's contacts with persons who reside there." *Id*. (emphasis added). *See also Microsoft,* 2015 WL 4479490, at *6-7 (discussing effect of *Walden*).

Synopsys' citations to *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011), *Autodesk, Inc. v. Kobayashi + Zedda Architects, Ltd.*, 191 F. Supp. 3d 1007, 1018 (N.D. Cal. 2016), and *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1053-54 (N.D. Cal. 2010), are distinguishable for the same reason. *Mavrix* is distinguishable for the additional reason that it involves a website that the defendant hosted in the forum state, not one that the plaintiff hosted and that the defendant allegedly used. *See Mavrix*, 647 F.3d at 1229-31.

Also distinguishable is *Gen. Motors*, 2016 WL 1223357, at *4, which did not rely on a single download event. The court found personal jurisdiction based on multiple acts in the forum state that it had previously addressed in prior cases filed against the same defendant.

1  allegation, which derives from Paragraph 62 of the Amended Complaint, asserts only that the so-
2  called Piracy Enterprise "configured computers" (at an unspecified location or locations) that
3  others could then access through virtual machines in California and Taiwan:

> Other times, the Piracy Enterprise configured computers so that Synopsys' applications and counterfeit license keys were accessible from a virtual machine that, on information and belief, could be accessed remotely and/or transported and used in and outside of California.  Evidence indicates that the Piracy Enterprise used certain virtual machines in both California and in Taiwan.

(Am. Compl. ¶ 62.)

But Synopsys nowhere alleges that *UNIL* committed any intentional act in California in connection with this allegation.  Synopsys' vague allegation therefore does not show that UNIL engaged in any jurisdictionally relevant acts in California.

### c.  Synopsys' Remaining Claims

Synopsys' remaining claims against UNIL for civil RICO and negligent misrepresentation should also be dismissed for lack of personal jurisdiction.  As UNIL's motion showed, Synopsys cannot rely on its vague agency or conspiracy allegations to impute Ubiquiti's or Mr. Tsai's alleged acts in California to UNIL, but must identify a jurisdictionally relevant act that *UNIL* committed in California.  (Mot. at 10:1-15.)  Synopsys offers no rebuttal to UNIL's arguments on this point.  Other than the four jurisdictionally deficient acts described above, Synopsys identifies no predicate act that UNIL allegedly committed in California underlying Synopsys' civil RICO claim, and Synopsys' negligent misrepresentation claims involve allegations only against Mr. Tsai, not UNIL.

### B.  Exercising Specific Jurisdiction Over UNIL Would Be Unreasonable

UNIL's motion showed that it would violate notions of "fair play and substantial justice" to exercise specific jurisdiction over UNIL because Synopsys fails to show that UNIL directed *any* meaningful activity at California.  (Mot. at 7 n.3.)  Synopsys' opposition only reinforces this conclusion, as Synopsys fails to identify any jurisdictionally relevant acts in California.

Contrary to Synopsys' argument (Opp. at 11:23-12:2), UNIL did not waive this argument because UNIL raised it in its motion and UNIL's burden to make a showing on this issue arises

only if Synopsys meets its burden with respect to the first two prongs of the specific jurisdiction test. *Picot*, 780 F.3d at 1211. Synopsys still has not met its burden.

## II. SYNOPSYS' AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Synopsys concedes that United States copyright law does not reach wholly extraterritorial activities (Opp. at 12:16-20), and does not dispute that the DMCA contains no language clearly expressing Congress' intent to reach wholly extraterritorial activities. (*Compare* Mot. at 11:11-13, *with* Opp. at 12:4-20.) Synopsys' argument that the DMCA contains "import restrictions" on bringing anti-circumvention technology into the United States (Opp. at 12:8-12) assumes that Synopsys stated a valid claim under 17 U.S.C. §1201(a)(2) or § 1201(b) based on the importation of anti-circumvention technology. For the reasons stated in Ubiquiti's motion under Federal Rule of Civil Procedure 12(b)(6), Synopsys failed to state such a claim. (ECF No. 34 at 3:18-6:22.)

Synopsys' argument that the complaint alleges that UNIL engaged in acts of circumvention in California (Opp. at 12:14-16) misstates Synopsys' allegations in its complaint. None of the paragraphs that Synopsys identified (*see* Am. Compl. ¶¶ 18, 48, 53, 54, 56) allege that UNIL committed any act in California other than allegedly downloading software from Synopsys' website (which Synopsys does not allege involved a circumvention event or other illegal act). Because Synopsys fails to allege that UNIL used unauthorized license keys or otherwise committed an anti-circumvention act within California, the Court should dismiss Synopsys' DMCA claims against UNIL under Federal Rule of Civil Procedure 12(b)(6).

The Court should also dismiss Synopsys' claims against UNIL for all the reasons stated in Ubiquiti's reply brief in support of Ubiquiti's Rule 12(b)(6) motion. UNIL expressly joins in that brief, and incorporates all the arguments in that reply brief here by reference.

## III. THERE IS NO NEED FOR JURISDICTIONAL DISCOVERY

First, Synopsys had an opportunity to submit evidence, which lies within its exclusive control, showing that its file download website contained sufficient notice and assent procedures in 2013 and spring 2014 to bind UNIL to the alleged forum selection clause that Synopsys claims was buried somewhere in its website's terms of use, as well as evidence that UNIL assented to

those terms. Synopsys failed to submit that evidence. The Court should presume that the information Synopsys withheld is unfavorable to its personal jurisdiction arguments. Further, no discovery from UNIL is even required for Synopsys to be able to access that evidence. It is already in Synopsys' possession. Second, given Synopsys' failure to allege that UNIL engaged in any acts in California other than allegedly downloading software from a Synopsys website with Synopsys' permission — an act that cannot give rise to specific jurisdiction as a matter of law for the reasons stated above — Synopsys has failed to show how burdening UNIL with unspecified jurisdictional discovery will alter that conclusion.

## IV.  UNIL'S RESPONSES TO SYNOPSYS' EVIDENTIARY OBJECTIONS

| Para. | Challenged Portion | Synopsys' Objection(s) | UNIL's Response(s) |
|---|---|---|---|
| 4 | So far as I recall, the links that I received did not require me to assent to any terms of use or anything in addition to the evaluation license that I had already signed. | **Speculation**: Tsai does not remember whether he assented to the terms of use, indicated by the hedging phrase "So far as I recall." | Mr. Tsai personally visited Synopsys' file download website in late 2013 and testified to his memory that Synopsys' website did not prompt him to assent to any website terms of use. That testimony is based on his personal knowledge, and not improper speculation. |
| 6 | Mr. Bergman referred me to Tony Huang from Synopsys Taiwan Co., Ltd. ("Synopsys Taiwan") in Taiwan . . . . | **Lack of Foundation**: Tsai is not qualified to speak to which Synopsys entity Mr. Huang works for, or where Mr. Huang resides. | Mr. Tsai personally interacted with Mr. Huang, including through email, and testified to this fact based on his personal knowledge. Mr. Tsai also received emails from Mr. Huang that explicitly state that Mr. Huang works for "Synopsys Taiwan Co., Ltd." (*See* Tsai Reply Decl. Ex. A.) |
| 7 | Based on that review, I can confirm that no UNIL employee that I am aware of communicated directly by email with Mr. Bergman or any other Synopsys employees located in California | **Lack of Foundation**: Tsai is not qualified to speak to UNIL's communications with Synopsys or the location of any Synopsys employees. | Mr. Tsai personally interacted with California-based Synopsys employee, Mr. Bergman. Mr. Tsai testified that in none of the emails that he sent to Mr. Bergman in California, as alleged in Paragraph 49 of the Amended Complaint, did any UNIL employee communicate directly with Mr. Bergman or any other California-based Synopsys employees. His testimony is based on his personal knowledge and memory, as refreshed through his review of his emails. |

| Para. | Challenged Portion | Synopsys' Objection(s) | UNIL's Response(s) |
|---|---|---|---|
| | during this timeframe. | | |
| 8 | I am aware that UNIL employees communicated with Synopsys Taiwan employees *located in Taiwan* in this timeframe... Specifically, in late March 2014, I understand that a UNIL employee sent a Host ID to Mr. Huang of Synopsys Taiwan for the DC Ultra software evaluation. But to the best of my knowledge, UNIL employees did not communicate directly with any Synopsys employees *located in California* in this timeframe. | **Lack of Foundation**: Tsai is not qualified to speak to UNIL's communications with Synopsys or the location of any Synopsys employees.  **Hearsay**: Tsai is relying emails, which are out-of-court statements, for the truth of the matter asserted.  **Speculation**: Tsai hedges the final statement in the paragraph with the phrase "to the best of my knowledge." | Mr. Tsai personally attended meetings in Taiwan between UNIL employees and Synopsys Taiwan employees in April 2014. Mr. Tsai therefore testified from personal experience that the April 2014 meetings alleged in Paragraph 50 of the Amended Complaint did not involve communications between UNIL employees in Taiwan and Synopsys employees in California. His testimony is based on his personal knowledge and memory, as refreshed through his review of his emails. |
| 9 | The Synopsys Taiwan employees who attended that meeting, Mr. Huang and Victor Chen, were both located in Taiwan and, to the best of my knowledge, worked out of Synopsys Taiwan offices. No Synopsys California employees joined the April 8, 2014 meeting remotely from California . . | **Lack of Foundation**: Tsai is not qualified to speak to which Synopsys entity Messrs. Huang and Chen work for, or where Synopsys employees are located. | As stated above, Mr. Tsai personally attended the April 2014 meetings in Taiwan and testified based on personal knowledge that the alleged meeting attendees, whom Mr. Tsai identified as Mr. Huang and Mr. Chen, were both physically present in Taiwan at that time and that no Synopsys California employee joined remotely. Mr. Tsai received emails from Mr. Huang that explicitly state that Mr. Huang works for "Synopsys Taiwan Co., Ltd." (*See* Tsai Reply Decl. Ex. A.) And Mr. Chen maintains a Linkedin profile indicating that he works for Synopsys in Taiwan. (*Id.* Ex. B.) |

| Para. | Challenged Portion | Synopsys' Objection(s) | UNIL's Response(s) |
|---|---|---|---|
| | . . | | |
| 11 | I do not recall any point in time when I used Synopsys's file download websites that I received a prompt or other request asking me to agree to Synopsys's terms of use. | **Speculation**: Tsai does not remember whether he assented to the terms of use, as indicated by the hedging phrase "I do not recall." | Mr. Tsai personally visited Synopsys' file download website in late 2013 and testified to his memory that Synopsys' website did not prompt him to assent to any website terms of use.  That testimony is based on his personal knowledge, and not improper speculation. |
| 12 | On May 19, 2014, a UNIL employee exchanged emails with a Synopsys Taiwan employee, Peter Tseng, and a Synopsys California employee, Richard Su—*both of whom were located in Taiwan at that time*—about a technical issue with a Synopsys software program. | **Lack of Foundation**: Tsai is not qualified to speak to UNIL's communications with Synopsys or the location of any Synopsys employees. **Relevance**: The physical location of Synopsys employees at the time of the subject communications is irrelevant. | As Mr. Tsai stated in his declaration, Mr. Tsai was copied on the May 19, 2014 email chain described in Paragraph 55 of the Amended Complaint, and therefore testified from personal knowledge about UNIL's communications with Synopsys.  The email itself indicated that the Synopsys employees "walked over to UNIL's Taiwan office" on May 19, 2014 (*see* Tsai Decl. ¶ 12), which would have been quite a feat if those employees were located in California at that time. The physical location of Synopsys' employees at the time of the alleged communication is relevant because the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 134 S. Ct. at 1122. |
| 12 | According to the email, Mr. Tseng and Mr. Su walked over to UNIL's Taiwan office on May 19, 2014, to assist the UNIL employee with that issue. | **Hearsay**: Tsai is relying on emails, which are out-of-court statements, for the truth of the matter asserted. | Mr. Tsai relied on admissions made by Synopsys employees, which are not hearsay.  Fed. R. Evid. 801(d).  Those admissions also included Mr. Su's statement that he would be walking over to UNIL's office in Taiwan, which falls within the "state of mind" hearsay exception.  Fed. R. Evid. 803(3). |
| 12 | To my knowledge, no UNIL employee knowingly interacted with any Synopsys | **Lack of Foundation**: Tsai is not qualified to speak to UNIL's communications with Synopsys or | As Mr. Tsai stated in his declaration, Mr. Tsai was copied on the May 19, 2014 email chain described in Paragraph 55 of the Amended Complaint, and therefore testified from personal knowledge about UNIL's communications with Synopsys.  The email itself indicated that the |

| Para. | Challenged Portion | Synopsys' Objection(s) | UNIL's Response(s) |
|---|---|---|---|
| | customer support personnel located in California on or around May 19, 2014. | the location of any Synopsys employees. | Synopsys employees "walked over to UNIL's Taiwan office" on May 19, 2014. (*See* Tsai Decl. ¶ 12.)<br><br>Mr. Tsai's testimony is based on his personal knowledge and memory, as refreshed through his review of his emails. |

## CONCLUSION

The Court should dismiss UNIL for lack of personal jurisdiction with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2) because Synopsys failed to meet its burden to show that UNIL engaged in any purposefully-directed, suit-related conduct within this forum. The Court should also dismiss Synopsys' Amended Complaint against UNIL with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: May 2, 2017

JENNIFER LEE TAYLOR
JOYCE LIOU
AMANDA D. PHILLIPS
MORRISON & FOERSTER LLP

By: */s/ Jennifer Lee Taylor*
JENNIFER LEE TAYLOR

*Attorneys for Specially-Appearing Defendant*
UBIQUITI NETWORKS INTERNATIONAL LIMITED