| | |
|---|---|
| DENISE M. MINGRONE (SBN 135224) | JENNIFER LEE TAYLOR (SBN 61368) |
| dmingrone@orrick.com | JTaylor@mofo.com |
| ROBERT L. URIARTE (SBN 258274) | STACEY M. SPRENKEL (SBN 241689) |
| ruriarte@orrick.com | SSprenkel@mofo.com |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | JOYCE LIOU (SBN 277720) |
| 1000 Marsh Road | JLiou@mofo.com |
| Menlo Park, CA 94025-1015 | AMANDA D. PHILLIPS (SNB 305614) |
| Telephone: +1 650 614 7400 | APhillips@mofo.com |
| Facsimile: +1 650 614 7401 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| Attorneys for Plaintiff/Counterdefendant | San Francisco, CA 94105 |
| SYNOPSYS, INC. | Telephone: +1 415 268-7000 |
| | Facsimile: +1 415 268-7522 |
| | |
| | Attorneys for Defendant/Counterclaimant |
| | UBIQUITI NETWORKS INC., and |
| | Defendants CHING-HAN TSAI and |
| | UBIQUITI NETWORKS |
| | INTERNATIONAL LIMITED |

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBIQUITI NETWORKS, INC., UBIQUITI NETWORKS INTERNATIONAL LIMITED, CHING-HAN TSAI, and DOES 1-20, inclusive,<br><br>　　　　　Defendants.<br><br>UBIQUITI NETWORKS, INC.<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>SYNOPSYS, INC.,<br><br>　　　　　Counterdefendant. | **Case No. 3:17-cv-00561-WHO**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　　May 17, 2017<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 2, 17th Floor<br>Judge:　　Hon. William H. Orrick |

Counsel for Plaintiff Synopsys, Inc. and counsel for Defendants Ubiquiti Networks, Inc. ("Ubiquiti"), Ubiquiti Networks International Limited ("UNIL"), and Ching-Han Tsai ("Tsai") hereby submit this Joint Case Management Statement pursuant to N.D. Cal. Local Rule 16-9(a) and the Standing Order for All Judges of the Northern District of California.

**1. Jurisdiction and Service**

Other than the issues raised in UNIL's pending Rule 12(b)(2) motion to dismiss (Dkt. 35), no issues exist regarding personal jurisdiction or venue. No parties named in the action remain to be served, but discovery may reveal the identity of additional Doe Defendants whom Synopsys will promptly seek to substitute as named defendants pursuant to Fed. R. Civ. P. 15.

**2. Facts**

Synopsys alleges that it is a world leader in semiconductor design software that is generally referred to in the industry as EDA (electronic design automation) software. Synopsys' headquarters is in Mountain View, California. Ubiquiti is headquartered in San Jose, California. Ubiquiti and its subsidiaries develop networking technology for service providers and enterprises. UNIL is a Ubiquiti subsidiary organized under the laws of Hong Kong with a branch office in Tapei, Taiwan. Synopsys alleges that UNIL conducts semiconductor design services for Ubiquiti, that Defendant Tsai is a semiconductor design professional employed by Ubiquiti as a Project Lead, and that Tsai worked for Ubiquiti from October 2013 to present in San Jose and Taipei. Defendants deny these allegations.

Synopsys alleges that in 2013 Ubiquiti had need of EDA software to assist in the design and testing of chips it was beginning to develop, and began discussions with Synopsys regarding its software products. Ubiquiti signed a Non-Disclosure Agreement ("NDA") with Synopsys on October 15, 2013 to facilitate the parties' discussions about a potential business relationship. Synopsys signed the NDA on November 25, 2013. On November 26, 2013, Synopsys and Ubiquiti executed an evaluation license agreement, which Synopsys alleges granted Ubiquiti limited access to Synopsys software and documentation for a finite period of time. Defendants deny that the November 26, 2013 license agreement granted Ubiquiti "limited access" to Synopsys software for the evaluation, as the license expressly permitted Ubiquiti to allow any end

user to access and use the licensed software for evaluation purposes.  In furtherance of the evaluation license agreement, Synopsys alleges that it created for Ubiquiti a user account providing it with access to Synopsys' customer support, and file download websites.

Synopsys alleges that from November 27, 2013 to December 28, 2013, Tsai or others acting on Defendants' behalf accessed Synopsys' file download and customer support websites and downloaded multiple files, including Synopsys' software applications and documentation. Synopsys alleges that in order to facilitate Defendants' purported evaluation of Synopsys' software, Synopsys issued temporary license keys to Ubiquiti to permit Ubiquiti to execute Synopsys' software on particular host computers.  Synopsys alleges that without a license key, Synopsys' software will not execute.  Defendants deny that a license key is necessary to execute Synopsys' software, or that Synopsys issued temporary keys to permit software access on only particular computers.

Synopsys alleges that in early March 2014, Tsai contacted Synopsys and requested additional temporary license keys for UNIL, which Synopsys granted.  Synopsys alleges that between April 16, 2014 and May, UNIL or others acting on Defendants' behalf accessed Synopsys' file download and customer support websites and downloaded additional Synopsys software applications and documentation.

Synopsys alleges that in March 2016, Synopsys discovered that Defendants had been using counterfeit license keys to access Synopsys' software since at least February 2014. Synopsys alleges that after investigating Defendants' conduct, Synopsys issued a cease and desist demand to Defendants in May 2016, and that Defendants accessed Synopsys software with a counterfeit license key subsequent to Synopsys' cease and desist demand.  Synopsys alleges that Defendants used counterfeit license keys to access Synopsys software over 39,000 times that Synopsys is aware of.  Defendants deny using any "counterfeit" license keys to access Synopsys' software.  Defendants also deny accessing Synopsys' software after the alleged "cease and desist demand," which was brought to Ubiquiti by a third party named IT Compliance Association ("ITCA"), not Synopsys, in May 2016.

In connection with the executed NDA, Ubiquiti alleges that Synopsys breached the NDA by disclosing Ubiquiti's confidential, proprietary information to non-authorized recipients. Ubiquiti alleges that Synopsys worked with a third party named SmartFlow Compliance Solutions, Inc. ("SmartFlow") to conceal the latter's phone-home software within Synopsys' software, including the software that Ubiquiti installed pursuant to the evaluation license. Ubiquiti alleges that Synopsys used the phone-home software to collect and transmit confidential, proprietary data from Ubiquiti's computers to Synopsys without Ubiquiti's knowledge or consent, and Synopsys subsequently disclosed that information to third parties in breach of the NDA. Synopsys denies that Ubiquiti has any viable claim for breach of contract.

### A.     Synopsys' Identification of Principal Factual Issues

Synopsys identifies the following principal factual issues in dispute:

- Whether Defendants' illegal piracy activity ceased.
- Whether Defendants accessed Synopsys' software without authorization more than the 39,000 instances identified in the complaint. If so, what software was illegally accessed, when, and by whom.
- The identities of all Ubiquiti and UNIL employees who are/were involved in or aware of the software piracy.
- The identity of all Ubiquti products and/or chips for which Defendants used Synopsys' software to develop and/or test.
- Any third party licenses from other EDA providers with whom Defendants engaged for EDA software from 2013 to present.
- The location(s) and number(s) of unauthorized copies of Synopsys software and documentation created by Defendants.
- Whether any additional Synopsys software programs not identified in the complaint were accessed by Defendants.
- The identities including names and contact information for all third parties to whom Defendants transferred Synopsys software or license keys.
- Defendants' additional software piracy conduct, whether in the past or present.

**B.     Defendants' Identification of Principal Factual Issues**

Defendants identify the following principal factual issues in dispute:

- Whether Synopsys' license keys were used each and every time that Defendants are alleged to have accessed or used Synopsys software over 39,000 times.
- Whether the allegedly unauthorized instances of access of Synopsys software occurred outside the United States and thus beyond this Court's jurisdiction.
- Whether the November 26, 2013 license agreement permitted Ubiquiti to allow any end user to access and use the licensed software, including from different computers, for purposes of evaluating the software.
- The nature of the concealed phone-home software installed with Synopsys' software without Ubiquiti's knowledge or consent, including the extent of the information collected and transmitted to Synopsys and disclosed to third parties without Ubiquiti's authorization.
- The nature of the relationship between Synopsys, ITCA, and SmartFlow.

**3.    Legal Issues**

**A.     Synopsys' Identification of Legal Issues**

Synopsys identifies the following disputed points of law:

- Whether Defendants trafficked circumvention technology in violation of 17 U.S.C. §§ 1201(a)(2) and 1201(b) by creating, importing, and distributing between distinct corporate entities for commercial purposes counterfeit license keys and counterfeit key generation tools;
- Whether Defendants trafficked in counterfeit and illicit labels in violation of 18 U.S.C. § 2318 by creating, importing, exporting, and distributing between distinct corporate entities for commercial purposes counterfeit and illicit license keys;

- Whether Defendants willfully infringed Synopsys copyright rights in the software and documentation that Defendants copied in violation of 17 U.S.C. § 506 and 18 U.S.C. § 2319.

**B.     Defendants' Identification of Legal Issues**

Defendants identify the following disputed points of law:

- Whether Defendants engaged in acts constituting circumvention of a technological measure in violation of 17 U.S.C. § 1201(a)(1);
- Whether Defendants are entitled to a declaratory judgment that the use or access of Synopsys' software, that is without, separate from, or subsequent to the alleged use of "counterfeit" license keys, do not constitute an act of circumvention under 17 U.S.C. § 1201(a)(1);
- Whether Defendants engaged in acts constituting trafficking of circumvention technology that is primarily designed to circumvent a technological measure in violation of 17 U.S.C. § 1201(a)(2);
- Whether Defendants engaged in acts constituting trafficking of circumvention technology that is primarily designed to circumvent protection afforded by a technological measure effectively protecting a copyright right in violation of 17 U.S.C. § 1201(b)(1);
- Whether Defendants engaged in acts constituting trafficking in counterfeit and illicit labels in violation of 18 U.S.C. § 2318;
- Whether Defendants engaged in acts constituting willful infringement of Synopsys copyright rights in violation of 17 U.S.C. § 506 and 18 U.S.C. § 2319;
- Whether Synopsys breached its NDA with Ubiquiti in disclosing Ubiquiti's confidential, proprietary information to non-authorized recipients;
- Whether there is liability under the Digital Millennium Copyright Act where the alleged acts of circumvention occurred outside of the United States;

- Whether statutory damages under the Digital Millennium Copyright Act are precluded by the November 26, 2013 license agreement, whereby the parties specifically agreed that special damages are unavailable for any claims relating to the use of Synopsys' software; and
- Whether the Digital Millennium Copyright Act provides for statutory or actual damages when the alleged acts of trafficking and circumvention did not occur entirely in the United States.

**4.     Motions**

Two motions are pending at present: (1) Ubiquiti and Tsai's Rule 12(b)(6) motion (Dkt. 34); and (2) UNIL's Rule 12(b)(2) jurisdictional motion or Rule 12(b)(6) motion to dismiss in the alternative (Dkt. 35).

Defendant Ubiquiti anticipates filing a Rule 12(f) motion to strike certain of Synopsys' affirmative defenses (Dkt. 37) by May 9, 2017.  The parties contemplate potentially moving for summary judgment on discrete issues after taking discovery.  Synopsys also contemplates a potential motion for leave to amend the complaint to substitute individuals identified in discovery for Doe defendants currently named in the caption of the complaint.  The parties do not contemplate any other motions at this time.

**5.     Amendment of Pleadings**

Other than a potential amendment to substitute one or more Doe defendants with individuals identified through discovery, Synopsys does not anticipate any further amendment to its pleading.   In the event that the pending Rule 12 motions against Synopsys' Amended Complaint are denied, by the deadline set by the Court or under Rule 12(a)(4), Defendants will respectfully file a responsive pleading that may assert counterclaims and defenses against Synopsys' amended claims.  Defendants also may seek leave to amend their respective pleadings to add new counterclaims based on facts uncovered through discovery.  The parties propose that the deadline for amending pleadings coincide with the close of fact discovery in February 2018.

**6.     Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of ESI and have met and conferred regarding ESI issues. The parties anticipate entering into stipulated orders governing discovery and use of ESI based on the Norther District of California's model ESI and protective orders.

**7.     Disclosures**

The parties anticipate full and timely compliance with Fed. R. Civ. P. 26, which are due to be served the same day as this Joint Statement.

**8.     Discovery**

The parties anticipate propounding interrogatories, requests for production, requests for admission, and deposition notices on each other. No discovery disputes have arisen to date. The parties anticipate entering into a stipulated e-discovery order.

**9.     Class Actions**

Not applicable.

**10.    Related Cases**

Not applicable.

**11.    Relief**

    **A.     Synopsys' Requested Relief**

Synopsys requests relief including monetary damages, disgorgement of ill-gotten profits, and/or statutory damages as permitted by law. Synopsys may also seek equitable relief enjoining further violations of law by Defendants.

Discovery is required to permit Synopsys to ascertain the amounts of actual damages, disgorgement of profits, and statutory damages for its claims. At present, however, Synopsys is aware of at least 39,000 instances in which Defendants used counterfeit license keys to circumvent Synopsys' License Key System in violation of the DMCA. Pursuant to 17 U.S.C. § 1203, Synopsys is entitled to statutory damages in the amount not less than $200 or more than $2,500 per act of circumvention, which yields a statutory damages range of approximately $7.8

million to $ 97.5 million based on the number of Defendants' acts of circumvention presently known to Synopsys.

With respect to potential liability on Defendant Ubiquiti' counterclaim for breach of the NDA agreement, Synopsys believes that Ubiquiti's claim fails as a matter of law.  To the extent Ubiquiti's breach claim entitles it to any damages whatsoever, such damages are limited to any damages proximately caused by Synopsys' disclosure of purportedly confidential information to third parties engaged by Synopsys to help remediate Defendants' software piracy, which Synopsys believes to be $0.

### B.    Defendants' Requested Relief

Defendant Ubiquiti seeks a declaratory judgment that the use or access of Synopsys' software, that is without, separate from, or subsequent to the alleged use of "counterfeit" license keys, does not constitute an act of circumvention under 17 U.S.C. § 1201(a)(1).

Defendant Ubiquiti also seeks (a) compensatory, incidental, and special damages for Synopsys' breach of the NDA, the amount of which Ubiquiti cannot ascertain without discovery because the extent of Synopsys' data collection and unauthorized disclosure is still unknown, (b) punitive damages for Synopsys' breach of the NDA, and (c) equitable relief enjoining Synopsys from disclosing, exploiting, or utilizing Ubiquiti's confidential, proprietary information disclosed to Synopsys without Ubiquiti's consent.

Pursuant to 17 U.S.C § 1203(c), Synopsys may only elect to recover either (i) actual damages and any additional profits as provided under § 1203(c)(2), or (ii) statutory damages.  If Synopsys elects statutory damages under the DMCA, Defendants believe that such damages are precluded by the November 26, 2013 license agreement, whereby the parties specifically agreed that special damages are unavailable for any claims relating to the use of Synopsys' software.  In the alternative, the Court should remit the total award of damages pursuant to 17 U.S.C. § 1203(c)(5) because Defendants were not aware and had no reason to believe that their acts constituted violations, or should award at its discretion no more than $200 per act of circumvention.  If Synopsys elects actual damages, Defendants need discovery to determine the

1  proper basis for such calculation.  Synopsys is not entitled to disgorgement of any profits because
2  there are no profits directly attributable to the alleged violations.

3  **12.    Settlement and ADR**

4  The parties have had limited discussions regarding settlement to date.  The parties have
5  agreed to private ADR to be scheduled at a mutually satisfactory future date.  Resolution of
6  Defendants' motions to dismiss is required to facilitate settlement discussions.

7  **13.    Consent to Magistrate Jurisdiction**

8  Synopsys consented to jurisdiction by Magistrate Judge Cousins.  Defendants refused to
9  consent.

10 **14.    Other References**

11 This case is not suitable for reference to binding arbitration, a special master, or the
12 Judicial Panel on Multidistrict Litigation.

13 **15.    Narrowing of Issues**

14 The parties are not currently aware of any issues that can be narrowed by agreement or by
15 motion.  The parties do not believe bifurcation is appropriate.  The parties will endeavor to work
16 together to identify suggestions to expedite presentation of evidence at trial.

17 **16.    Expedited Trial Procedure**

18 The parties do not believe this case should be handled under General Order No. 64
19 Attachment A.

20 **17.    Scheduling**

21 The parties propose the following dates:

22 - Discovery Cutoff: Fact cutoff: February 16, 2018

23
24 - Expert disclosures: March 16, 2018

25 - Expert discovery cutoff: April 13, 2018

26
27 - Dispositive motions: June 13, 2018

28 - Pretrial conference: July 23, 2018

- Trial: August 20, 2018

**18.     Trial**

Both parties have requested a jury trial on all claims so triable as a matter of right. Synopsys anticipates a 10 day jury trial.

**19.     Disclosure of Non-Party Interested Entities or Persons**

All parties have filed disclosures pursuant to Civil Local Rule 3-15.  Synopsys certifies that other than the named parties, there is no financial or non-financial interest in the subject matter in controversy for Synopsys to report.  Defendant Ubiquiti and Tsai certify that other than the named parties, there is no financial or non-financial interest in the subject matter in controversy for either to report.

**20.     Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | | |
|---|---|---|
| 1 | Dated:  May 8, 2017 | DENISE M. MINGRONE |
| 2 | | ROBERT L. URIARTE |
| | | ORRICK, HERRINGTON & SULTCLIFFE |
| 3 | | LLP |

Dated:  May 8, 2017                    DENISE M. MINGRONE
                                       ROBERT L. URIARTE
                                       ORRICK, HERRINGTON & SULTCLIFFE
                                       LLP

                                       By:   */s/ Denise M. Mingrone*
                                             DENISE M. MINGRONE

                                       Attorneys for Plaintiff
                                       SYNOPSYS, INC.

Dated:  May 8, 2017                    JENNIFER LEE TAYLOR
                                       STACEY M. SPRENKEL
                                       JOYCE LIOU
                                       AMANDA D. PHILLIPS
                                       MORRISON & FOERSTER LLP


                                       By:   */s/ Jennifer Lee Taylor*
                                             JENNIFER LEE TAYLOR

                                       Attorneys for Defendant/
                                       Counterclaimant UBIQUITI
                                       NETWORKS INC., and Defendants
                                       CHING-HAN TSAI and UBIQUITI
                                       NETWORKS INTERNATIONAL
                                       LIMITED

## **CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION**

I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

Dated:  May 8, 2017                    By:   */s/ Denise M. Mingrone*
                                             DENISE M. MINGRONE