DENISE M. MINGRONE (STATE BAR NO. 135224)
dmingrone@orrick.com
ROBERT L. URIARTE (STATE BAR NO. 258274)
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401

Attorneys for Plaintiff/Counterdefendant
SYNOPSYS, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UBIQUITI NETWORKS, INC., UBIQUITI NETWORKS INTERNATIONAL LIMITED, CHING-HAN TSAI, and DOES 1-20, inclusive, <br><br> Defendants. | Case No. 3:17-cv-00561-WHO <br><br> **SYNOPSYS, INC.'S OBJECTION TO UNIL'S NEW EVIDENCE RAISED ON REPLY** <br><br> Date:  May 17, 2017 <br> Time:  2:00 pm <br> Dept.  Courtroom 2, 17th Floor <br> Judge: Hon. William H. Orrick |
| UBIQUITI NETWORKS, INC. <br><br> Counterclaimant, <br><br> v. <br><br> SYNOPSYS, INC., <br><br> Counterdefendant. | |

Pursuant to Local Rule 7-3(d)(1), Synopsys objects to the Declarations of Sheng-Feng Wang (Dkt. 50-1) and Ching-Han Tsai (Dkt. 50-2) filed in support of UNIL's reply brief. Synopsys respectfully requests that the Court disregard both Declarations in its consideration of UNIL's pending motions to dismiss, set for hearing on May 17, 2017.

## I.  GENERAL OBJECTIONS

Synopsys generally objects to both UNIL declarations in their entirety because they raise new matter that could have been included in UNIL's opening motion papers.  The First Amended Complaint ("FAC") alleges jurisdiction over UNIL because *inter alia* (i) UNIL targeted California-based Synopsys for software piracy, (ii) UNIL communicated with Synopsys' California employees (*see* FAC, Dkt. 30, at ¶¶ 49-52), (iii) UNIL downloaded Synopsys software from servers in California (*id.* at ¶¶ 52-55), (iv) UNIL transmitted from Taiwan to California counterfeit license keys and unauthorized copies of Synopsys software (*id.* at ¶¶ 42, 51, 53, 56, 57-60), (v) UNIL-controlled computers used counterfeit keys from IP addresses within California (*id.* at ¶ 62), and (vi) UNIL assented to terms of use containing a California forum selection clause (*id.* at ¶ 17).  Of all these bases for jurisdiction, the only two grounds UNIL's opening brief declaration addressed were grounds (ii) and (vi).  Dkt. 35-1.  UNIL failed to provide any evidence regarding the FAC's allegations that UNIL transmitted counterfeit keys and illegal copies to Ubiquiti in California, and there is no excuse for UNIL's belated attempt to put in new evidence on reply regarding issues that are clearly disclosed by the pleadings.

The general rule is that a district court need not consider arguments raised for the first time in a reply brief.  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  Local Rule 7-3(d) allows a party to object to "new evidence" submitted in a reply to an opposition in order to prevent a moving party from ambushing an opponent with new evidence in its reply papers, as UNIL has done here.  *See Willner v. Manpower Inc.*, No. 11-CV-02846-JST, 2013 WL 3339443, at *3 (N.D. Cal. July 1, 2013).  UNIL's tactics are particularly troubling given the equivocal, ambiguous nature of the two declarations it submitted.

Both of UNIL's declarations consist primarily of carefully crafted lawyer-speak.  Rather than making clear statements of fact, both declarations contain guarded statements that are so

dubious and devoid of detail that they are irrelevant. *See Paralyzed Veterans of Am. v. McPherson*, 2008 U.S. Dist. LEXIS 69542, *24 (N.D. Cal. Sept. 8, 2008) (excluding declaration that lacked critical details on Fed. R. Evid. 402 relevancy grounds). For example, paragraphs 3 of the declarations state that: "**While present in California**, I never received any transmission from any UNIL employee containing unauthorized license keys or unauthorized copies of Synopsys' software." Dkt. 50-1 & 50-2 (emphasis added). The obvious inference to draw from this evasive statement is that both declarants received transmissions from UNIL while outside of California, but declarants tip-toe around making that admission because it is fatal to UNIL's jurisdictional arguments. Similarly, both declarants state: "To the best of my knowledge, no UNIL employee ever transmitted to any Ubiquiti employee *in California* unauthorized license keys or unauthorized copies of Synopsys' software." (emphasis added). Again, this statement tacitly admits that transmission of counterfeit keys and software copies from UNIL to Ubiquiti *did* occur.

Synopsys also generally objects to both declarations on the grounds that they both lack foundation as – again – neither declaration is from a **UNIL** employee and neither sets forth facts within the witnesses' personal knowledge. *See* Local Rule 7-5 (requirements for declarations). Instead, the declarations consist of broad, conclusory statements without foundation for either witness to speak definitely on behalf of UNIL. Finally, no exhibits to the Tsai Declaration were appended to or timely provided to Synopsys or the Court, as required by Local Rule 7-3. Should defendants seek to tender such exhibits, they may not now be considered. *See id*.

## II.  SPECIFIC OBJECTIONS

In addition to its general objections, Synopsys makes the following specific objections to the Wang declaration:

| Para. | Inadmissible Portion | Objection(s) |
|---|---|---|
| 2 | I am one of only two California-based Ubiquiti employees that, at all relevant times, worked on semiconductor chip design activities with employees of Ubiquiti Networks International Limited ("UNIL"). My | **Lacks Foundation**: Wang does not state what the relevant time period is or how he knows what the relevant time period is. Wang does not explain how he knows that no other Ubiquiti employee worked with UNIL on semiconductor chip design activities. Nor is Wang competent |

| Para. | Inadmissible Portion | Objection(s) |
|---|---|---|
|  | colleague, Ching Han Tsai, is the other Ubiquiti employee involved in this work. | to speak about UNIL as he concedes he is not a UNIL employee. |
| 2 | To the best of my knowledge, no other California-based Ubiquiti employees interacted with or had reason to interact with employees of Ubiquiti Networks International Limited ("UNIL") in connection with the subject matter alleged in Synopsys' lawsuit. | **Speculation**: Wang is speculating about whether UNIL employees had reason to interact with Ubiquiti or whether UNIL employees had such interactions.<br><br>**Lack of Foundation**: Wang does not explain how he knows that no other Ubiquiti employee interacted with UNIL. Wang does not state what his understanding of the subject matter of the law suit is. Wang does not state what he did to form his understanding. Nor is Wang competent to speak authoritatively on behalf of UNIL as he concedes he is not a UNIL employee. |
| 3 | To the best of my knowledge, no UNIL employee ever transmitted to any Ubiquiti employee in California unauthorized license keys or unauthorized copies of Synopsys' software. | **Speculation**: Wang is speculating about whether UNIL transmitted to Ubiquiti any of the subject materials.<br><br>**Lack of Foundation**: Wang does not explain how he can testify about the actions of any UNIL employee or other Ubiquiti employees. Wang does not explain the basis for his assumption that copies of software and license keys transmitted from UNIL to Ubiquiti were authorized. Nor is Wang competent to speak authoritatively on behalf of UNIL as he concedes he is not a UNIL employee.<br><br>**Legal Conclusion/Impermissible Lay Opinion Testimony**: Whether a license key or software was *authorized* by Synopsys is a legal conclusion. |

Synopsys also makes the following specific objections to the Tsai declaration:

| Para. | Inadmissible Portion | Objection(s) |
|---|---|---|
| 2 | To the best of my knowledge, no other California-based Ubiquiti employees interacted with or had reason to interact with employees of UNIL in connection with the | **Speculation**: Tsai is speculating about whether UNIL employees had reason to interact with Ubiquiti or whether UNIL employees had such interactions. |

| Para. | Inadmissible Portion | Objection(s) |
|---|---|---|
|  | subject matter alleged in Synopsys' lawsuit. | **Lack of Foundation**: Tsai does not explain how he knows that no other Ubiquiti employee interacted with UNIL. Tsai does not state what his understanding of the subject matter of the law suit is. Tsai does not state what he did to form his understanding. Nor is Tsai competent to speak authoritatively on behalf of UNIL as he concedes he is not a UNIL employee. |
| 3 | To the best of my knowledge, no UNIL employee ever transmitted to any Ubiquiti employee in California unauthorized license keys or unauthorized copies of Synopsys' software. | **Speculation**: Tsai is speculating about whether UNIL transmitted to Ubiquiti any of the subject materials.<br><br>**Lack of Foundation**: Tsai does not explain how he can testify about the actions of any UNIL employee or other Ubiquiti employees. Tsai does not explain the basis for his assumption that copies of software and license keys transmitted from UNIL to Ubiquiti were authorized. Nor is Tsai competent to speak authoritatively on behalf of UNIL as he concedes he is not a UNIL employee.<br><br>**Legal Conclusion/Impermissible Lay Opinion Testimony**: Whether a license key or software was *authorized* by Synopsys is a legal conclusion. |
| 4 | For example, the signature block that Mr. Huang used on his emails to me stated that he worked for "Synopsys Taiwan Limited." (**Exhibit A** thereto). | **Hearsay:** This statement is hearsay offered for the truth of the matter asserted.<br><br>**Lack of Foundation**: The Tsai declaration does not include any exhibits. |
| 4 | Similarly, Victor Chen maintains a public LinkedIn profile listing himself as a Synopsys employee located in "New Taipei City, Taiwan." (**Exhibit B** hereto). | **Hearsay:** This statement is hearsay offered for the truth of the matter asserted.<br><br>**Lack of Foundation**: The Tsai declaration does not include any exhibits. |
| 5 | However, in my experience, a user of a company's file download website may not know where that company's computer servers are located. | **Speculation:** This statement is pure speculation about what third parties may or may not know.<br><br>**Lack of Foundation**: Tsai provides no foundation regarding his "experience."<br><br>**Impermissible Lay Opinion Testimony:** Tsai is not qualified to opine on what the ordinary reasonably prudent website user knows or does not know.<br><br>**Relevance**: At the pleading stage, a plaintiff may |

| Para. | Inadmissible Portion | Objection(s) |
|---|---|---|
| | | generally plead the defendant's mental state. *See* FRCP 9(b). Moreover, Tsai's statement does not tend to make UNIL's knowledge of Synopsys' California-based download servers any less likely. |
| 5 | Synopsys, for example, apparently has "engaged with Amazon.com" for certain data center resources. It is well known that Amazon maintains server data centers in various locations around the world. | **Speculation:** This statement is pure speculation about what third parties may or may not know.<br><br>**Lack of Foundation**: Tsai provides no foundation for his statement.<br><br>**Impermissible Lay Opinion Testimony:** Tsai is not qualified to opine on what is "well known" regarding Amazon's services.<br><br>**Relevance**: At the pleading stage, a plaintiff may generally plead the defendant's mental state. *See* FRCP 9(b). Moreover, Tsai's statement does not tend to make UNIL's knowledge of Synopsys' California-based download servers any less likely.<br><br>**Hearsay:** This purported evidence is hearsay offered for the truth of the matter asserted. |

## III. CONCLUSION

Because UNIL's declarations are new evidence that UNIL improperly submitted as part of its Reply, the Court should disregard both declarations in their entirety and should not consider any belatedly offered exhibits. Moreover, even had the declarations been procedurally proper, their substance is so deficient that they provide no assistance to the Court.

Dated: May 9, 2017

DENISE M. MINGRONE
ROBERT L. URIARTE
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: */s/ Denise M. Mingrone*
    DENISE M. MINGRONE

Attorneys for Plaintiff/Counterdefendant
SYNOPSYS, INC.