UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

              Plaintiff,

    v.

UBIQUITI NETWORKS, INC., et al.,

              Defendants.

Case No. 17-cv-00561-WHO

**CIVIL PRETRIAL ORDER**

A jury trial has been set in this matter for August 20, 2018, beginning at 8:30 A.M. with an attorney conference and jury selection to follow thereafter. A Pretrial Conference has been set for July 20, 2018 at 2:00 P.M.

The following scheduling deadlines and hearing dates have been set:

| | |
|---|---|
| **Fact discovery cutoff:** | **February 16, 2018** |
| **Expert disclosure:** | **March 2, 2018** |
| **Expert discovery cutoff:** | **March 30, 2018** |
| **Dispositive Motions heard by:** | **May 16, 2018** |

**1.      Pretrial Conference and Statement**

Not less than 28 days prior to the Pretrial Conference, counsel shall exchange (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7), (8), (9) and (10), and any motions in limine.

At least 21 days before the Pretrial Conference, lead trial counsel shall meet and confer with respect to:

- Preparation and content of the joint pretrial conference statement;

- Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be served and filed pursuant to this Order.  To the extent such differences are not resolved, the parties will present the issues in the pretrial conference statement so that the judge may rule on the matter during the Pretrial Conference; and

- Settlement.

At least 14 days prior to the Pretrial Conference, the parties shall file a joint pretrial conference statement containing the following information:

a.      The Action

(i)  Substance of the Action.  A brief description of the substance of claims and defenses that remain to be decided.

(ii)  Relief Prayed.  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents, or other evidentiary material to be presented concerning the amount of those damages.

b.      The Factual Basis of the Action

(i)  Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

(ii)  Disputed Factual Issues.  A plain and concise statement of all disputed factual issues that remain to be decided.

(iii)  Agreed Statement.  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(iv)  Stipulations.  A statement of stipulations requested or proposed for pretrial or trial purposes.

c.      Disputed Legal Issues

(i)  Points of Law.  Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions setting

2

1  forth briefly the nature of each party's contentions concerning each disputed point of law,

2  including procedural and evidentiary issues.

3        (ii) <u>Proposed Conclusions of Law</u>.  If the case is to be tried without a jury, unless

4  otherwise ordered, parties should briefly indicate objections to proposed conclusions of law.

5      d.    Trial Preparation

6        (i) <u>Witnesses to be Called</u>.  A list of all witnesses likely to be called at trial, other

7  than solely for impeachment or rebuttal, together with a brief statement following each name

8  describing the substance of the testimony to be given.

9        (ii) <u>Exhibits, Schedules and Summaries</u>.  A list of all documents and other items to

10  be offered as exhibits at the trial, other than solely for impeachment or rebuttal, with a brief

11  statement following each describing its substance or purpose and the identity of the sponsoring

12  witness.  Unless otherwise ordered, parties will indicate their objections to the receipt in evidence

13  of exhibits and materials lodged and that counsel have conferred respecting such objections.

14        (iii) <u>Estimate of Trial Time</u>.  An estimate of the number of court days needed for

15  the presentation of each party's case, indicating possible reductions in time through proposed

16  stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

17        (iv) <u>Use of Discovery Responses</u>.  Counsel shall cite possible presentation at trial

18  of evidence, other than solely for impeachment or rebuttal, through use of excerpts from

19  depositions, interrogatory answers, or responses to requests for admission.  Counsel shall indicate

20  any objections to use of these materials and that counsel has conferred respecting such objections.

21        (v) <u>Further Discovery or Motions</u>.  A statement of all remaining discovery or

22  motions, including motions in limine.

23      e.    Trial Alternatives and Options

24        (i) <u>Settlement Discussion</u>.  A statement summarizing the status of settlement

25  negotiations and indicating whether further negotiations are likely to be productive.

26        (ii) <u>Consent to Trial Before a Magistrate Judge</u>.  A statement whether reference of

27  all or part of the action to a master or magistrate judge is feasible, including whether the parties

28  consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

1    (iii) <u>Amendments, Dismissals</u>. A statement of requested or proposed amendments

2 to pleadings or dismissals of parties' claims or defenses.

3    (iv) <u>Bifurcation, Separate Trial of Issues</u>. A statement of whether bifurcation or a

4 separate trial of specific issues is feasible and desired.

5 **2.    Witnesses**

6    a.    <u>Jury Trials</u>. The Pretrial Conference Statement shall include the witness list

7 required in part by 1(d)(i) above. In addition, in the case of expert witnesses, the summary shall

8 clearly state the expert's theories and conclusions and the basis therefore and shall be

9 accompanied by a curriculum vitae; if the expert has prepared a report in preparation for the

10 testimony, a copy thereof shall be furnished to opposing counsel. Witnesses not included on the

11 list may be excluded from testifying.

12    b.    <u>Non-Jury Trials</u>. In non-jury cases, any party may serve and lodge with the Court a

13 written narrative statement of the proposed direct testimony of each witness under that party's

14 control in lieu of a summary. Each statement shall be marked as an exhibit and shall be in a form

15 suitable to be received into evidence.

16 **3.    Jury Instructions**

17    a.    <u>Joint Set of Instructions</u>. The parties shall jointly prepare a set of jury instructions,

18 and shall file the proposed instructions at least fourteen days prior to the Pretrial Conference. The

19 submission shall contain both agreed upon instructions (which shall be so noted), and contested

20 instructions, all in the order in which they should be read to the jury. Where contested instructions

21 are included, they should be annotated both with the proponent's authority for seeking the

22 instruction and the opponent's reason for opposition. Counsel shall deliver to Chambers a copy of

23 the joint submission on a CD/DVD in Word format. The label shall include the case number and a

24 description of the documents.

25    b.    <u>Substance and Format of Instructions</u>. The instructions shall cover all substantive

26 issues and other points not covered by the Ninth Circuit Manual of Model Jury Instructions. Each

27 requested instruction shall be typed in full on a separate page and citations to the authorities upon

28 which the instruction is based shall be included. Instructions shall be brief, clear, written in plain

1    English, and free of argument.  Pattern or form instructions shall be revised to address the

2    particular facts and issues of this case.

3        c.    Preliminary Statement and Instructions.  If the parties wish to have a preliminary

4    statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly

5    prepare and file the text of the proposed preliminary statement and/or preliminary instructions at

6    least fourteen days prior to the Pretrial Conference.

7        d.    Voir Dire and Verdict Forms.  Each party shall file proposed questions for jury voir

8    dire and a proposed Form of Verdict at least fourteen days prior to the Pretrial Conference.

9    **4.    Exhibits**

10        a.    Provide Copies of Exhibits to Other Parties.  Each party shall provide every other

11   party with one set of all proposed exhibits, charts, schedules, summaries, diagrams, and other

12   similar documentary materials to be used in its case in chief at trial, together with a complete list

13   of all such proposed exhibits.  Voluminous exhibits shall be reduced by elimination of irrelevant

14   portions or through the use of summaries.  Each item shall be pre-marked with a trial exhibit

15   sticker ("Trial Exhibit No.__"), not deposition exhibit label, and defendant's exhibit numbers shall

16   be sequenced to begin after plaintiff's exhibit numbers.  If there are numerous exhibits, they

17   should be provided in three-ring binders with marked tab separators.  All exhibits that have not

18   been provided as required are subject to exclusion.

19        b.    Stipulations re Admissibility.  At least fourteen days prior to the Pretrial

20   Conference, the parties shall make a good faith effort to stipulate to exhibits' admissibility.  If

21   stipulation is not possible, the parties shall make every effort to stipulate to authenticity and

22   foundation absent a legitimate (not tactical) objection.

23        c.    Objections to Exhibits.  In addition to the exhibit list, counsel shall confer with

24   respect to any other objections to exhibits in advance of the Pretrial Conference.  Each party shall

25   file a statement briefly identifying each item objected to, the grounds for the objection, and the

26   position of the offering party at least fourteen days prior to the date set for the Pretrial Conference.

27        d.    Provide Copies of Exhibits to Court.  One set of exhibits shall be provided to the

28   Court in Chambers on the Friday prior to the trial date, in binders, marked, tabbed, and indexed in

accordance with Local Rule 16-10(b)(7).  Exhibits shall be identified as follows:

```
┌─────────────────────────────────────────────┐
│          UNITED STATES DISTRICT COURT         │
│                                               │
│        NORTHERN DISTRICT OF CALIFORNIA        │
│                                               │
│           TRIAL EXHIBIT 100                   │
│                                               │
│                                               │
│      CASE NO. _____         │
│                                               │
│                                               │
│      DATE ENTERED_____          │
│                                               │
│                                               │
│      BY _____          │
│                 DEPUTY CLERK                  │
└─────────────────────────────────────────────┘
```

Blocks of numbers shall be assigned to fit the needs of the case (e.g., Plaintiff has 1-100,

Defendant has 101-200).  The parties shall not mark duplicate exhibits (e.g., plaintiff and

defendant shall not mark the same exhibit; only one copy of the exhibit shall be marked).

e.      Witness Binders.  If all of the exhibits in a case do not fit in one binder, then the

parties shall prepare a witness binder for each witness that will testify regarding three or more

exhibits.

f.      Disposition of Exhibits after Trial.  Upon the conclusion of the trial, each party

shall retain its exhibits through the appellate process.  It is each party's responsibility to make

arrangements with the Clerk of Court to file the record on appeal.

**5.      Motions In Limine**

Any party wishing to have motions in limine heard prior to the commencement of trial

must file them at least fourteen days prior to the date set for the Pretrial Conference.  All motions

in limine shall be contained in one document, limited to 25 pages pursuant to Civil L.R. 7-2(b),

with each motion listed as a subheading.  Opposition to the motions in limine shall be contained in

one document, limited to 25 pages, with corresponding subheadings, and shall be filed at least

seven days prior to the Pretrial Conference.  No reply papers will be considered.  The motions will

be heard at the Pretrial Conference or at such other time as the Court may direct. Nothing in this provision prevents a party from noticing its motions in limine regularly for hearing on or prior to the final date for hearing dispositive motions. No leave to file under seal will be granted with respect to motions in limine.

**6.      Other Pretrial Matters**

a.      <u>Status Conferences</u>. Any party desiring to confer with the Court may, upon notice to all other parties, arrange a conference through the Courtroom Deputy, Jean Davis, at 415-522-2077 or whocrd@cand.uscourts.gov.

b.      <u>Settlement Conferences</u>. Parties wishing to arrange a settlement conference before another judge or magistrate judge may do so by contacting the Courtroom Deputy.

c.      <u>Daily Transcripts</u>. Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with Rick Duvall, Court Reporter Supervisor, at 415-522-2079 or Richard_Duvall@cand.uscourts.gov, at least seven calendar days prior to the trial date.

**7.      Trial Matters**

a.      The normal trial schedule will be from 8:00 a.m. to 1:00 p.m. (or slightly longer to finish a witness) with two fifteen minute breaks. Trial is usually held from Monday through Friday.

b.      Ordinarily, the Court will set fixed time limits for each side at the Final Pretrial Conference.

c.      Expert witnesses are limited to the scope of their expert reports on direct examination. F.R.C.P. 26(a)(2) and 37(c).

d.      Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than Wednesday before the trial. Any objections not resolved must be filed in writing by Thursday before trial. The parties shall be available by telephone Friday before trial to discuss the issue raised with the Court.

1        e.       The parties shall disclose the witnesses whom they will call at trial on any given

2  day by at least 2:00 p.m. the court day before their testimony is expected.  Failure to have a

3  witness ready to proceed at trial will usually constitute resting.

4        f.       The Court takes a photograph of each witness prior to the witness's testimony.

5        g.       Other than a party or party representative, fact witnesses are excluded from the

6  courtroom until they are called to testify, and may not attend in the gallery until their testimony is

7  complete.

8        h.       The Court does not typically allow bench conferences.  If there are matters that

9  need to be raised with the Court outside the presence of the jury, the parties should raise them in

10  the morning before trial or during recess.  With advance notice, the Court is usually available at

11  7:30 a.m. to address such matters.

12  **8.     Miscellaneous**

13        a.       Please DO NOT call Chambers.  If you need to contact the Courtroom Deputy,

14  please call (415) 522-2077 and leave a message if the deputy is not available, or email

15  whocrd@cand.uscourts.gov.

16        b.       <u>Copies</u>.  Each document filed or lodged with the Court must be accompanied by a

17  three-hole punched copy for use in the Judge's chambers.  In addition, one copy of the witness and

18  exhibit lists should be furnished to the court reporter.

19  **IT IS SO ORDERED.**

20  Dated: June 20, 2017

21                                    William H. Orrick

22                                    United States District Judge

23

24

25

26

27

28