UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SYNOPSYS, INC., <br>     Plaintiff, <br> v. <br> UBIQUITI NETWORKS, INC., et al., <br>     Defendants. | Case No. 17-cv-00561-WHO (LB) <br><br> **ORDER REGARDING DISCOVERY LETTER BRIEF** <br><br> Re: ECF No. 163 |

The court previously received a letter brief from defendant Ubiquiti Networks, Inc. ("Ubiquiti") seeking a resolution of a discovery dispute regarding plaintiff Synopsys, Inc.'s ("Synopsys") redactions of document productions and alleged failure to provide custodial information.[1] The court denied Ubiquiti's letter brief without prejudice because it was unilateral and reiterated that discovery letter briefs must be joint.[2] The court ordered the parties to meet and confer for at least one hour regarding the issues Ubiquiti raised.[3] The court stated that if the parties

---

[1] ECF No. 147. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] ECF No. 149.

[3] *Id.*

ORDER – No. 17-cv-00561-WHO (LB)

were unable to resolve their dispute, they could submit a joint letter brief to the court.[4] The court repeated, "the letter brief must be *joint*."[5]

Ubiquiti now submits another letter brief, stating that it has met and conferred with Synopsys but the parties have been unable to resolve all of their disputes.[6] Ubiquiti informed Synopsys that it wanted to submit a joint letter brief and provided Synopsys with its portion of the letter brief on March 28, 2018 at 4:28 p.m.[7] Synopsys provided a supplemental document production at 7:43 p.m.[8] Ubiquiti reviewed the production and determined that it did not address the issues that Ubiquiti had raised.[9] Ubiquiti states that Synopsys then said at 9:30 p.m. that its portion of the letter brief should arrive "in about an hour."[10] At 9:55 p.m., Ubiquiti provided Synopsys with two edits to the letter brief that it characterizes as minor, which it states were "to note only that the deficiencies had not been remedied by Synopsys' 7:43 p.m. production."[11] Synopsys thereafter responded, "It is 10 pm and unreasonable to demand our response this evening" and did not provide Ubiquiti with its portion of the joint letter.[12]

The court has only one side of the story; it cannot make a full determination on the issues. (This is one of the reasons why the court requires letter briefs to be joint.) Ubiquiti's letter briefs suggest that Synopsys has been refusing to provide Ubiquiti with its portions, thereby preventing Ubiquiti from submitting a joint letter brief. The court hereby orders Synopsys to provide Ubiquiti with its response to Ubiquiti's proposed letter brief[13] by noon today. If it chooses, Ubiquiti can then submit a joint letter brief that includes its portion, unchanged from the version in its proposed

---

[4] *Id.*

[5] *Id.* (emphasis in original).

[6] Ubiquiti Letter Brief – ECF No. 163.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] Proposed Letter Brief – ECF No. 163-1.

letter brief yesterday, and Synopsys's response. Alternatively, Ubiquiti may revise its portion of the letter brief in response, provided that it gives Synopsys its revisions and a chance to respond within one business day. Synopsys in turn can then revise its portion of the letter brief, provided it gives Ubiquiti its revisions and a chance to respond within one business day. (This is another reason why the court requires letter briefs to be joint: not only so the court can see both sides' positions side-by-side, but so the *parties* can see each other's positions and arguments before they submit them to the court, and thereby try to find areas of compromise and agreement and work out disputes where they can and narrow and focus the issues presented to the court where they cannot.)

The court will not tolerate any party trying to delay or "game" the joint letter brief process. As the court has stated numerous times before in this case, the parties have an obligation to negotiate in good faith and cooperate in discovery.

**IT IS SO ORDERED.**

Dated: March 29, 2018

_____
LAUREL BEELER
United States Magistrate Judge