UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>UBIQUITI NETWORKS, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-00561-WHO (LB)<br><br>**ORDER ADJUDICATING DISCOVERY DISPUTE REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION TO DEFENSE EXPERT**<br><br>Re: ECF No. 190 |

This litigation centers around allegations by the plaintiff Synopsys that the defendants (collectively, "Ubiquiti") used counterfeit license keys to "pirate" Synopsys software, i.e., to install and use Synopsys software on their computers without a valid license. Synopsys bases its allegations of piracy in large part on so-called "call-home data." Synopsys has alleged that its software "calls home" whenever it is used without a valid license key and transmits information about the computer running the software back to Synopsys. Synopsys has alleged that its call-home data here shows that Ubiquiti accessed Synopsys software more than 39,000 times without a valid license key.

Ubiquiti has retained an expert, Dr. Vojin Oklobdzija, and seeks to give him access to Synopsys's (1) call-home data and (2) "user manuals" or "technical documents" ("Other

Documents").[1] Synopsys has designated as confidential under the Stipulated Protective Order in this case.[2] Synopsys states that it is willing to permit Dr. Oklobdzija to view the call-home data,[3] so the only live dispute appears to be whether Dr. Oklobdzija can view Synopsys's Other Documents.

Ubiquiti argues that the court should apply a balancing test and states that its interest in selecting its own expert and its need to disclose the Other Documents to its expert outweighs the risk of harm to Synopsys.[4] Synopsys argues that a balancing test is only appropriate if a witness is an "Expert" under the Stipulated Protective Order and claims that Dr. Oklobdzija does not qualify as an "Expert," because he is president and chief technology officer of Silicon Analytics, Inc. ("SAI"), which Synopsys characterizes as one of its competitors, and the Stipulated Protective Order excludes competitors from the definition of "Expert."[5] Synopsys also argues that Ubiquiti has not shown a need to disclose the Other Documents to Dr. Oklobdzija in any event.[6]

Assuming without deciding that a balancing test would be appropriate, the court finds that Synopsys has established that the risk of harm from disclosure outweighs Ubiquiti's need to disclose the Other Documents to Dr. Oklobdzija. By Ubiquiti's own admission, both Synopsys and SAI develop and sell software that generate the same output for their users: optimized

---

[1] Joint Letter Br. – ECF No. 190 at 2. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

The parties categorize the second category of documents in different ways: Ubiquiti characterizes them as "user manuals," *id.*, whereas Synopsys characterizes them as "thousands of pages of . . . sensitive technical documents," *id.* at 4. It is possible that both characterizations are accurate. To avoid adopting one party's characterization over the other, the court refers to them simply as "Other Documents."

[2] Stipulated Protective Order – ECF No. 94.

[3] Joint Letter Br. – ECF No. 190 at 6.

[4] *Id.* at 3–4.

[5] *Id.* at 6; *see* Stipulated Protective Order – ECF No. 94 at 3 (¶ 2.7) (defining "Expert" as "a person with specialized knowledge or experience in a matter pertinent to the litigation who . . . is not a past or current employee . . . of a Party's competitor").

[6] Joint Letter Br. – ECF No. 190 at 6.

1  "netlists" used in chip design.[7] Synopsys argues that Dr. Oklobdzija could use Synopsys's technical information to improve SAI's own competing software, thereby presenting a risk of harm to Synopsys.[8] Ubiquiti, by contrast, has not shown a need to disclose Synopsys's Other Documents to Dr. Oklobdzija. First, Dr. Oklobdzija's testimony on chip design and electronic-design-automation ("EDA") software perhaps provides some context (as Ubiquiti describes) but the discovery is not relevant or proportional to the needs of the case. This is not a chip-design case; it is a copyright-infringement case. There is little need for an expert to opine on what the process is for designing chips or why and how EDA software is used generally; the question is whether the EDA software here was used in violation of copyright laws. Second, as Ubiquiti acknowledges, Dr. Oklobdzija has personal knowledge of EDA tools and can opine on them even without reference to Synopsys's Other Documents in any event.[9] Synopsys has shown that the risk of harm from disclosure of its Other Documents to Dr. Oklobdzija outweighs the limited additional benefit that disclosure of the Other Documents to Dr. Oklobdzija would afford Ubiquiti.

The court therefore orders that (subject to the terms of the Protective Order) Dr. Oklobdzija can view the call-home data, SNPS00000001, but not the Other Documents.

**IT IS SO ORDERED.**

Dated: May 14, 2018

LAUREL BEELER
United States Magistrate Judge

---

[7] *Id.* at 3 ("The output of [Synopsys's software] is an optimized netlist, which is the input for [SAI's software] and further optimizes the netlist."). Ubiquiti argues that they are not competitors because SAI's software takes in Synopsys optimized netlists as its input to generate further-optimized netlists, *id.*, but it cites no authorities for the proposition that two companies that make the same thing are not competitors because one company uses the other's products as its inputs to build a better mousetrap. *Cf. Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, No. 12-cv-05847-WHO, 2015 WL 1744330, at *10 (N.D. Cal. Apr. 15, 2015) ("competitors" include "persons endeavoring to do the same thing and each offering to perform the act, furnish the merchandise, or render the service better or cheaper than his rival" or "one[s] selling or buying goods or services in the same market as another") (cited by Ubiquiti at Joint Letter Br. – ECF No. 190 at 3).

[8] Joint Letter Br. – ECF No. 190 at 6.

[9] *Id.* at 3.