| | |
|---|---|
| 1 | JJENNIFER LEE TAYLOR (SBN 161368) |
|   | JTaylor@mofo.com |
| 2 | ROBIN L. BREWER (SBN 253686) |
|   | RBrewer@mofo.com |
| 3 | JOYCE LIOU (SBN 277720) |
|   | JLiou@mofo.com |
| 4 | MICHAEL J. GUO (SBN 284917) |
|   | MGuo@mofo.com |
| 5 | AMANDA D. PHILLIPS (SBN 305614) |
|   | APhillips@mofo.com |
| 6 | MORRISON & FOERSTER LLP |
|   | 425 Market Street |
| 7 | San Francisco, California 94105-2482 |
|   | Telephone:   (415) 268-7000 |
| 8 | Facsimile:   (415) 268-7522 |
| 9 | *Attorneys for Defendants* |
|   | UBIQUITI NETWORKS, INC. and |
| 10 | UBIQUITI NETWORKS INTERNATIONAL |
|   | LIMITED |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., | Case No. 5:17-cv-00561-WHO |
| Plaintiff, | **DECLARATION OF HARTLEY NISENBAUM IN SUPPORT OF DEFENDANTS UBIQUITI NETWORKS, INC. AND UBIQUITI NETWORKS INTERNATIONAL LIMITED'S OPPOSITION TO SYNOPSYS, INC.'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| v. | |
| UBIQUITI NETWORKS, INC., UBIQUITI NETWORKS INTERNATIONAL LIMITED, CHING-HAN TSAI, and DOES 1-20, inclusive, | |
| Defendants. | |
| UBIQUITI NETWORKS, INC. and UBIQUITI NETWORKS INTERNATIONAL LIMITED, | Date: June 6, 2018 |
|  | Time: 2:00 p.m. |
| Counterclaimants, | Place: Courtroom 2, 17th Floor |
|  | Judge: Honorable William H. Orrick |
| v. | |
| SYNOPSYS, INC., | |
| Counterdefendant. | |

I, Hartley Nisenbaum, declare as follows:

1. I am employed by Ubiquiti Networks, Inc., ("Ubiquiti") as Executive Vice President of Legal Affairs. I submit this declaration in support of Defendants Ubiquiti Networks, Inc. and Ubiquiti Networks International Limited's ("UNIL") Opposition to Synopsys, Inc.'s Motion for Leave to File Third Amended Complaint. I have personal knowledge of the facts contained in this declaration. If called as a witness, I could and would testify competently as follows.

2. Ubiquiti and UNIL were sued by Plaintiff Synopsys, Inc. ("Synopsys") on Friday, February 3, 2017. The next business day, Monday, February 6, 2017, I sent out a litigation hold on behalf of Ubiquiti and UNIL. The litigation hold recipients included Defendant Ching-Han Tsai, Sheng-Feng Wang, Chi-Hsueh Huang, Hung-Lun Lian, Ya-Chau Yang, Yi-Te Lee, Chang-Ching Yang, and Hua-Lin Hsu, among others. Subsequent to the distribution of the litigation hold notice, Defendant Tsai was contacted and asked to make sure his team understood how important a litigation hold notice is. Defendant Tsai confirmed that he stressed the importance of the litigation hold to his team.

3. When I sent the litigation hold, I expected it would be observed by those receiving it, and I had no reason to believe anyone would fail to comply with the litigation hold and destroy evidence. To the contrary, I had every indication that they understood their obligation to retain documents.

4. As part of discovery in the case, Defendant Tsai's two computers and an external drive were imaged in Fall 2017. During a forensic inspection of those devices in December 2017, Ubiquiti discovered that Defendant Tsai had used a program called CCleaner to wipe portions of the external drive, leaving only a single virtual machine.

5. In mid-January 2018, Ubiquiti discovered on one of Defendant Tsai's computers two personal Skype conversations that Defendant Tsai started in 2013 with computer engineers that he recruited to work on the ASIC design project at UNIL. The Skype conversations continued into 2014, well after those computer engineers started to work for UNIL. Among other things, the Skype conversations contained references to wiping computers, erasing Skype

conversations, and using hacked software.  True and correct copies of the Skype conversations are attached as Exhibits 1 and 2.

6. After discovering the wiped drive and the Skype conversations, Ubiquiti realized that Defendant Tsai had not been honest during its investigations in 2016 and 2017.  Ubiquiti also learned that Defendant Tsai had lied to Ubiquiti management regarding the use of Synopsys software in Taiwan (including his own use of the software).  Ubiquiti also realized that Defendant Tsai had not complied with the company's express instructions in its litigation hold and likely had instructed an unknown number of ASIC team members to destroy documents.  Ubiquiti decided that more had to be done to address the situation.

7. In early February 2018, Ubiquiti reminded the Taiwanese engineers of their duty to preserve evidence and to comply with company policies against violating intellectual property rights, and I circulated another copy of the litigation hold notice to the ASIC team members in Taiwan.  All of the Taiwanese team members also certified that they would abide by all company policies going forward and they were told that they would be terminated if they violated any company policy going forward.

8. Out of an abundance of caution, after Judge Beeler ordered forensic inspections of computers of certain Taiwanese team members and after the parties subsequently stipulated to a forensic inspection protocol, on February 26, 2018, Ubiquiti decided to image the devices in Taiwan without providing any advance notice to any of the Taiwanese ASIC team members to prevent any additional use of CCleaner or any similar "wiping" program by Defendant Tsai's team members in Taiwan.

9. Ubiquiti contracted with Epiq Systems, Inc., a forensic vendor, who sent a forensic specialist from Hong Kong to our Taipei office.  Because he could not image all of the devices simultaneously, the devices of the engineers most likely to have relevant information as previously identified by Synopsys, including those of Ya-Chau Yang, were imaged the first day.  The remaining devices were imaged over the course of the week.  The engineers were not informed prior to Epiq's arrival in our office that their devices would be collected and imaged,

2

and they were not told the order in which devices would be collected and imaged during the week.

10. Despite these efforts, Ubiquiti learned from reviewing Synopsys' motion for leave to amend of Synopsys' allegations that materials were "suspiciously" deleted from certain UNIL engineers' devices in February and March, including during the week that Epiq was in our Taipei office collecting and imaging devices.

11. The day after Synopsys filed its motion, Ubiquiti suspended Defendant Ching-Han Tsai, Chi-Hsueh Huang, Hung-Lun Lian, Ya-Chau Yang, Yi-Te Lee, Chang-Ching Yang, and Hua-Lin Hsu, all of whom are implicated by Synopsys' allegations of spoliation, pending a determination of whether the allegations in the proposed Third Amended Complaint are true. That same day, Ubiquiti also asked Epiq to investigate Synopsys' spoliation allegations in the proposed amended complaint. As soon as Epiq's investigation is completed, Ubiquiti will determine the appropriate course of action with respect to the suspended employees, which likely will be termination if Synopsys' allegations about them are substantiated.

12. To make sure it understands the full scope of the ASIC team's conduct, Ubiquiti also engaged the leading forensic firm, Stroz Friedberg, to conduct an independent forensic investigation of the devices of all ASIC team members, as well as the servers and storage array located in Taiwan. This investigation may lead to additional disciplinary action against the suspended ASIC team members.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 16th day of May, 2018, in New York, New York.

By: _/s/ Hartley Nisenbaum_
**HARTLEY NISENBAUM**

3

CASE NO. 5:17-CV-00561-WHO (LB)
NISENBAUM DECLARATION ISO DEFENDANTS' OPPOSITION TO MOTION TO AMEND
sf-3900675