UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UBIQUITI NETWORKS, INC., et al., <br><br> Defendants. | Case No. 17-cv-00561-WHO <br><br> **ORDER ON PENDING ADMINISTRATIVE MOTIONS TO SEAL** <br><br> Re: Dkt. Nos. 187, 196, 197 |

There are three pending motions to seal materials filed in support of and in opposition to Synopsys' motion for leave to file a Third Amended Complaint. Dkt. Nos. 187, 196, 197. All of the materials at issue have been designated confidential by Ubiquiti/UNIL. Because the materials at issue are more than tangentially related to the merits of the litigation – indeed they concern the ultimate scope of the litigation – Ubiquiti/UNIL must show compelling justifications to seal through a declaration that provides specific reasons why defendants would be harmed if the materials were disclosed, not mere conclusory assertions of harm. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *see also* Civil L. R. 79-5(d)(1)(A).

As an initial matter, Ubiquiti/UNIL's counsel have wholly failed to comply with my Standing Order on Administrative Motions to Seal. That Standing Order requires counsel or a party to: (i) certify that the filing party has reviewed and complied with my Standing Order; (ii) identify the legal standard that applies to the sealing request; and (iii) only seek narrowly tailored sealing. *See* Judge Orrick's Standing Order on Administrative Motions to Seal. There is no certification mentioning my Standing Order in the filings in support of sealing, there is no identification of the applicable legal standard, and (as identified below) their request covers whole exhibits and is not narrowly tailored.

Those are sufficient grounds for me to deny the sealing requests and order that the

information be publicly filed. I will nevertheless review the requests on their merits. However, counsel shall comply with my Standing Order for all future administrative motions to file under seal and any conclusory assertions of harm or assertions of harm not supported by personal knowledge will be denied.

On the merits, it appears that the majority of the items Ubiquiti/UNIL want to keep under seal have little to do with confidential business practices and more to do with Synopsys's allegations of wrongdoing and inadequate investigations/measures undertaken by defendants. Defendants are cautioned that sealing is not meant to keep those sorts of allegations (where they are not made for an improper purpose, and the purpose here is not improper) out of the public view. Defendants are advised to avoid seeking to seal information without adequate justification in the future or risk sanction from the Court.

## I. MOTION FOR LEAVE AND EXHIBITS

Ubiquiti/UNIL do not seek to seal the following documents that were conditionally filed under seal by Synopsys and the Clerk shall UNSEAL them:

Dkt. Nos. 187-7 (Ex. 3); 187-8 (Ex. 4); 187-9 (Ex. 5); 187-10 (Ex. 6); 187-11 (Ex. 7).

Ubiquiti/UNIL do seek to seal portions of the proposed TAC and the redline version. Dkt. Nos. 187-4 and 187-6.

| Portion of Exhibits 1 and 2 | Basis for Sealing | Ruling |
|---|---|---|
| Highlighting in para. 19 | Discloses Ubiquiti's confidential business practices | **DENIED**. No adequate justification why disclosure of choice of law and venue in employee agreements could harm. |
| Highlighting in paras. 37-43 | Discloses Ubiquiti's confidential business practices | **DENIED**. No adequate justification why disclosure of corporate structure, board resolutions, and information related to Code of Business Conduct and Ethics could harm. |
| Para. 44 – highlighted words following "software for the…" and "Ubiquiti was developing in the…" | Discloses confidential code names related to development of Ubiquiti products | **DENIED**. No adequate justification why disclosure of one "code name" for one project could harm. |
| Highlighting in paras. 45-47 | Discloses confidential | **DENIED**. No adequate |

2

| | | |
|---|---|---|
| | information relating to development of Ubiquiti product | justification why disclosure of the relationship between Pera and Tsai and Tsai's hiring could harm. |
| Highlighting in para. 52 | Discloses Ubiquiti's confidential business practices | **DENIED**. No adequate justification for sealing defendant's discussion regarding Synopsys. |
| Para. 56 – highlighted words following "with respect to the…" | Discloses confidential code names related to development of Ubiquiti products | **DENIED** as above to disclosure of one code name. |
| Highlighting in para. 58 | Discloses confidential information relating to development of Ubiquiti product | **DENIED**. No adequate justification why disclosure of routine reporting information could harm. |
| Highlighting in para. 74 with the exception of the portion of the sentence starting with "which facilitated the Piracy Enterprises…" to the end of the sentence | Discloses confidential information relating to development of Ubiquiti product | **DENIED**. No adequate justification why disclosure of reporting relationship between Pera and Tsai could harm. |
| Highlighting in para. 95 | Discloses confidential code names related to development of Ubiquiti products | **DENIED**. No adequate justification why disclosure of "code name" for one project could harm. |
| Highlighting in para. 99 | Discloses Ubiquiti's confidential business practices | **DENIED**. No adequate justification why Pera's travels to Taiwan or discussions with Taiwan employees could harm. |
| Para. 100 – highlighted words following "for their work on the…" to the end of the sentence. | Discloses confidential code names related to development of Ubiquiti products and Ubiquiti's confidential business practices | **DENIED**. No adequate justification why disclosure of "code name" for one project and fact team members received raises for work on project could harm. |
| Highlighting in para. 103 | Discloses Ubiquiti's confidential business practices | **DENIED**. No adequate justification why disclosure of allegations of insufficient investigation could harm. |
| Para. 104 – highlighted words following "undertook a diligent investigation…" | Discloses Ubiquiti's confidential business practices | **DENIED**. No adequate justification why disclosure of alleged length of investigation could harm. |
| Para. 106 – highlighted words between "key members of the" and "have received" | Discloses confidential code names related to development of Ubiquiti products | **DENIED**. No adequate justification why disclosure of "code name" for one project could harm. |

3

| Highlighting in para. 107 | Discloses Ubiquiti's confidential business practices | **DENIED**. No adequate justification why disclosure of date and allowing employee to collect own documents could harm. |
|---|---|---|
| Highlighting in para. 109 except "airFiber 5xHD" | Discloses Ubiquiti's confidential business practices and confidential code names related to development of Ubiquiti products | **DENIED**. No adequate justification why disclosure of "code name" for one project could harm. |
| Highlighting in para. 112 | Discloses contents of alleged communication from outside counsel | **DENIED**. No adequate justification why disclosure of internal client emails (not contents of communications with counsel) could harm. |
| Highlighting in para. 114 | Discloses contents of alleged communication from outside counsel | **DENIED**. No adequate justification why disclosure of what clients knew, being already known or assumed by Synopsys, could cause harm. |
| Highlighting in paras. 188-189 | Discloses Ubiquiti's confidential business practices and confidential code names related to development of Ubiquiti products | **DENIED**. No adequate justification why disclosure of "code name" for one project, disclosure of alleged control of Pera over EDA tools, or disclosure of remedial measures taken by defendants could harm. |
| Para. 192 – highlighted words between "objective of the" and "Tsai, Ubiquiti , and UNIL each" | Discloses confidential code names related to development of Ubiquiti products | **DENIED**. No adequate justification why disclosure of "code name" for one project could harm. |

Having failed to provide compelling justifications for sealing the information addressed above, the motion to seal is DENIED. The Clerk shall UNSEAL Dkt. Nos. 187-4 and 187-6.

## II. OPPOSITION AND EXHIBITS

Ubiquiti/UNIL also seek to seal documents submitted in support of their opposition to Synopsys's motion. Dkt. Nos. 196, 197.

As to Exhibits A, E, & F attached to the Declaration of Jennifer Lee Taylor (Dkt. No. 195), the request to seal is DENIED without prejudice. Ubiquiti/UNIL seek to seal these excerpts in full. The request is not only *not* narrowly tailored, it is also without support. Ubiquiti/UNIL do not identify the specific information they seek to seal, other than a vague description of

4

1 "confidential technical information regarding confidential aspects of Ubiquiti's business operations." Declaration of Robin L. Brewer (Dkt. No. 196-1) ¶¶ 6, 10, 12. That is insufficient. Nor do they identify any reasons, much less compelling justifications, that would merit sealing the unspecified information at issue.

As to Exhibit B, the discovery response to Interrogatory No. 12 that Ubiquiti/UNIL seek to seal, discloses only host names of virtual machines that those defendants determined were used to access Synopsys's software (and discloses a code name, the sealing of which has been denied above). The request to seal is DENIED. The discovery responses to Interrogatory Nos. 17 and 19 discuss the generic details of Ubiquiti/UNIL's response, investigation, and directions to employees following the initial allegations that they were illegally using Synopsys's software. No compelling justifications have been shown to seal these generic details. The request to seal is DENIED. The discovery response to Interrogatory No. 21, discloses which EDA software tools were evaluated and which were eventually licensed and the response to Synopsys's allegation that defendants were illegally using its software. No compelling justifications have been shown to seal these generic details. The request to seal is DENIED. The discovery response to Interrogatory No. 23 discloses only Ubiquiti/UNIL's position regarding whether Tsai was acting in violation of Ubiquiti's Code of Business Conduct and Ethics. No compelling justifications have been shown to seal these generic details. The request to seal is DENIED.

As to Exhibit D, the request is DENIED. No compelling justifications have been shown to justify sealing this email discussing review of two simulators and the temporal licensing needs of UNIL.

Exhibit 1 to the Nisenbaum Declaration is the transcript of a Skype call between Tsai and someone else. Ubiquiti/UNIL do not seek to seal this information on their own behalf, but assert that Tsai might find something in the transcript "sensitive" and indicate that Tsai may submit a declaration in support of sealing. Dkt. No. 197. The request is DENIED. Tsai has not submitted a declaration in support of sealing. Mere "sensitivity" of information does not provide a compelling justification to seal court records.

Therefore, the Clerk shall UNSEAL Dkt. Nos. 196-5, 196-6, 197-2.

If Ubiquiti/UNIL have a good faith belief that they can show compelling justifications to seal discrete portions of the deposition excerpts attached as Exhibits A, E, &F, within five (5) days of the date of this Order, they shall submit a declaration identifying which discrete portions they wish to seal, identify the specific types of information they seek to seal, and provide facts establishing that disclosure of that information could cause specific harm. The declaration shall be provided by someone with personal knowledge of the information and harm. If no further declaration in support of sealing is filed, these exhibits shall be unsealed.

**IT IS SO ORDERED.**

Dated: June 7, 2018

William H. Orrick
United States District Judge