1  JENNIFER LEE TAYLOR (SBN 161368)
   JTaylor@mofo.com
2  RICHARD S.J. HUNG (SBN 197425)
   RHung@mofo.com
3  JOYCE LIOU (SBN 277720)
   JLiou@mofo.com
4  AMANDA D. PHILLIPS (SBN 305614)
   APhillips@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone:    (415) 268-7000
7  Facsimile:    (415) 268-7522

8  *Attorneys for Ubiquiti Defendants*
   UBIQUITI NETWORKS, INC. and
9  UBIQUITI NETWORKS INTERNATIONAL
   LIMITED

10

11                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
12                     SAN FRANCISCO DIVISION

13
    SYNOPSYS, INC.,                        Case No. 3:17-cv-00561-WHO
14
                    Plaintiff,             **UBIQUITI NETWORKS, INC.**
15                                         **AND UBIQUITI NETWORKS**
         v.                                **INTERNATIONAL LIMITED'S**
16                                         **ANSWER TO THIRD AMENDED**
    UBIQUITI NETWORKS, INC., UBIQUITI      **COMPLAINT**
17  NETWORKS INTERNATIONAL
    LIMITED, CHING-HAN DEFENDANT TSAI, and DOES 1-   DEMAND FOR A JURY TRIAL
18  20,
    inclusive,
19
                    Defendants.
20

21  UBIQUITI NETWORKS, INC. and UBIQUITI
    NETWORKS INTERNATIONAL LIMITED,
22
                    Counterclaimants,
23
         v.
24
    SYNOPSYS, INC.,
25
                    Counterdefendant.
26

27

28

Defendants Ubiquiti Networks, Inc. ("Ubiquiti") and Ubiquiti Networks International Limited ("UNIL") (collectively, "Ubiquiti Defendants"), by and through their undersigned counsel, answer the Third Amended Complaint ("the Complaint") by Synopsys, Inc. ("Plaintiff" or "Synopsys"). If an averment is not specifically admitted, it is hereby denied.

## PARTIES

1. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny them.

2. Ubiquiti Defendants admit the allegations in paragraph 2.

3. Ubiquiti Defendants admit that Ubiquiti's February 9, 2017 10-Q filing with the U.S. Securities and Exchange Commission describes it and its wholly owned subsidiaries as developing high performance networking technology for service providers and enterprises.

4. Ubiquiti Defendants deny the allegations in paragraph 4.

5. Ubiquiti Defendants admit that Ubiquiti's February 9, 2017 10-Q filing with the U.S. Securities and Exchange Commission states that certain of its operating expenses are denominated in the currencies of the countries in which its operations are located, including the Taiwan Dollar, and that Ubiquiti manages geographically dispersed research and development operations in order to meet its objectives for new product introduction, product quality, and product support. Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 5.

6. Ubiquiti Defendants admit the allegations in paragraph 6.

7. Ubiquiti Defendants admit that Ubiquiti's February 9, 2017 10-Q filing with the U.S. Securities and Exchange Commission names Robert J. Pera as Ubiquiti's Chief Executive Officer, Chairman of the Board, founder, and Chief Operating Decision Maker, and states that Ubiquiti reports financial information on an aggregate and consolidated basis to Mr. Pera. Ubiquiti Defendants deny that UNIL exports products. Ubiquiti Defendants deny the remaining allegations in paragraph 7.

8. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore deny them.

9. Ubiquiti Defendants admit that UNIL has been working on the design of a single integrated circuit. Ubiquiti Defendants deny that the "ubnt.com" web domain is owned and controlled by Ubiquiti from California. Except as expressly admitted or denied, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore deny them.

10. Ubiquiti Defendants deny that Defendant Tsai is employed by Ubiquiti. Ubiquiti Defendants admit that Ubiquiti previously employed Defendant Tsai as a Project Lead. Ubiquiti Defendants admit that Defendant Tsai testified that he is a citizen of the United States. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Defendant Tsai's domicile, and therefore deny them. Ubiquiti Defendants deny the existence of a scheme giving rise to this action. Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 10.

11. Ubiquiti Defendants admit that Defendant Tsai's LinkedIn profile states that he is a semiconductor professional with extensive experience in the complete design cycle of complex SOCs, and that from October 2013 to June 2018 he worked as a Project Lead for Ubiquiti in Taipei, Taiwan.

12. Ubiquiti Defendants deny the allegations in paragraph 12.

13. Ubiquiti Defendants admit that the Complaint purports to identify Does 1 through 20 as Defendants in this action.

## JURISDICTION AND VENUE

14. Ubiquiti Defendants admit that the Complaint purports to assert claims arising under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 *et seq*., 18 U.S.C. § 2318, 18 U.S.C § 1962, and California common law, and purports to assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. Ubiquiti Defendants admit that this Court has personal jurisdiction over Ubiquiti. Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 15.

16.     Ubiquiti Defendants deny that the Court has personal jurisdiction over UNIL or that UNIL expressly assented to personal jurisdiction in the Northern District of California for any disputes arising from its current and former employees' alleged use of Synopsys' file download website.  Except as expressly admitted or denied, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16, and therefore deny them.

17.     Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning where Plaintiff's servers are located, and therefore deny them.  Ubiquiti Defendants deny the remaining allegations in paragraph 17.

18.     Ubiquiti Defendants admit that UNIL has filed a lawsuit as a plaintiff in the Northern District of California.  Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 18.

19.     Ubiquiti Defendants admit that certain current and former UNIL employees have traveled to California from time to time for both personal and business purposes.  Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 19.

20.     Ubiquiti Defendants admit that Defendant Tsai testified that he has a house in San Diego.  Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 20.

21.     Ubiquiti Defendants admit that venue is proper in this district under 28 U.S.C. §§ 1391 and 1400 with respect to Ubiquiti.  Ubiquiti Defendants deny that venue is proper with respect to UNIL.  Except as expressly admitted or denied, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21, and therefore deny them.

## FACTUAL ALLEGATIONS

22.     Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore deny them.

23.     Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore deny them.

24.     Paragraph 24 relies on legal conclusions to which no response is required.  To the extent that a response is required, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore deny them.

25.     Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore deny them.

26.     Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore deny them.

27.     Ubiquiti Defendants deny the allegations in paragraph 27.

28.     Ubiquiti Defendants admit that a third party identifying itself as IT Compliance Association and purporting to act on Synopsys' behalf contacted Ubiquiti in May 2016 regarding purported unlicensed use of Synopsys' software.  Ubiquiti Defendants deny that they were aware of 17 U.S.C. § 1201 before Ubiquiti was contacted by IT Compliance Association in 2016.  Ubiquiti Defendants deny that Ubiquiti Defendants' corporate representatives acknowledged under oath that Ubiquiti and UNIL employees knew they had no license to use Synopsys' software.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purpose of any alleged unlicensed use of Synopsys software by current and former Ubiquiti and UNIL employees, and therefore deny them.  Except as expressly admitted or denied, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28, and therefore deny them.

29.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purpose of any alleged unlicensed use of Synopsys software by current and former Ubiquiti and UNIL employees, and therefore deny them.  Ubiquiti Defendants deny the remaining allegations in paragraph 29.

30.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any

of their current or former employees. Ubiquiti Defendants deny the remaining allegations in paragraph 30.

31.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny the remaining allegations in paragraph 31.

32.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny the remaining allegations in paragraph 32.

33.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny the remaining allegations in paragraph 33.

34.     Ubiquiti Defendants admit that Ubiquiti operates with a relatively flat reporting structure that relies on individual contributors or small development teams to develop, test, and obtain feedback for its products. Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 34.

35.     Ubiquiti Defendants admit that each Ubiquiti development team has a project lead or leads with varying levels of oversight by others at Ubiquiti. Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 35.

36.     Ubiquiti Defendants admit that each UNIL development team has a project lead or leads with varying levels of oversight by others at Ubiquiti. Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 36.

37.     Ubiquiti Defendants admit that Ubiquiti has had one or more of the following executives since it was established in 2005, among others: Chief Executive Officer, Chief Financial Officer, Chief Accounting Officer, Vice President of Legal Affairs, Vice President of Business Development, and Vice President of Global Vendor Management. Ubiquiti Defendants

admit that one or more of these Ubiquiti executives have at different times acted as executives of UNIL. Ubiquiti Defendants admit that Ubiquiti's September 30, 2013 10-Q filing with the U.S. Securities and Exchange Commission references Ubiquiti's "lean organizational structure." Ubiquiti Defendants admit that to the extent that Ubiquiti executives have also acted as executives of UNIL, they have not been paid by UNIL for those services. Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 37.

38. Ubiquiti Defendants deny the allegations in paragraph 38.

39. Ubiquiti Defendants admit that Ubiquiti's Code of Business Conduct and Ethics as adopted November 2, 2010, designates Ubiquiti's Chief Financial Officer as the Ethics Officer with responsibility for overseeing and monitoring compliance with the Code, and provides that the Ethics Officer reports directly to the Chief Executive Officer with respect to these matters. Ubiquiti Defendants admit that Ubiquiti's Code of Business Conduct and Ethics as adopted November 2, 2010, provides that the Audit Committee will be responsible for investigating violations and determining appropriate disciplinary action for matters involving members of the Board of Directors or executive officers. Ubiquiti Defendants admit that Ubiquiti's Code of Business Conduct and Ethics in effect as of August 2013, designates Ubiquiti's Chief Compliance Officer as the Ethics Officer with responsibility for overseeing and monitoring compliance with the Code, and provides that the Ethics Officer reports directly to the Chief Executive Officer and Audit Committee with respect to these matters. Ubiquiti Defendants admit that Ubiquiti's Code of Business Conduct and Ethics in effect as of August 2013, provides that the Audit Committee will be responsible for investigating violations and determining appropriate disciplinary action for matters involving members of the Board of Directors or executive officers. Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 39.

40. Ubiquiti Defendants admit that Ubiquiti provides its Code of Business Conduct and Ethics in English. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40, and therefore deny them.

42. Ubiquiti Defendants deny the allegations in paragraph 41.

42. Ubiquiti Defendants deny the allegations in paragraph 42.

43.     Ubiquiti Defendants deny the allegations in paragraph 43.

44.     Ubiquiti Defendants admit that in 2013, Defendant Tsai started discussions with Synopsys and other manufacturers of EDA software in connection with a new project to design an integrated circuit.  Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 44.

45.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants admit that Defendant Tsai testified that Robert Pera contacted him via LinkedIn regarding work on the AME project, and that Defendant Tsai testified that they subsequently met in person at a Starbucks in San Jose.   Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 45.

46.     Ubiquiti Defendants admit that Defendant Tsai was hired by Ubiquiti on September 3, 2013.  Ubiquiti Defendants admit that Defendant Tsai began recruiting others to work on the AME project with him.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning what was known to Defendant Tsai, and therefore deny them.  Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 46.

47.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny that there was a piracy plan. Ubiquiti Defendants deny the remaining allegations in paragraph 47.

48.     Ubiquiti Defendants deny that the referenced chat logs were not collected in the course of ordinary document collection.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning interstate wires, and therefore deny them.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48, and therefore deny them.

49.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any

of their current or former employees.  Ubiquiti Defendants deny that Defendant Tsai, acting on behalf of a piracy enterprise, communicated with Synopsys employees on or about September 11, 2013 or September 12, 2013.  Ubiquiti Defendants deny that there was a piracy plan.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning statements made by Defendant Tsai to Synopsys, and therefore deny them.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49, and therefore deny them.

50.     Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore deny them.

51.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny that Defendant Tsai, acting on behalf of a piracy enterprise, communicated with Synopsys employees on or about September 30, 2013.  Ubiquiti Defendants deny that there was a piracy plan.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning statements made by Defendant Tsai to Synopsys, and therefore deny them.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51, and therefore deny them.

52.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny that Defendant Tsai, acting on behalf of a piracy enterprise, communicated with Synopsys employees on or about October 1, 2013.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning statements made by Defendant Tsai to Synopsys, and therefore deny them.  Ubiquiti Defendants admit that on September 12, 2013, Defendant Tsai sent an email to Mr. Pera noting that "Synopsys provides global WAN based licenses."  Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 52.

53. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny that Defendant Tsai, acting on behalf of a piracy enterprise, communicated with Synopsys employees on or about October 14, 2013. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning statements made by Defendant Tsai to Synopsys, and therefore deny them.

54. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny that Defendant Tsai, acting on behalf of a piracy enterprise, communicated with Synopsys employees on or about October 14, 2013. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning statements made by Defendant Tsai to Synopsys, and therefore deny them.

55. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning interstate wires and computers used in interstate commerce, and therefore deny them. Ubiquiti Defendants admit that Defendant Tsai and Yang engaged in a personal chat message conversation on or about October 15, 2013, on their personal Skype accounts, but deny that Defendant Tsai and Yang discussed a plan on behalf of Ubiquiti and UNIL. Ubiquiti Defendants deny that Defendant Tsai and Yang were authorized to make such decisions on behalf of Ubiquiti or UNIL. To the extent that Defendant Tsai and Yang did discuss using piracy to save money or using counterfeit keys, such personal discussions conducted on personal Skype accounts were outside the scope of Defendant Tsai's and Yang's employment by Ubiquiti Defendants, and the discussions did not take place on behalf of Ubiquiti or UNIL. Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 55.

56.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 56.

57.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants admit that on October 15, 2013, Defendant Tsai sent an email to William Bergman stating "I'll be travelling to Taipei tonight."  Ubiquiti Defendants deny that Defendant Tsai acted on behalf of a piracy enterprise.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning statements made by Defendant Tsai to Synopsys, and therefore deny them.  Ubiquiti Defendants admit that Ubiquiti and Plaintiff entered into a Master Non-Disclosure Agreement, the purpose of which was to facilitate the parties' discussions of a potential business relationship, and that Ubiquiti executed that agreement on October 15, 2013, and a Disclosure Supplement Statement on November 15, 2013, and that Plaintiff executed both the Master Non-Disclosure Agreement and Disclosure Supplement Statement on November 25, 2013.  Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 57.

58.     Ubiquiti Defendants admit that from time to time Defendant Tsai reported to Pera and other executives and managers on the status of his work at Ubiquiti.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning Defendant Tsai's negotiations with EDA providers in the U.S. and Taiwan, and therefore deny them.  Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 58.

59.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny that Defendant Tsai, acting on behalf of a piracy enterprise, communicated with Synopsys employees from October 14, 2013, to November 25, 2013.  Ubiquiti Defendants deny that Ubiquiti or UNIL gave any current or former

employees raises for delivering on the AME project on a timely basis. Ubiquiti Defendants admit that Defendant Tsai and Yang had personal chat message conversations in November 2013 on their personal Skype accounts, but deny that Defendant Tsai and Yang discussed the use of unlicensed software on behalf of Ubiquiti and UNIL. Ubiquiti Defendants deny that any conduct of Defendant Tsai or Yang involving the use of unlicensed software reduced Ubiquiti's and UNIL's development costs and development time. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the intent of Defendant Tsai and Yang's conduct, and therefore deny them. Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 60.

60. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning statements made or omitted by Defendant Tsai to Synopsys, and therefore deny them. Ubiquiti Defendants admit that on November 26, 2013, Ubiquiti and Plaintiff entered into an agreement for the evaluation of Plaintiff's VCS application. Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 60.

61. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning statements made by Defendant Tsai to Synopsys, and therefore deny them. Ubiquiti Defendants deny that any persons acting on behalf of a piracy enterprise began using counterfeit license keys to access any copies of VCS from any source. Ubiquiti Defendants deny that they were part of any piracy enterprise that made or distributed unauthorized copies of Synopsys' software or documentation, accessed Synopsys' software, or provided software and other technology components designed to circumvent technical measures that control access to Synopsys' software to anyone. Ubiquiti Defendants deny the remaining allegations in paragraph 61.

62.     Ubiquiti Defendants admit that on November 26, 2013, Plaintiff and Ubiquiti executed a 90-day evaluation license for Ubiquiti to evaluate Plaintiff's VCS application and that an employee of Plaintiff sent to Defendant Tsai's Ubiquiti email account a link to download the VCS application.  Ubiquiti Defendants deny that an employee sent to Defendant Tsai's Ubiquiti email account a link to download a license key and Ubiquiti Defendants deny that the license key delivered to Defendant Tsai's Ubiquiti email account on December 3, 2013, limited use of the license key or VCS application to "two computers concurrently in San Jose."  In response to the remaining allegations, Ubiquiti Defendants respond that to the extent Plaintiff is quoting from the November 26, 2013, evaluation agreement, that document speaks for itself.  To the extent that Plaintiff is not quoting from that document, the remaining allegations rely on legal conclusions to which no response is required.  To the extent that a response is required, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62, and therefore deny them.

63.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants admit that Defendant Tsai was provided login credentials to permit him access to Plaintiff's customer support and download websites for the purposes of facilitating evaluation of VCS.  Ubiquiti Defendants deny that they were members of any piracy enterprise that accessed any of Synopsys' websites.  Except as expressly admitted or denied, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the domains on which Plaintiff's websites reside, and where those domains are registered, hosted, or maintained, and therefore deny them.

64.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny that Defendant Tsai, acting on behalf of a piracy enterprise, accessed Synopsys' file download website or downloaded any files from that website.  Except as expressly denied, Ubiquiti Defendants lack knowledge and

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64, and therefore deny them.

65. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny that Defendant Tsai, acting on behalf of a piracy enterprise, communicated with any current or former UNIL employee on November 28, 2013. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning interstate wires and computers used in interstate commerce, and therefore deny them. Ubiquiti Defendants admit that a document collected from one of Defendant Tsai's computers and produced in this case is a Skype chat to which Defendant Tsai was a party through his personal Skype account. Ubiquiti Defendants admit that in that chat, Defendant Tsai and others had a personal discussion that included the words "don't talk about cracking software using company email," but deny that this discussion took place on behalf of Ubiquiti or UNIL. Defendants deny the remaining allegations in paragraph 65.

66. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny that Defendant Tsai, acting on behalf of a piracy enterprise, communicated with any Synopsys employee on December 2, 2013. Ubiquiti Defendants deny the remaining allegations in paragraph 66.

67. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny the remaining allegations in paragraph 67.

68. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny that Defendant Tsai, or any other persons, acting on behalf of a piracy enterprise communicated with a current or former UNIL employee on December 4, 2013. Ubiquiti Defendants admit that a document collected from one

of Defendant Tsai's computers and produced in this case is a personal Skype chat to which Defendant Tsai was a party. Ubiquiti Defendants admit that in this chat conducted on Defendant Tsai's personal Skype account, Defendant Tsai and others had a personal discussion that included the words "alternative" and "massive regressions". Ubiquiti Defendants deny that this discussion took place on behalf of Ubiquiti or UNIL. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning interstate wires and computers used in interstate commerce, and therefore deny them. Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 68.

69. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny that from November 27, 2013, to December 28, 2013, Defendant Tsai or any current or former Ubiquiti or UNIL employees, acting on behalf of a piracy enterprise, accessed Synopsys's file download website. Ubiquiti Defendants deny that any current or former Ubiquiti or UNIL employees downloaded files from Synopsys' file download website on behalf of a piracy enterprise involving Ubiquiti Defendants. Ubiquiti Defendants deny that Ubiquiti and UNIL engaged in the copying, creation, distribution, and use of counterfeit software, counterfeit license keys, and other circumvention technology. Ubiquiti Defendants admit that Defendant Tsai downloaded certain files from Synopsys's file download website. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purpose of any alleged unlicensed use of Synopsys software by current or former Ubiquiti and UNIL employees, and therefore deny them. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69, and therefore deny them.

70. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning interstate wires and

14

computers used in interstate commerce, and therefore deny them. Ubiquiti Defendants deny the remaining allegations in paragraph 70.

71.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants admit that in or about mid-December 2013, Defendant Tsai, Andre Lee, and Josh Huang traveled to the United States. Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 71.

72.     Ubiquiti Defendants admit that on or about January 1, 2014, Defendant Tsai, I-Feng Lin, and Sheng-Feng Wang traveled to Barrington, Illinois. Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 72.

73.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning interstate wires and computers used in interstate commerce, and therefore deny them. Ubiquiti defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73, and therefore deny them.

74.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny the remaining allegations in paragraph 74.

75.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny that Defendant Tsai, acting on behalf of a piracy enterprise, communicated with any Synopsys employees during the first and second weeks of March 2014. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning statements made by Defendant Tsai to

Synopsys, and therefore deny them. Ubiquiti Defendants deny the remaining allegations in paragraph 75.

76. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny that Defendant Tsai, acting on behalf of a piracy enterprise involving Ubiquiti Defendants, communicated with any Synopsys employees during the first and second weeks of April 2014. Ubiquiti Defendants deny that Defendant Tsai or anyone else acting on behalf of a piracy enterprise involving Ubiquiti Defendants made any representations to Synopsys during a meeting on or about April 8, 2014. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning statements made by Defendant Tsai or any current or former UNIL employees to Synopsys, and therefore deny them. Ubiquiti Defendants deny the remaining allegations in paragraph 76.

77. Ubiquiti Defendants deny the allegations in paragraph 77.

78. Ubiquiti Defendants admit that on or around April 14, 2014, a Synopsys employee emailed a license key for Plaintiff's DC Ultra, Formality, HDL Compiler Verilog, and DesignWare Library applications, along with related installation and/or license control tools, to a UNIL employee and Defendant Tsai. Ubiquiti Defendants admit that on or around May 8, 2014, a Synopsys employee emailed to a UNIL employee and Defendant Tsai, a license key for the Power Compiler application. Except as expressly admitted, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78, and therefore deny them.

79. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny that anyone acting on behalf of a piracy enterprise involving Ubiquiti Defendants downloaded any documents or files from Plaintiff's electronic file transfer website. Except as expressly denied, Ubiquiti Defendants lack

knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53, and therefore deny them.

80.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny that anyone acting on behalf of a piracy enterprise involving Ubiquiti Defendants began using counterfeit license keys to access Design Compiler software downloaded by UNIL.  Ubiquiti Defendants deny the remaining allegations in paragraph 80.

81.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny that anyone acting on behalf of a piracy enterprise involving Ubiquiti Defendants contacted Synopsys' customer support via email on May 19, 2014.  Ubiquiti Defendants deny the remaining allegations in paragraph 81.

82.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny that anyone acting on behalf of a piracy enterprise involving Ubiquiti Defendants accessed Synopsys' customer support and file download websites, or made, distributed, or used copies of Synopsys' software or documentation. Ubiquiti Defendants deny the remaining allegations in paragraph 82.

83.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 83.

84.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 84.

Case No. 3:17-cv-00561-WHO
Ubiquiti Defendants' Answer to Third Amended Complaint
sf-3913552

85.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations in paragraph 85 pertaining to unidentified "[d]ata," and therefore deny them.  Ubiquiti Defendants deny that any piracy enterprise involving Ubiquiti Defendants set up a network of computers for the purpose of accessing keys or copies of Plaintiff's software.  Ubiquiti Defendants deny the remaining allegations in paragraph 85.

86.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 86 that relate to the "[d]ata" referred to in Paragraph 85, and therefore deny them.  Ubiquiti Defendants deny that any piracy enterprise involving Ubiquiti Defendants configured computers for the purpose of running unauthorized copies of Plaintiff's software or placing counterfeit license key files on a host server.  Ubiquiti Defendants deny the remaining allegations in paragraph 86.

87.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 87 that relate to the "[d]ata" referred to in Paragraph 85, and therefore deny them.  Ubiquiti Defendants deny that any piracy enterprise involving Ubiquiti Defendants employed stored counterfeit license key files at file paths located on Ubiquiti or UNIL networks.  Ubiquiti Defendants deny the remaining allegations in paragraph 87.

88.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 88 that relate to the "[d]ata" referred to in Paragraph 85, and therefore deny them.  Ubiquiti Defendants deny that any

piracy enterprise involving Ubiquiti Defendants configured computers to make Plaintiff's software or counterfeit license keys accessible from a virtual machine. Ubiquiti Defendants deny the remaining allegations in paragraph 88.

89. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 89 that relate to the "[d]ata" referred to in Paragraph 85, and therefore deny them. Ubiquiti Defendants deny that any piracy enterprise involving Ubiquiti Defendants distributed or used counterfeit license keys, illicit license keys, counterfeit access devices, or circumvention technology to access any of Plaintiff's software. Ubiquiti Defendants deny the remaining allegations in paragraph 89.

90. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 90 that relate to the "[d]ata" referred to in Paragraph 85, and therefore deny them. Ubiquiti Defendants deny that any piracy enterprise involving Ubiquiti Defendants made use of counterfeit license keys for Plaintiff's software. Ubiquiti Defendants deny the remaining allegations in paragraph 90.

91. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants admit that a third party identifying itself as IT Compliance Association and purporting to act on Synopsys' behalf contacted Ubiquiti in May 2016 regarding purported unlicensed use of Synopsys' software and that it demanded that Ubiquiti "cease and desist unauthorized use of [Plaintiff's] software." Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning actions taken by Plaintiff, and therefore deny them. The remaining allegations in Paragraph 91 rely on legal conclusions to which no response is required. To the extent that a response is

required, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91, and therefore deny them.

92. Ubiquiti Defendants admit that a third party identifying itself as IT Compliance Association and purporting to act on Synopsys' behalf contacted Ubiquiti in May 2016 regarding purported unlicensed use of Synopsys' software. Ubiquiti Defendants deny that the ITCA letter warned Ubiquiti of impending legal action, deny that the ITCA letter created an obligation for Ubiquiti to preserve evidence, and deny that the ITCA letter was an infringement notice. Ubiquiti Defendants deny that Ubiquiti Defendants or anyone at Ubiquiti or UNIL violated the Ubiquiti Code of Business Conduct and Ethics following receipt of the ITCA letter. Ubiquiti Defendants deny that there were executive-level omissions that would require investigation by the Ubiquiti Audit Committee. Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 92.

93. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning interstate wires and computers used in interstate commerce, and therefore deny them. Ubiquiti Defendants deny that the ITCA letter was forwarded only to Defendant Tsai. Ubiquiti Defendants admit that Defendant Tsai forwarded an email with the letter to Andre Lee, James Lian, and Josh Huang. Ubiquiti Defendants deny that Defendant Tsai forwarded the email to any members of a piracy enterprise involving Ubiquiti Defendants. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the actions taken by Defendant Tsai, Lee, Huang, and Lian, and therefore deny them. Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 93.

94. Ubiquiti Defendants deny the allegations in paragraph 94.

95. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any

of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 95.

96.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants admit that no report was warranted or made to Ubiquiti's Audit Committee concerning allegations made by Synopsys.  Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 96.

97.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning interstate wires and computers used in interstate commerce, and therefore deny them.  Ubiquiti Defendants admit that Sheng-Feng Wang testified that Defendant Tsai twice loaded a virtual machine with Synopsys software on one of his computers.  Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 97.

98.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants admit that Defendant Tsai declared under oath that he spent at least forty hours investigating Synopsys' surveillance and intrusions, including reviewing the system log files and reconfiguring the firewall programs on all the servers, and monitoring the outbound network traffic over the course of at least a month, and that other employees of Ubiquiti and UNIL spent at least one hundred hours engaged in similar investigatory activities.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of Defendant Tsai's statements in his declaration.  Ubiquiti Defendants deny that Defendant Tsai, acting on behalf of a piracy enterprise involving Ubiquiti Defendants, provided instructions to UNIL and Ubiquiti.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning what files

and/or data, if any, Defendant Tsai or any other Ubiquiti or UNIL employees undertook to delete, and therefore deny them.  Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 98.

99.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 99.

100.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny that any persons acting on behalf of a piracy enterprise involving Ubiquiti Defendants used Synopsys's software to perform work for UNIL or Ubiquiti.  Ubiquiti Defendants deny that there was a piracy enterprise meeting. Ubiquiti Defendants deny that Ubiquiti or UNIL gave any current or former employees raises for delivering on the AME project on a timely basis.  Except as expressly denied, Ubiquiti Defendants deny the remaining allegations in paragraph 100.

101.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny that anyone at Ubiquiti or UNIL pirated software in furtherance of their work for Ubiquiti and UNIL.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 101, and therefore deny them.

102.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny that any persons acting on behalf of a piracy enterprise involving Ubiquiti Defendants used Synopsys's software to perform work for UNIL or Ubiquiti.  Ubiquiti Defendants deny that there was use of unlicensed Synopsys software by anyone at Ubiquiti or UNIL after June 2016.  Ubiquiti Defendants deny that the Ubiquiti AirFiber 5xHD contains an ASIC designed by a piracy enterprise.

103. Ubiquiti Defendants admit that Ubiquiti commenced an investigation of ITCA's allegations in May 2016 and that that investigation ended in or about August 2016. Ubiquiti Defendants admit that Ubiquiti commenced further investigations after the complaint was filed, and during the course of the lawsuit. Ubiquiti Defendants deny that the only remedial action Ubiquiti and UNIL took was to send an email to UNIL and Ubiquiti employees. Ubiquiti Defendants deny that the investigations and the email were shams. Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 103.

104. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny the remaining allegations in paragraph 104.

105. Ubiquiti Defendants deny the allegations in paragraph 105.

106. Ubiquiti Defendants deny the allegations in paragraph 106.

107. Ubiquiti Defendants deny that they anticipated the prospect of litigation after receiving the May 2016 ITCA letter. Ubiquiti Defendants deny that they had any obligation to collect or preserve evidence after receipt of the May 2016 ITCA letter. Except as expressly denied, Ubiquiti Defendants deny the remaining allegations in paragraph 107.

108. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny that there was use of unlicensed Synopsys software by any current or former employees of Ubiquiti or UNIL after June 2016. Ubiquiti Defendants deny that they had any obligation to preserve evidence prior to February 2017. Except as expressly denied, Ubiquiti Defendants deny the remaining allegations in paragraph 108.

109. Ubiquiti Defendants deny the allegations in paragraph 109.

110. Ubiquiti Defendants admit that Synopsys served its first set of requests for production of documents and tangible things from Ubiquiti Defendants on May 12, 2017. Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 110.

23

111.    Ubiquiti Defendants deny the allegations in paragraph 111.

112.    Ubiquiti Defendants deny the allegations in paragraph 112.

113.    Ubiquiti Defendants admit that on September 8, 2017, Synopsys served a forensic inspection request purporting to identify various UNIL and Ubiquiti computers by MAC address, known IP addresses, and usernames.  Except as expressly admitted, Ubiquiti Defendants deny the remaining allegations in paragraph 113.

114.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants admit that in a hearing before Judge Beeler on January 25, 2018, counsel for Ubiquiti and UNIL told the Court that "[Synopsys] software does not operate on a Windows environment or on a Mac environment.  So there is no reason they need to look at any of the individual computers that use Mac and Windows as their operating environment."  Ubiquiti Defendants admit that Ubiquiti submitted sworn declarations to the Court.  Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 114.

115.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants admit that in an order issued on December 22, 2017, U.S. Magistrate Judge Laurel Beeler ordered Ubiquiti Defendants to meet and confer with Synopsys regarding an inspection protocol.  Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 115.

116.    Ubiquiti Defendants deny the allegations in paragraph 116.

117.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 117.

118.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any

of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 118.

119.  Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny that Judge Beeler held an emergency hearing.  Ubiquiti Defendants deny the remaining allegations in paragraph 119.

120.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning forensic discovery, and therefore deny them.  Ubiquiti Defendants deny that Ubiquiti Defendants knew or should have known about Defendant Tsai's additional devices by the date of Defendant Tsai's deposition.  Ubiquiti Defendants deny that Ubiquiti Defendants or their outside counsel did not make any effort to collect Defendant Tsai's devices.  Ubiquiti Defendants deny the remaining allegations in paragraph 120.

121.  Ubiquiti Defendants deny the existence of a pattern of deliberate, calculated, and coordinated spoliation.

a.  Ubiquiti Defendants admit that Defendant Tsai used a software program called CCleaner on an external drive, but do not know what files or data, if any, were deleted as a result of the use of CCleaner.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121(a), and therefore deny them.

b.  Ubiquiti Defendants admit that Sheng-Feng Wang's work-issued devices and a personal external hard drive were imaged in January 2018.  Ubiquiti Defendants admit that Wang's personal external hard drive contained copies of video files when it was imaged in January 2018.  Ubiquiti Defendants deny that Wang's computer contained virtual machines that appeared to contain deleted Synopsys files.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121(b), and therefore deny them.

c.  Ubiquiti Defendants admit that Chi-Hsueh Huang ran CCleaner twice in March 2018, but do not know what files or data, if any, were deleted as a result of the use

of CCleaner. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121(c), and therefore deny them.

d. Ubiquiti Defendants admit that the Recycle Bin on James Lian's external hard drive contained files that had the word "Synopsys" in them, but lack information and knowledge sufficient to form a belief as to why the files were in the Recycle Bin and why Lian had the files on his external drive. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121(d), and therefore deny them.

e. Ubiquiti Defendants admit that Ya-Chau Yang's computer contained signs that he had used AVG File Shredder as well as CCleaner, but do not know what files or data, if any, were deleted as a result of the use of CCleaner or AVG File Shredder. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121(e), and therefore deny them.

f. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 121(f), and therefore deny them.

g. Ubiquiti Defendants admit that Chang-Ching Yan used CCleaner in March 2018, but do not know what files or data, if any, were deleted as a result of the use of CCleaner. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121(g), and therefore deny them.

h. Ubiquiti Defendants deny that there was evidence of suspicious deletion of files on Hua-Lin Hsu's computer. Ubiquiti Defendants admit that in February 2018, Hsu deleted a Google chat and a Skype chat that had been previously collected in this case.

i. Ubiquiti Defendants deny that Judge Beeler held an emergency hearing. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121(i), and therefore deny them.

122.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 122.

123.     Ubiquiti Defendants admit that Defendant Tsai provided sworn answers to interrogatories and made sworn declarations that were filed with this Court.  Ubiquiti Defendants admit that Defendant Tsai invoked his Fifth Amendment privilege at his deposition.  Ubiquiti Defendants admit that two additional devices were disclosed during Defendant Tsai's deposition and that Ubiquiti temporarily took custody of the devices during the deposition, delivered the devices to Epiq, a forensic consultant, and asked that forensic images of the devices be made.  Epiq provided the two devices and images of them to Defendant Tsai's counsel.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning further forensic examination, and therefore deny them.  Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 123.

## FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violation of the
### Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1))

124.     Ubiquiti Defendants repeat and incorporate by reference their responses to paragraphs 1 through 123 of the Complaint as if fully set forth herein.

125.     Paragraph 125 relies on legal conclusions to which no response is required.  To the extent that a response is required, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 125, and therefore deny them.

126.     Paragraph 126 relies on legal conclusions to which no response is required.  To the extent that a response is required, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 126, and therefore deny them.

127.    Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 127, and therefore deny them.

128.    Paragraph 128 relies on legal conclusions to which no response is required.  To the extent that a response is required, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 128, and therefore deny them.

129.    Paragraph 129 relies on legal conclusions to which no response is required.  To the extent that a response is required, Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 129, and therefore deny them.

130.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 130.

131.    Ubiquiti Defendants deny the allegations in paragraph 131.

132.    Ubiquiti Defendants deny the allegations in paragraph 132.

133.    Ubiquiti Defendants deny the allegations in paragraph 133.

134.    Ubiquiti Defendants deny the allegations in paragraph 134.

## SECOND CLAIM FOR RELIEF

## (Against All Defendants for Violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2))

135.    Ubiquiti Defendants repeat and incorporate by reference their responses to paragraphs 1 through 134 of the Complaint as if fully set forth herein.

136.    Paragraph 136 relies on legal conclusions to which no response is required.  To the extent that a response is required, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 136, and therefore deny them.

1    137.    Ubiquiti Defendants deny the allegations in paragraph 137.

2    138.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy

3    enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any

4    of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in

5    paragraph 138.

6    139.    Ubiquiti Defendants deny the allegations in paragraph 139.

7    140.    Ubiquiti Defendants deny the allegations in paragraph 140.

8    141.    Ubiquiti Defendants deny the allegations in paragraph 141.

9    142.    Ubiquiti Defendants deny the allegations in paragraph 142.

10    **THIRD CLAIM FOR RELIEF**

11    **(Against All Defendants for Violations of the Digital Millennium Copyright Act, 17 U.S.C. §**
12    **1201(b))**

13    143.    Ubiquiti Defendants repeat and incorporate by reference their responses to

14    paragraphs 1 through 142 of the Complaint as if fully set forth herein.

15    144.    Paragraph 144 relies on legal conclusions to which no response is required.  To the

16    extent that a response is required, Ubiquiti Defendants lack knowledge and information sufficient

17    to form a belief as to the truth of the allegations in paragraph 144, and therefore deny them.

18    145.    Ubiquiti Defendants deny the allegations in paragraph 145.

19    146.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy

20    enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any

21    of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in

22    paragraph 146.

23    147.    Ubiquiti Defendants deny the allegations in paragraph 147.

24    148.    Ubiquiti Defendants deny the allegations in paragraph 148.

25    149.    Ubiquiti Defendants deny the allegations in paragraph 149.

26

27

28

**FOURTH CLAIM FOR RELIEF**

**(Against All Defendants for Violations of 18 U.S.C. § 2318)**

150.    Ubiquiti Defendants repeat and incorporate by reference their responses to paragraphs 1 through 149 of the Complaint as if fully set forth herein.

151.    Paragraph 151 relies on legal conclusions to which no response is required.  To the extent that a response is required, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 151, and therefore deny them.

152.    Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 152, and therefore deny them.

153.    Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 153, and therefore deny them.

154.    Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 154, and therefore deny them.

155.    Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 155, and therefore deny them.

156.    Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 156, and therefore deny them.

157.    Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 157, and therefore deny them.

158.    Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 158, and therefore deny them.

159.    Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 159, and therefore deny them.

160.    Ubiquiti Defendants deny the allegations in paragraph 160.

161.    Ubiquiti Defendants deny the allegations in paragraph 161.

162.    Ubiquiti Defendants deny the allegations in paragraph 162.

163.    Ubiquiti Defendants deny the allegations in paragraph 163.

164.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants admit that in a declaration of May 1, 2017 (Dkt. No. 50-1), Shen-Feng Wang stated that "[w]hile present in California, I never received any transmission from any UNIL employee containing unauthorized license keys or unauthorized copies of Synopsys' software."  Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 164.

165.    Ubiquiti Defendants deny the allegations in paragraph 165.

166.    Ubiquiti Defendants deny the allegations in paragraph 166.

167.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 167.

168.    Ubiquiti Defendants deny the allegations in paragraph 168.

169.    Ubiquiti Defendants deny the allegations in paragraph 169.

170.    Ubiquiti Defendants deny the allegations in paragraph 170.

## FIFTH CLAIM FOR RELIEF

### (Against All Defendants for Fraud)

171.    Ubiquiti Defendants repeat and incorporate by reference their responses to paragraphs 1 through 170 of the Complaint as if fully set forth herein.

172.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 172.

173.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Except as expressly denied, Ubiquiti Defendants deny the remaining allegations in paragraph 173.

174.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 174.

175.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 175.

176.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 176.

177.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 177.

178.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 178.

179.    Ubiquiti Defendants deny the allegations in paragraph 179.

## SIXTH CLAIM FOR RELIEF

### (Against All Defendants for Civil RICO, 18 U.S.C. 1964(c) & (d))

180.    Ubiquiti Defendants repeat and incorporate by reference their responses to paragraphs 1 through 179 of the Complaint as if fully set forth herein.

181.    Paragraph 181 relies on legal conclusions to which no response is required.  To the extent that a response is required, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 181, and therefore deny them.

182.     Paragraph 182 relies on legal conclusions to which no response is required.  To the extent that a response is required, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 182, and therefore deny them.

183.     Paragraph 183 relies on legal conclusions to which no response is required.  To the extent that a response is required, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 183, and therefore deny them.

184.     Ubiquiti Defendants admit that Ubiquiti is an entity organized under the laws of the State of Delaware.  The remaining allegations in paragraph 184 rely on legal conclusions to which no response is required.  To the extent that a response is required, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 184, and therefore deny them.

185.     Ubiquiti Defendants admit that UNIL is an entity organized under the laws of Hong Kong.  The remaining allegations in paragraph 185 rely on legal conclusions to which no response is required.  To the extent that a response is required, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 185, and therefore deny them.

186.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 186.

187.     Ubiquiti Defendants deny the allegations in paragraph 187.

188.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 188.

189.     Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any

of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 189.

190.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 190.

191.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 191.

192.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 192.

193.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning interstate wires and computers used in interstate commerce, and therefore deny them.  Ubiquiti Defendants deny that Defendant Tsai and Yang, acting on behalf of a piracy enterprise involving Ubiquiti Defendants, communicated on or about October 15, 2013.  Ubiquiti Defendants admit that a document collected from one of Defendant Tsai's computers and produced in this case is a chat to which Defendant Tsai was a party through his personal Skype account.  Ubiquiti Defendants admit that in that personal Skype chat, Defendant Tsai and others had a personal discussion that included the words "save money," "move quickly," "police escorting me out of the office," and "general legal counsel," but deny that this discussion on Defendant Tsai's personal Skype account took place on behalf of Ubiquiti or UNIL.  Except as expressly admitted or denied, Ubiquiti Defendants deny the remaining allegations in paragraph 193.

194.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 194.

195.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 195.

196.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 196.

197.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 197.

198.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 198.

199.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 199.

200.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 200.

201.    Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 201, and therefore deny them.

202.    Ubiquiti Defendants admit that they have not paid money into one of Plaintiff's flexible spending accounts.   Except as expressly admitted, Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 202, and therefore deny them.

203.    Ubiquiti Defendants deny the allegations in paragraph 203 with respect to the Ubiquiti Defendants.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning Defendant Tsai in paragraph 203, and therefore deny them.

204.    Paragraph 204 relies on legal conclusions to which no response is required.  To the extent that a response is required, Ubiquiti Defendants deny the allegations in paragraph 204 with respect to the Ubiquiti Defendants.  Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning Defendant Tsai in paragraph 204, and therefore deny them.

205.    Ubiquiti Defendants deny the allegations in paragraph 205.

206.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 206.

207.    Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise.  Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees.  Ubiquiti Defendants deny the remaining allegations in paragraph 207.

208.    Ubiquiti Defendants deny the allegations in paragraph 208.

209.    Ubiquiti Defendants deny the allegations in paragraph 209.

210.    Ubiquiti Defendants deny the allegations in paragraph 210.

## SEVENTH CLAIM FOR RELIEF

## (Against All Defendants for Negligent Misrepresentation)

211. Ubiquiti Defendants repeat and incorporate by reference their responses to paragraphs 1 through 210 of the Complaint as if fully set forth herein.

212. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny the remaining allegations in paragraph 212.

213. Ubiquiti Defendants deny that Ubiquiti and UNIL were or are members of a piracy enterprise. Ubiquiti Defendants deny having any knowledge of a piracy enterprise involving any of their current or former employees. Ubiquiti Defendants deny the remaining allegations in paragraph 213.

214. Ubiquiti Defendants deny the allegations in paragraph 214.

215. Ubiquiti Defendants deny the allegations in paragraph 215.

216. Ubiquiti Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 216 concerning actions taken by Plaintiff, and therefore deny them. Ubiquiti Defendants deny the remaining allegations in paragraph 216.

## PRAYER FOR RELIEF

Ubiquiti Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Ubiquiti Defendants assert the following affirmative defenses to the Complaint and incorporate by reference the allegations in UNIL's Counterclaims and Ubiquiti's Amended Counterclaims in support of such defenses.

### First Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches because Plaintiff inexcusably delayed asserting claims against Ubiquiti Defendants. Namely, Plaintiff became aware of the facts that purportedly form the basis of the claims against Ubiquiti as early as late 2013 or early

2014, and yet Plaintiff waited until February 3, 2017 to file a complaint against Ubiquiti Defendants.

## Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff, through fraudulent misrepresentations regarding its confidentiality obligations that Ubiquiti Defendants relied on in proceeding to evaluate Plaintiff's software, obtained Ubiquiti Defendants' confidential, proprietary information without Ubiquiti Defendants' knowledge and dealt unjustly in the activity that it now complains of. Furthermore, Plaintiff, rather than inform Ubiquiti Defendants immediately upon learning of alleged unauthorized uses via spyware, purposefully delayed filing the complaint against Ubiquiti Defendants for three years so that it could enlarge the time period over which Plaintiff could claim damages under its asserted claims.

## Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver because Plaintiff's conduct subsequent to the evaluation agreement shows Plaintiff knowingly relinquished any right to seek timely relief for the alleged acts. Namely, by waiting three years to file a complaint against Ubiquiti Defendants, Plaintiff demonstrated an intentional relinquishment of those rights with knowledge of those rights and an intent to relinquish them.

## Fourth Affirmative Defense

Plaintiff is barred from recovery of damages because Ubiquiti Defendants were not aware and had no reason to believe that the alleged acts constituted violations of 17 U.S.C. § 1201 when Synopsys entered into a valid evaluation license agreement with Ubiquiti that permitted access to Synopsys' software.

## Fifth Affirmative Defense

Plaintiff is barred from recovery of damages because it failed to take reasonable steps to mitigate its actual damages or statutory damages per alleged act of circumvention. Namely, Plaintiff became aware of the facts that purportedly form the basis of the claims against Ubiquiti Defendants as early as late 2013 or early 2014, and yet Plaintiff waited until May 2016 to take efforts reasonably available to it to mitigate its harm.

38

**Sixth Affirmative Defense**

Plaintiff is barred from recovery of damages because it acquiesced to Ubiquiti Defendant's use of its software. Namely, Plaintiff became aware of the facts that purportedly form the basis of the claims against Ubiquiti Defendants as early as late 2013 or early 2014, and yet Plaintiff waited until May 2016 to contact Ubiquiti regarding Ubiquiti's alleged use of its software.

Dated: June 21, 2018

JENNIFER LEE TAYLOR
RICH S.J. HUNG
JOYCE LIOU
AMANDA D. PHILLIPS
MORRISON & FOERSTER LLP

By: _/s/ Jennifer Lee Taylor_
JENNIFER LEE TAYLOR

*Attorneys for Ubiquiti*
*Defendants/Counterclaimants*
UBIQUITI NETWORKS, INC.,
UBIQUITI NETWORKS *and*
INTERNATIONAL LIMITED

39