1  DENISE M. MINGRONE (STATE BAR NO. 135224)
   dmingrone@orrick.com
2  ROBERT L. URIARTE (STATE BAR NO. 258274)
   ruriarte@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025-1015
   Telephone:   +1 650 614 7400
5  Facsimile:   +1 650 614 7401

6  CLAUDIA WILSON FROST (*Pro Hac Vice*)
   cfrost@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   609 Main Street, 40th Floor
8  Houston, TX  77002-3106
   Telephone:   +1 713 658 6460
9  Facsimile:   +1 713 658 6401

10 Attorneys for Plaintiff
   SYNOPSYS, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UBIQUITI NETWORKS, INC., UBIQUITI NETWORKS INTERNATIONAL LIMITED, CHING-HAN TSAI, and DOES 1-20, inclusive,<br><br>　　　　　　　Defendants.<br><br>UBIQUITI NETWORKS, INC. AND UBIQUITI NETWORKS INTERNATIONAL LIMITED,<br><br>　　　　　　　Counterclaimants,<br><br>　　v.<br><br>SYNOPSYS, INC.,<br><br>　　　　　　　Counterdefendant. | Case No. 3:17-cv-00561-WHO<br><br>**DECLARATION OF DENISE M. MINGRONE IN SUPPORT OF SYNOPSYS, INC.'S MOTION FOR SANCTIONS FOR SPOLIATION**<br><br>Date:　November 7, 2018<br>Time:　2:00 p.m.<br>Dept:　Courtroom 2, 17th Floor<br>Judge:　Hon. William H. Orrick |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

MINGRONE DECL. ISO SYNOPSYS, INC.'S
MOTION FOR SANCTIONS
3:17-CV-00561-WHO

I, Denise M. Mingrone, declare as follows:

1. I am a member of the California State Bar, admitted to practice before this Court, and am a partner at the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record for Plaintiff Synopsys, Inc. ("Synopsys") in this matter. I have personal knowledge of the facts stated in this declaration, except as to those facts stated on information and belief, which I believe to be true. I could and would testify competently to the matters stated herein.

2. Synopsys sought to secure Defendants' compliance with its discovery obligations without Court intervention, but unfortunately Synopsys was unable to do so. For example, Synopsys served discovery requests, sent follow-up letters, and sought Court assistance from Magistrate Judge Beeler to obtain evidence that is subject to Synopsys' Motion for Sanctions, as outlined in the Synopsys Discovery Timeline attached hereto as **Exhibit F**.

3. Synopsys outlined the allegations that form much of the factual bases for its Motion for Sanctions in its Third Amended Complaint (ECF No. 211) and the Motion for Leave to File Third Amended Complaint (ECF No. 187-11, Ex. UU).

4. I emailed Ubiquiti's and UNIL's lead counsel, Ms. Taylor, about Synopsys' plan to file a motion for sanctions on July 3, 2018. Ms. Taylor and I subsequently corresponded about the motion on July 13 and July 17, during which correspondence the parties agreed that there was no deadline to file the Motion for Sanctions.

5. Attached hereto as **Exhibit A** is a true and correct copy of an email chain between Hartley Nisenbaum and Josh Huang dated June 8, 2018 regarding Mr. Huang's termination from Ubiquiti, produced in this matter as UBNT00136540-UBNT00136542. **[FILED PROVISIONALLY UNDER SEAL]**

6. Included as **Exhibit B** is a true and correct copy of a document titled "SNPS00000001.csv" which constitutes Synopsys' "call-home" data produced in this matter as SNPS00000001. Due to the size and electronic format of the exhibit, it has been filed manually with the court pursuant to Synopsys' Manual Filing Notification (ECF No. 240). **[FILED PROVISIONALLY UNDER SEAL]**

7. Attached hereto as **Exhibit C** is a true and correct copy of excerpts from the

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

MINGRONE DECL. ISO SYNOPSYS, INC.'S
MOTION FOR SANCTIONS
3:17-CV-00561-WHO

deposition of Rajendra Kundapur taken in this matter on February 2, 2018.  **[FILED PROVISIONALLY UNDER SEAL]**

8. Included as **Exhibit D** is a true and correct copy of the Initial Report of Daniel E. Roffman and Appendices A-AT thereto, Synopsys' computer forensics expert, served in this matter on August 3, 2018.  Due to the size and electronic format of the exhibit, it has been filed manually with the court pursuant to Synopsys' Manual Filing Notification (ECF No. 240).  **[FILED PROVISIONALLY UNDER SEAL]**

9. Attached hereto as **Exhibit E** is a true and correct copy of excerpts from Defendant Ubiquiti Networks, Inc.'s Amended Response to Synopsys, Inc.'s Second Set of Interrogatories, served in this matter on July 9, 2018.  **[FILED PROVISIONALLY UNDER SEAL]**

10. Attached hereto as **Exhibit G** is a true and correct copy of excerpts from Defendant Ubiquiti Networks International Limited's Third Amended Responses to Synopsys, Inc.'s Second Set of Interrogatories, served in this matter on July 27, 2018.  **[FILED PROVISIONALLY UNDER SEAL]**

11. Attached hereto as **Exhibit H** is a true and correct copy of Defendant Ching-Han Tsai's Objections and Response to Synopsys Inc.'s Second Set of Interrogatories, served in this matter on March 2, 2018.  **[FILED PROVISIONALLY UNDER SEAL]**

12. Attached hereto as **Exhibit I** is a true and correct copy of excerpts from the Expert Report of Dr. Stephen Edwards, Synopsys' source code expert, served in this matter on August 3, 2018.  Synopsys has provided excerpts due to the volume of the report and small number of pages cited, but can provide the entire report should the Court desire.  **[FILED PROVISIONALLY UNDER SEAL]**

13. Attached hereto as **Exhibit J** is a true and correct copy of excerpts from the deposition transcript of Daniel E. Roffman taken in this matter on September 5, 2018.  **[FILED PROVISIONALLY UNDER SEAL]**

14. Attached hereto as **Exhibit K** is a true and correct copy of excerpts from the deposition transcript of Rajendra Kundapur taken in this matter on July 18, 2018.  **[FILED**

**PROVISIONALLY UNDER SEAL]**

15. Attached hereto as **Exhibit L** is a true and correct copy of excerpts from the Expert Report of James E. Malackowski, Synopsys' damages expert, served in this matter on August 3, 2018 and subsequently updated with the edits from Mr. Malackowski's errata interlineated. Synopsys can provide the original report and errata without the edits interlineated should the Court desire. Additionally, Synopsys has provided excerpts due to the volume of the report and small number of pages cited, but can provide the entire report should the Court desire.

16. Attached hereto as **Exhibit M** is a true and correct copy of excerpts from the Amended Expert Report of Dr. Stuart G. Stubblebine Regarding Licensing, Call-Home, and Related Functionality Within Synopsys, Inc.'s Electronic Design Automation Tools, Ubiquiti's source code expert, served in this matter on August 6, 2018. Synopsys has provided excerpts due to the volume of the report and small number of pages cited, but can provide the entire report should the Court desire. **[FILED PROVISIONALLY UNDER SEAL]**

17. Attached hereto as **Exhibit N** is a true and correct copy of an instant messaging conversation between Sheng-Feng Wang and Ching-Han Tsai dated May 17, 2016, produced in this matter as UBNT00021344.

18. Attached hereto as **Exhibit O** is a true and correct copy of Ubiquiti Networks, Inc.'s FQ1 2017 Earnings Call Transcript, produced in this matter as SNPS00014075-SNPS00014082.

19. Attached hereto as **Exhibit P** is a true and correct copy of a certified translation of Skype chat messages between Ching-Han Tsai and Ya-Chau Yang marked as Exhibit 115 to the deposition of Ching-Han Tsai in this matter. **[FILED PROVISIONALLY UNDER SEAL]**

20. Attached hereto as **Exhibit Q** is a true and correct copy of excerpts from the deposition of William Bergman taken in this matter on April 4, 2018.

21. Attached hereto as **Exhibit R** is a true and correct copy of an Evaluation Agreement between Ubiquiti Networks, Inc. and Synopsys, Inc. dated November 26, 2013, produced in this matter as SNPS00000221-SNPS00000223.

22. Attached hereto as **Exhibit S** is a true and correct copy of an email from Eric Chen

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

MINGRONE DECL. ISO SYNOPSYS, INC.'S
MOTION FOR SANCTIONS
3:17-CV-00561-WHO

of ITCA to Robert Pera, Hayley Nivelle, and Hartley Nisenbaum dated May 10, 2016 transmitting a letter titled "Re: SYNOPSYS Software Infringement" (the "ITCA Notice"), produced in this matter as UBNT00019677-UBNT00019680. **[FILED PROVISIONALLY UNDER SEAL]**

23. Attached hereto as **Exhibit T** is a true and correct copy of an email chain between Huub van Buchem of ITCA and Hartley Nisenbaum of Ubiquiti dated August 5, 2016 regarding the ITCA notice, produced in this matter as UBNT00019469-UBNT00019492. **[FILED PROVISIONALLY UNDER SEAL]**

24. Attached hereto as **Exhibit U** is a true and correct copy of an email chain between Huub van Buchem of ITCA and Hartley Nisenbaum of Ubiquiti dated June 20, 2016 regarding the ITCA notice, produced in this matter as UBNT00019449-UBNT00019461. **[FILED PROVISIONALLY UNDER SEAL]**

25. Attached hereto as **Exhibit V** is a true and correct copy of excerpts from Synopsys, Inc.'s First Set of Requests for Production to Ubiquiti Networks, Inc. (Nos. 1-73), served in this matter on May 12, 2017.

26. Attached hereto as **Exhibit W** is a true and correct copy of excerpts from Synopsys, Inc.'s First Set of Requests for Production to Ubiquiti Networks International, Limited (Nos. 1-73), served in this matter on May 12, 2017.

27. Attached hereto as **Exhibit X** is a true and correct copy of Synopsys, Inc.'s First Set of Requests to Ubiquiti Networks, Inc. to Permit Inspection and Copying of Electronically Stored Information and Tangible Things, served in this matter on September 8, 2017.

28. Attached hereto as **Exhibit Y** is a true and correct copy of Synopsys, Inc.'s First Set of Requests to Ubiquiti Networks International Limited to Permit Inspection and Copying of Electronically Stored Information and Tangible Things, served in this matter September 8, 2017.

29. Attached hereto as **Exhibit Z** is a true and correct copy of an email chain between Hartley Nisenbaum and James Lian dated June 5, 2018 regarding Mr. Lian's termination from Ubiquiti, produced in this matter as UBNT00136539. **[FILED PROVISIONALLY UNDER SEAL]**

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

MINGRONE DECL. ISO SYNOPSYS, INC.'S
MOTION FOR SANCTIONS
3:17-CV-00561-WHO

| | |
|---|---|
| 1 | 30. Attached hereto as **Exhibit AA** is a true and correct copy of an email from Hartley |
| 2 | Nisenbaum to Ching-Han Tsai dated June 5, 2018 regarding Mr. Tsai's termination from |
| 3 | Ubiquiti, produced in this matter as UBNT00136452. **[FILED PROVISIONALLY UNDER** |
| 4 | **SEAL]** |
| 5 | 31. Attached hereto as **Exhibit BB** is a true and correct copy of an email from Hartley |
| 6 | Nisenbaum to Ya-Chau Yang dated June 5, 2018 regarding Mr. Yang's termination from |
| 7 | Ubiquiti, produced in this matter as UBNT00136456. **[FILED PROVISIONALLY UNDER** |
| 8 | **SEAL]** |
| 9 | 32. Attached hereto as **Exhibit CC** is a true and correct copy of an email from Hartley |
| 10 | Nisenbaum to Chang-Ching Yang dated June 5, 2018 regarding Mr. Yang's termination from |
| 11 | Ubiquiti and a proposed consulting opportunity, produced in this matter as UBNT00136451. |
| 12 | **[FILED PROVISIONALLY UNDER SEAL]** |
| 13 | 33. Attached hereto as **Exhibit DD** is a true and correct copy of excerpts from the |
| 14 | deposition transcript of Ching-Han Tsai, taken in this matter on April 15, 2018. **[FILED** |
| 15 | **PROVISIONALLY UNDER SEAL]** |
| 16 | 34. Attached hereto as **Exhibit EE** is a true and correct copy of excerpts from the |
| 17 | deposition transcript of Sheng-Feng Wang, taken in this matter on April 13, 2018. **[FILED** |
| 18 | **PROVISIONALLY UNDER SEAL]** |
| 19 | 35. Attached hereto as **Exhibit FF** is a true and correct copy of excerpts from the |
| 20 | Rebuttal Report of Kevin Faulkner, Ubiquiti's computer forensics expert, served in this matter on |
| 21 | August 24, 2018. Synopsys has provided excerpts due to the volume of the report and small |
| 22 | number of pages cited, but can provide the entire report should the Court desire. **[FILED** |
| 23 | **PROVISIONALLY UNDER SEAL]** |
| 24 | 36. Attached hereto as **Exhibit GG** is a true and correct copy of excerpts from the |
| 25 | deposition transcript of Hartley Nisenbaum, taken in this matter on April 25, 2018. |
| 26 | 37. Attached hereto as **Exhibit HH** is a true and correct copy of excerpts from the |
| 27 | deposition transcript of Kevin Radigan, taken in this matter on April 27, 2018. |
| 28 | 38. Attached hereto as **Exhibit II** is a true and correct copy of an instant messaging |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

MINGRONE DECL. ISO SYNOPSYS, INC.'S
MOTION FOR SANCTIONS
3:17-CV-00561-WHO

conversation between Ching-Han Tsai and Hua-Lin Hsu dated May 13, 2016, produced in this matter as UBNT00021630. **[FILED PROVISIONALLY UNDER SEAL]**

39. Attached hereto as **Exhibit JJ** is a true and correct copy of excerpts from the 30(b)(6) deposition transcript of Ubiquiti Networks, Inc. and Ubiquiti Networks International Limited through its designee Scott Kinnersley, taken in this matter on June 26, 2018. **[FILED PROVISIONALLY UNDER SEAL]**

40. Attached hereto as **Exhibit KK** is a true and correct copy of an email from Ching-Han Tsai to Andre Lee, James Lian, and Josh Huang forwarding an email from Hartley Nisenbaum regarding the ITCA Notice dated May 11, 2016, produced in this matter as UBNT00014562-UBNT00014563. **[FILED PROVISIONALLY UNDER SEAL]**

41. Attached hereto as **Exhibit LL** is a true and correct copy of excerpts from the 30(b)(6) deposition transcript of Ubiquiti Networks International Limited through its designee Kevin Radigan, taken in this matter on July 10, 2018.

42. Attached hereto as **Exhibit MM** is a true and correct copy of a webpage from the CCleaner website titled *Can data cleaned by CCleaner be recovered?*, available at https://www.ccleaner.com/docs/ccleaner/introducing-ccleaner/can-data-cleaned-by-ccleaner-be-recovered.

43. Attached hereto as **Exhibit NN** is a true and correct copy of a webpage from the AVG website titled *Using AVG Shredder*, available at https://support.avg.com/SupportArticleView?l=en&urlname=What-is-AVG-File-Shredder-and-how-to-use-it.

44. Attached hereto as **Exhibit OO** is a true and correct copy of Ubiquiti and UNIL's Opposition to Synopsys' Motion for Leave to File Third Amended Complaint (ECF No. 195).

45. Attached hereto as **Exhibit PP** is a true and correct copy of the Declaration of Hartley Nisenbaum in Support of Ubiquiti and UNIL's Opposition to Synopsys' Motion for Leave to File Third Amended Complaint (ECF No. 195-9).

46. Attached hereto as **Exhibit QQ** is a true and correct copy of Ubiquiti and UNIL's Answer to Third Amended Complaint (ECF 221).

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

MINGRONE DECL. ISO SYNOPSYS, INC.'S
MOTION FOR SANCTIONS
3:17-CV-00561-WHO

| | |
|---|---|
| 1 | 47. Attached hereto as **Exhibit RR** is a true and correct copy of Judge Beeler's January 29, 2018 Order that Taiwanese Computers are Not Per Se Outside the Scope of Discovery (ECF No. 123). |
| 4 | 48. Attached hereto as **Exhibit SS** is a true and correct copy of Ubiquiti, UNIL, and Tsai's Brief in Opposition to Synopsys' Requests for Inspection (ECF No. 105). |
| 6 | 49. Attached hereto as **Exhibit TT** is a true and correct copy of the Declaration of Ching-Han Tsai in Support of Defendants' Opposition to Synopsys' Requests for Inspection (ECF No. 105-5). |
| 9 | 50. Attached hereto as **Exhibit UU** is a true and correct copy of Synopsys' Motion for Leave to File Third Amended Complaint (ECF No. 187-11). |
| 11 | 51. Attached hereto as **Exhibit VV** is a true and correct copy of the parties' Joint Letter Brief Regarding Synopsys' Motion to Compel Forensic Inspection (ECF No. 99). |
| 13 | 52. Attached hereto as **Exhibit WW** is a true and correct copy of Judge Beeler's Order on Discovery Disputes Regarding Forensic Inspections of Defendants' Computers (ECF No. 136). |
| 16 | 53. Attached hereto as **Exhibit XX** is a true and correct copy of Judge Beeler's Standing Order (ECF No. 104-1). |
| 18 | 54. Attached hereto as **Exhibit YY** is a true and correct copy of the Declaration of Sahin Nazarian in Support of Defendants' Opposition to Synopsys' Requests for Inspection (ECF No. 105-1). |
| 21 | 55. Attached hereto as **Exhibit ZZ** is a true and correct copy of an email chain between Ching-Han Tsai and Sheng-Feng Wang dated December 2, 2014 regarding remote installation of tools on Wang's laptop, produced in this matter as UBNT00021358-UBNT00021360. **[FILED PROVISIONALLY UNDER SEAL]** |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 3rd day of October, 2018 at Menlo Park, California.

*/s/ Denise M. Mingrone*
DENISE M. MINGRONE

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

MINGRONE DECL. ISO SYNOPSYS, INC.'S
MOTION FOR SANCTIONS
3:17-CV-00561-WHO